**EPPSTEINER & FIORICA ATTORNEYS, LLP**
Stuart M. Eppsteiner (State Bar No. 098973)
Andrew J. Kubik (State Bar No. 246902)
12555 High Bluff Dr., Ste. 155
San Diego, CA  92130
Tel. (858) 350-1500
Fax (858) 350-1501
sme@eppsteiner.com
ajk@eppsteiner.com

Counsel for Plaintiffs and the Class

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIANA TAIT and NANCY WENTWORTH, individually and on behalf of all others similarly situated, <br><br> PLAINTIFFS, <br><br> vs. <br><br> BSH HOME APPLIANCES CORPORATION, a Delaware Corporation, <br><br> DEFENDANT. | Case No. SACV10-711 CJC(ANx) <br><br> **CORRECTED FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **[Jury Trial Demanded]** <br><br> *Case Assigned to:* **BY FAX** <br><br> District Judge:  Cormac J. Carney <br> Discovery Magistrate Judge: Arthur Nakazato |

Plaintiffs Diana Tait ("Ms. Tait") and Nancy Wentworth ("Ms. Wentworth") (jointly referred to as "Consumer Representatives") by and through their undersigned counsel, individually and on behalf of all others similarly situated ("The Class" or the "Class" (The Class and Consumer Representatives jointly are referred to as "Plaintiffs")), allege the following facts and claims upon personal knowledge and upon information and belief as to all other matters as follows.

## INTRODUCTION

1.     Plaintiffs bring this class action on behalf of themselves and all others similarly situated against Defendant, BSH Home Appliances Corporation ("Defendant," "Bosch" or

1  "Siemens"), seeking damages, restitution, a constructive trust, and injunctive relief for the

2  proposed Classes as defined herein.

3      2.    This action is brought to remedy violations of law in connection with Defendant's

4  design, manufacture, sales, performance, servicing and warranting of its Horizontal Axis/Front-

5  Loading Automatic Clothes Washers, including, but not limited to, Bosch Axxis, Nexxt, and

6  Vision Models, and Siemens ultraSense and ultraStack models (hereinafter collectively referred to

7  as "Washing Machine(s)" or "Machine(s)"). The Bosch and Siemens Washing Machines' relevant

8  design, parts, pieces, operation and materials are the same. The only differences in the Washing

9  Machines are minor and not related to, arising from, or the cause or effect of the defects at issue in

10  this case.

11      3.    The North American washing machine market today is comprised of both vertical

12  (top-loading) and horizontal axis (front-loading) washing machines. Historically, North American

13  consumers purchased vertical axis washing machines, which as part of their regular operation clean

14  and rid themselves of suds, detergent, softener, waste water, and bioorganic material; as a result of

15  the foregoing, vertical axis machines effectively "self-clean." Consumer expectations, habits and

16  practices are based on decades of using vertical axis washing machines that effectively self clean.

17  The Washing Machines do not effectively self clean, but instead they cause Biofilm (defined

18  below) to be deposited throughout the Washing Machines, which foster and cause bioorganic

19  material to develop inside of them and emit Foul Odors (defined below).

20      4.    The Foul Odors are a proof of the actual problem; the Washing Machines fail to self

21  clean. As a result, detergent, fabric softeners, suds, skin, hair, oils, soils, and lint combine to form

22  a filmy substance referred to as "Biofilm" that develops within the Washing Machines in places

23  where consumers cannot remove it. Bacteria, mold, fungus, and bioorganic material begin to feed

24  and grow on and become incorporated into the Biofilm ("Mold Problem") and within a short time

25  after the Machines are put to use the Mold Problem produces offensive odors experienced by

26  Plaintiffs ("Foul Odors").

27

28

2

CORRECTED FIRST AMENDED COMPLAINT

5.      Bosch did not, and does not provide, either prior to or at the time of purchase, any information to the Consumer Representatives or the Class members regarding the Washing Machines' propensity to accumulate Biofilm and develop Foul Odors and the Mold Problem.

6.      The Washing Machines' many defects, when used as Bosch recommends, cause the inevitable accumulation of Biofilm, and development of Foul Odors and the Mold Problem.  These many defects include, among other things, the failure of the Washing Machines to: 1) properly drain water and to evaporate, dissipate and eliminate lingering heat, humidity, and moisture; 2) remove detergent, fabric softener, lint, oils, suds, and soils, present during the washing cycles sufficiently to prevent the development and accumulation of Biofilm on different parts of and surfaces within the Washing Machines, including on the interior surfaces of a) the Tub (defined below), b) the Basket (defined below), c) the Basket Support Arm (defined below), d) the area near and around the sump and pump components, and e) the gasket which interfaces the Basket and the door of the Washing Machines and that retains water and moisture following the completion of the Washing Machines' cycles, 3) prevent the accumulation of Biofilm, which contributes to the Mold Problem when detergent and fabric softener are used in the amounts instructed and recommended by Defendant; 4) have dispenser compartments that communicate the amount of detergent and fabric softener that consumers should use, or prevent consumers from using too much detergent or fabric softener, so that the amount of detergent and fabric softener cause Biofilm and the Mold Problem; 5) to have materials made with sufficient or appropriate anti-microbial or similar additives to reduce the growth of bioorganic matter that develops and lives on parts of the Washing Machines that come in contact with wash water and/or wash waste water; 6) to revert the air in the interior of the Tub (defined below) and Basket (defined below) to the ambient humidity of the room in which the Washing Machines are located within sufficient time following a wash cycle; and 7) clean themselves of Biofilm and the Mold Problem, including, but not limited to, the parts described in (2)(a-e) of this paragraph. (The defects described in paragraph 6 (1-7) are cumulatively hereafter referred to as the "Defects.")

3

CORRECTED FIRST AMENDED COMPLAINT

7.    As a result of these enumerated failures, the Washing Machines do not satisfy the purpose for which they were purchased; e.g. to clean clothes, towels, bedding, and other washable items (hereinafter collectively referred to as "Clothes") and make Clothes smell fresh and clean.

8.    Plaintiffs assert claims on behalf of themselves and a Nationwide Class for violations of Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and unjust enrichment ("Nationwide Class").

9.    In addition, and in the alternative, to a Nationwide Class, Plaintiff Wentworth asserts claims on behalf of a California Class for breach of express written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301- 2312, *et seq.* ("MMWA"), and breach of express and implied warranties, which include express and implied warranties based on California common law, the California Commercial Code §§ 2313 and 2314, and the Song-Beverly Act, Cal. Civ. § 1790 *et seq.* ("Song-Beverly") ("California Class").

10.    In addition to, and in the alternative to a Nationwide Class, Plaintiff Tait asserts claims on behalf of an Illinois Class for violation of The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and breach of express written warranty under the MMWA ("Illinois Class") (The Nationwide Class, California Class and Illinois Class are cumulatively referred to as the "Classes").

## THE PARTIES

### Plaintiffs

11.    Plaintiff Nancy Wentworth is a citizen of California and resides in San Diego, California.  On or about February 20, 2008, Plaintiff Wentworth purchased a Bosch Nexxt DLX Washing Machine (Model No. WFMC4301UC/12; Serial No. 858020084486000175) from Pacific Sales through one of its stores located in San Diego, California.  Within several months of owning and operating the Washing Machine under normal household conditions, and as recommended by Bosch, the Washing Machine accumulated Biofilm, and developed Foul Odors and the Mold Problem.  Wentworth notified Bosch of the Mold Problem within two years of her date of purchase of the washer.

4

CORRECTED FIRST AMENDED COMPLAINT

78939

12.    Plaintiff Wentworth purchased a Bosch Machine and used it for its intended purpose and as recommended and instructed by Bosch.  Plaintiff Wentworth experienced and continues to experience the accumulation of Biofilm, Foul Odors, and the Mold Problem in her Washing Machine and on Clothes washed in her Washing Machine.  Plaintiff provided Bosch with pre-suit notice of her problems with Biofilm and the Mold Problem in her Machine and followed actions Bosch recommended to avoid and eliminate Biofilm, Foul Odors, and the Mold Problem. Bosch replaced the door gasket in Wentworth's Washing Machine on January 19, 2010; however Ms. Wentworth's Washing Machine continues to have Biofilm, Foul Odors and the Mold Problem.

13.    Indeed, on June 17, 2010, Bosch, through its employee and counsel, visually inspected and operated Ms. Wentworth's machine. This event happened within six months of Bosch's replacement of the Machine's door gasket.  By June 17, 2010 Ms. Wentworth's Machine was inundated with the Mold Problem and the Foul Odors.  The following photos depict the Mold growth on the recently-replaced door gasket.

**Photo 1: Washer with Door Closed**          **Photo 2: Washer with Door Open**




CORRECTED FIRST AMENDED COMPLAINT

**Photo 3: Mold Inside Gasket, Right Side**



**Photo 4: Mold Inside Gasket, Right Side Close Up**



**Photo 5: Mold Inside Gasket, Left Side**



**Photo 6: Mold Inside Gasket, Left Side Close Up**



14.     Plaintiff Diana Tait is a citizen of Illinois and resides in Norridge, Illinois.  On or about July 19, 2005, Plaintiff Tait purchased a Bosch Nexxt Washing Machine (Model No. WFMC3200UC/01; Serial No. 8506903195) from an ABT Electronics & Appliances store located in Illinois.  Within several months of owning and operating the Machine under normal household conditions, and as recommended by Bosch, the Washing Machine accumulated Biofilm and developed Foul Odors and the Mold Problem.  Plaintiff Tait notified Bosch of the Mold Problem and Foul Odors within two years of her date of purchase of the washer.

15.     Plaintiff Tait purchased a Bosch Washing Machine and used it for its intended purpose and as recommended and instructed by Bosch.  Bosch replaced the door gasket in Ms. Tait's Washing Machine; however her Washing Machine continues to have Biofilm, the Mold Problem and the Foul Odors.

**Defendant**

16.     BSH Home Appliances Corporation is a Delaware corporation and maintains its principal place of business at 5551 McFadden Avenue, Huntington Beach, California 92649 where its Washing Machine design team, executive offices, and sales, marketing, finance, logistics, information technology, human resources and customer support departments are located.  When members of the proposed Nationwide, California, and Illinois Classes call the warranty service telephone number disseminated by Defendant, they speak with BSH Home Appliances Corporation employees located in Huntington Beach, California, who as a pattern and practice deny Class members' warranty claims.

17.     BSH Home Appliances Corporation is a wholly-owned subsidiary of BSH Bosch and Siemens Home Appliances Group based in Munich, Germany.  Bosch is the third largest manufacturer of "high-end" appliances and sells its products in the United States under the Bosch, Siemens, Thermador and Gaggenau brands.  Bosch & Siemens Washing Machines are manufactured in New Bern, North Carolina.

**JURISDICTION AND VENUE**

18.     This Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which the members of the proposed Classes and Defendant are citizens of different states.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this district and is a resident of this judicial district, and a substantial part of the events or omissions giving rise to the Plaintiffs claims took place within this district.

**FACTUAL BACKGROUND**

20.     Defendant is in the business of manufacturing, producing, distributing, and/or selling front-loading Washing Machines throughout the United States under the brand names Bosch and Siemens.  The Washing Machines sold under both brands are substantially identical, and Plaintiff is informed and believes both brands of the Washing Machines are and were manufactured in the same facilities.

21.     Bosch manufactured, produced, and/or distributed Washing Machines for sale by its network of authorized dealers including several leading retailers in the United States, such as ABT, Best Buy, Lowe's, Pacific Sales, Sears, and other large retail chains.  Bosch and Siemens model Washing Machines are sold at retail for $600 to over $1500.

**Breach of Express and Implied Warranties**

22.     Defendant provided the same express written warranties ("Warranty" or "Warranties") for both Bosch and Siemens branded Washing Machines as follows:

"Warranties provided by BSH Home Appliances ("Bosch"/"Siemens")"

**STATEMENT OF WARRANTIES FOR BOSCH [/SIEMENS] CLOTHES WASHERS**

| LENGTH OF WARRANTY | SCOPE OF WARRANTY |
|---|---|
| 1 Year Full Limited Warranty From Date of Installation* | Bosch [/Siemens] will repair or replace, free of charge, any component part that proves defective under conditions of normal home use, labor and shipping costs included. Warranty repair service must be performed by an authorized Bosch [/Siemens] Service Center (excluded cosmetic parts). |
| 2 Year Limited Warranty From Date of Installation* | Bosch [/Siemens] will provide replacement parts, free of charge, for any component part that proves defective under conditions of normal home use, shipping costs included, |

78939     CORRECTED FIRST AMENDED COMPLAINT

| | labor charges excluded. |
|---|---|
| 2 Year Limited Warranty of Electronics From Date of Installation* | Bosch [/Siemens] will repair or replace, free of charge, any microprocessor or printed circuit board that proves defective under conditions of normal home use for two years from the date of original installation, labor charges excluded. |
| 2 Year Limited Warranty on Motor From Date of Installation* | Bosch [/Siemens] will repair or replace, free of charge, any motor or component part of the motor that proves defective under conditions of normal home use for two years from the date of original installation, labor charges excluded. |
| * Date of installation shall refer to the earlier date the clothes washer is installed or ten business days after the delivery date. | |

22.     Under the Warranty, Bosch is obligated to Plaintiffs 1) to repair defects, including the cost of parts and labor to effect the repairs, for one year from the date of installation; 2) to replace or repair any microprocessor or printed circuit board that proves defective under conditions of normal home use for two years from the date of original installation, labor charges excluded; 3) to provide replacement parts, free of charge, for any component part that proves defective under conditions of normal home use, shipping costs included, labor charges excluded; and 4) to repair or replace, free of charge, any motor or component part of the motor that proves defective under conditions of normal home use for two years from the date of original installation, labor charges excluded.

23.     Plaintiffs relied on the express written warranty and Defendant has failed to satisfy each of the obligations under the express written warranty by not repairing and/or replacing the Washing Machines or the parts therein, which are defective and cause the development and presence of Biofilm, the Mold Problem, and the Foul Odors in the Washing Machines.

24.     As to Bosch Sanitary Models (models that have the "Xxtra Sanitary" or "Sanitary" cycle) Bosch further warranted on its website, and in its Operating Instructions provided with the Washing Machines and available on the Bosch website (https://portal.bsh-partner.com/portal%28bD1kZSZjPTAwOQ==%29/PORTALFRAME.HTM), that the "XXTRA SANITARY" cycle "was specifically designed to eliminate most common household bacterium [sic] while providing gentle treatment of fabrics… hot water is introduced and then the internal heating element heats the water to 167F-174F for a minimum of three minutes.  Clothes will be saturated in the hot water long enough to kill most common household bacterium [sic], yet without causing additional wear and tear to the clothes."  Plaintiff Wentworth and Class members owning

9

CORRECTED FIRST AMENDED COMPLAINT

Bosch Sanitary Models relied on the labels and representations made by Bosch regarding the Washing Machines' ability to sanitize or sterilize Clothes and the Washing Machines themselves. Bosch breached this express warranty because the Washing Machines do not eliminate most common household bacteria inside them; rather they cause Biofilm to be deposited or develop within the plastic tub that houses the basket ("Tub"), on the basket that rotates inside the Tub and in which Clothes are washed ("Basket"), on the metal support that is attached to the backside of basket ("Basket Support Arm") and in and near the sump and pump located within the Washing Machines and on other parts, pieces, material and sections of the Washing Machines; and thereby distribute and spread bacteria and fungus onto Clothes washed in the Washing Machines.

25.     For the Siemens ultraSense models, Bosch warrants in the "Operating Instructions" that accompany the ultraSense models and that are available on the Siemens website[1] and in the Siemens product brochure available on Siemens' website (http://www.siemensappliance.com/pdf/siemens-brochure.pdf) that the "Sanitary170°" cycle "kill[s] 99.99% of most common household bacteria." Class members relied on the labels and representations of Bosch regarding the ability of the Siemens Machines to sanitize or sterilize Clothes and the Washing Machines themselves. Bosch breached this express warranty because the Washing Machines do not kill 99.99% of most household bacteria or sanitize or sterilize themselves or the Clothes washed inside them as shown by the accumulation of Biofilm and the development of Foul Odors and the Mold Problem inside the Washing Machines which in turn deposit bacteria on Clothes washed inside of them.

26.     Any limitations on remedies contained in Defendant's express warranties fail of their essential purpose and are unenforceable with respect to the Mold Problem alleged herein. When Washing Machine owners notify Bosch that their Washing Machines have the Mold Problem, Bosch fails to provide any repairs, replacement of parts, or any other remedy that repairs or replaces the parts and components that cause the existence of Biofilm, the Foul Odors and/or the Mold Problem. For the same reason, to the extent there is any notice requirement imposed by law, notice is excused because Defendant has (and had) actual knowledge of defects in the Washing

---

[1] http://www.siemensappliance.com/Appliances-Laundry-Washing_Washer_ultraSense-Washing Machine_WFXD5202UC_WZ20395_White_Laundry-Pedestal

CORRECTED FIRST AMENDED COMPLAINT

78939

Machines that result in Biofilm, Foul Odors, and the Mold Problem; therefore notice to it has been, is and will be futile, in that Bosch has failed to remove or replace parts, pieces, materials or components that remove Biofilm, the Foul Odors and the Mold Problem and keep Biofilm, Foul Odors, and the Mold Problem from returning to Washing Machines.

27. As part of the sale of each Washing Machine, Defendant warranted, marketed, and advertised that the defective Machines were of merchantable quality fit for the ordinary purpose for which washing machines are used, e.g. to clean Clothes, make them smell appealing, and clean the Washing Machines themselves, and were free from defects, including the accumulation of Biofilm, Foul Odors, the Mold Problem, and damage to Clothes that users attempted to clean by using the Washing Machines.

28. Under California law, all consumer products sold at retail in California are accompanied by the "manufacturer's and retailer's implied warranties" that goods are merchantable. Defendant breached this warranty by not providing any repairs, replacement of parts, or any other remedies that repair or replace the parts and components that cause the existence of Biofilm, the Foul Odors and the Mold Problem after it was notified that the Washing Machines produced Biofilm, the Foul Odors or the Mold Problem.

29. As to those Washing Machine owners to whom Defendant offered to repair or replace a part within their Washing Machines under its express written warranty in response to their complaints of Biofilm, Foul Odors or the Mold Problem, the repair fell short of Defendant's warranty obligations because all Bosch "repairs" failed to remedy the defects in the Machines that caused the development and accumulation of Biofilm, and the development of Foul Odors and/or the Mold Problem. As a result of the foregoing, Washing Machines that Defendant "repaired," after a Washing Machine owner complained of Biofilm, Foul Odors or the Mold Problem, continue to have Biofilm, Foul Odors or the Mold Problem. Despite its legal obligations, and Plaintiff Wentworth's pre-litigation request, Defendant has refused to recall its Washing Machines to repair or replace materials that cause the Defects, or refund all or part of the monies Plaintiffs paid for their Washing Machines.

78939

30.     Finally, while recognizing the scope and magnitude of the problems caused by the Defects, both internally and at conferences with salespeople and national outlets such as Best Buy, Pacific Sales and Lowes, Bosch consistently has denied that its Washing Machines develop Biofilm, Foul Odors or the Mold Problem.

**Misrepresentations and Omissions**

31.     At the most basic level, Defendant fails to disclose the Defects, falsely advertises, and misrepresents the characteristics, benefits, quality, grade, standard, and/or uses of its Washing Machines by representing them as "washer(s)" and "machines that wash," since the Machines fail their most fundamental intended purpose – making things washed in them clean.  Clothes washed in the Washing Machines smell foul due to the fundamental Defects in the Washing Machines, the accumulation of Biofilm, and the development of Foul Odors and the Mold Problem in the Washing Machines.  Defendant represents the Washing Machines are "washers" or "machines that wash" prior to the time of purchases on the Bosch website (http://www.bosch-home.com/us/products/laundry.html),                and                Siemens                website (http://www.siemensappliance.com/Appliances-Laundry-Washing) in the Operating Instructions (available on the websites), and on the Washing Machines themselves and their packaging at the time of purchase in retail stores where the Washing Machines are sold.

32.     Some Bosch models, including most Nexxt and all Vision Series models, including Plaintiff Wentworth's, had and are still shipped from Bosch's control with writings on them that represent that a benefit and quality of the Machines includes the availability of an "XXTRA SANITARY" cycle, and some Bosch Axxis models state on the Washing Machines themselves that the availability of a "Sanitary" cycle ("Bosch Sanitary Models").  In addition, all Siemens ultraSense and ultraStack Washing Machine models state on the Washing Machines themselves the availability of a "Sanitary 170°" cycle and "Sanitary" cycle, respectively.

33.     These representations are untrue because operating a "XXTRA SANITARY" or "Sanitary" cycle using the Bosch Sanitary Models, and/or a "Sanitary 170°" or "Sanitary" cycle in the Siemens ultraSense and ultraStack models does not make the Washing Machines or the Clothes washed in these cycles sanitary, germ free, clean, free of bioorganic material, Biofilm, Foul Odors,

1   or the Mold Problem. Therefore following the operation of the "XXTRA SANITARY", "Sanitary

2   170°", and "Sanitary" cycles, the Washing Machines and Clothes washed in the specified cycles

3   still have the Mold Problem as Biofilm, bioorganic material and the Foul Odors are still present

4   within the Washing Machines and bioorganic material and the Foul Odors are transferred onto,

5   impregnated into, and/or made present on Clothes "washed" in the Washing Machines. Defendant

6   made these misrepresentations about both Bosch Sanitary Models and Siemens ultraSense and

7   ultraStack models on its Bosch and Siemens websites, in Operating Instructions (available on the

8   websites provided above) and the Siemens product brochure (available on the Siemens website

9   http://www.siemensappliance.com/pdf/siemens-brochure.pdf) prior to the time of purchase, as well

10  as on the Bosch Sanitary Models and Siemens ultraSense and ultraStack models themselves at the

11  time of purchase in retail stores where the Washing Machines are sold.

12          34.     Given the continued presence of bioorganic material and Foul Odors following the

13  completion of an "XXTRA SANITARY", "Sanitary 170°", or "Sanitary" cycle, the Bosch Sanitary

14  Models and Siemens ultraSense and ultraStack models do not have the characteristics, benefits,

15  qualities, grade, standard and/or uses that Defendant represents they have. Furthermore, Defendant

16  advertises the Washing Machines with the intent not to sell them as advertised.

17          35.     Defendant further represents, on its website and in its Operating Instructions, that

18  the "XXTRA SANITARY" cycle "was specifically designed to eliminate most common household

19  bacterium [sic] while providing gentle treatment of fabrics... hot water is introduced and then the

20  internal heating element heats the water to 167F-174F for a minimum of three minutes. Clothes

21  will be saturated in the hot water long enough to kill most common household bacterium, yet

22  without causing additional wear and tear to the clothes."

23          36.     This statement is false because sufficient levels of bacteria and/or mold remain in

24  the clothes and the Washing Machines even after using this cycle as evidenced by the Biofilm,

25  Foul Odor, and Mold Problem that develop and accumulate in the Washing Machines and

26  impregnate the Clothes washed in them. This statement is also false and misleading because

27  Defendant omits the material information that Biofilm will accumulate in the Washing Machine as

28  the water heated to 167F-174F, does not come in contact with all surfaces within the Tub and areas

1   adjacent thereto in sufficient quantity, or for adequate duration to eliminate most common

2   household bacteria that develop and accumulate in the Washing Machines.

3       37.     On newer Vision models, Defendant represents, on its website and in the Operating

4   Instructions prior to the time of purchase that the "XxtraSanitary" cycle "heats water to 170F and

5   maintains this temperature for exactly three minutes... killing 99.9% of most common household

6   bacteria" and "Bosch washers have been certified by the NSF to eliminate 99.9% of the most

7   common bacteria when run on the XxtraSanitary cycle, while eliminating any carryover bacteria

8   into future loads."

9       38.     This statement may be true as to the representation that NSF has certified the

10  subject Washing Machine; however, the remainder of the representation is false because Biofilm,

11  Foul Odors and the Mold Problem remain in the Washing Machines; which in fact result in the

12  transfer of bacteria to Clothes washed in a XxtraSanitary cycle such that the Washing Machines do

13  "carry over bacteria into future loads."

14      39.     The immediately-preceding Defendant representation is also false and misleading

15  because Bosch omits the material information that Biofilm will accumulate in the Washing

16  Machine as the water, which is heated to 167F-174F, does not come in contact with all surfaces

17  within the Tub and areas adjacent thereto in sufficient quantity or for sufficient duration to kill

18  99.9% of most common household bacteria that develop and accumulate in the Washing Machine.

19  The failure of the XxtraSanitary cycle to eliminate all bioorganic material in the Tub and adjacent

20  areas of the Washing Machine means that the XxtraSanitary cycle does not prevent "any carryover

21  bacteria into future loads" washed in the Machines.

22      40.     Bosch's statements in the Operating Instructions of its Vision Models and on its

23  website that its XxtraSanitary cycle results in "killing 99.9% of most common household bacteria"

24  and "Bosch washers have been certified by the NSF to eliminate 99.9% of the most common

25  bacteria when run on the XxtraSanitary cycle, while eliminating any carryover bacteria into future

26  loads" is also false because Bosch omits the material information that its "XxtraSanitary" cycle

27  does not eradicate Biofilm in the Washing Machine which in turn leads to the Foul Odors and the

28  Mold Problem even when after using the XxtraSanitary cycle.

CORRECTED FIRST AMENDED COMPLAINT

78939

41.     For the Siemens ultraSense models, Defendant represents, under the "Features and Benefits of Your Washer" section of the Operating Instructions and in its product brochure, both available prior to the time of purchase on its website, that the "Sanitary170°" "kill[s] 99.9% of most common household bacteria."  On the Siemens website, Defendant represents, prior to the time of purchase, under the heading "170° Sanitary Cycle" that "With Siemens, your bedding and towels don't just look clean, they are clean."[2]

42.     These statements are false because bacteria, other bioorganic material and Biofilm remain in the Washing Machines even after running the "Sanitary 170°" cycle as evidenced by the continued presence of Biofilm, Foul Odors and the Mold Problem, and bioorganic material and the Foul Odors that are transferred to Clothes washed in the Washing Machines.

43.     Bosch also fails to inform users prior to and at the time of purchase, and in the "Operating Instructions", which it provides to consumers with the purchase of every Washing Machine and are available on the Bosch and Siemens websites, that even if consumers operate the Washing Machines as instructed, Biofilm, the Foul Odors and the Mold Problem will accumulate and develop in each Washing Machine regardless of the owner's use and maintenance of the Washing Machine, due to the Defects in the Washing Machine.  The Defects render the Washing Machines unusable for the ordinary purpose for which they were advertised, marketed and sold.

44.     In response to consumer complaints about the Mold Problem, after the time of purchase, Defendant's employees recommend that consumers periodically run extra bleach and hot water cleaning cycles, wipe-down the drum and door gasket after each wash, and/or leave the door open between washes  (cumulatively referred to as the "Extraordinary Actions").

45.     As such, Bosch also misrepresents the quality and performance of the Washing Machines prior to and at the time of purchase.  For example, on its website Defendant brags that its Bosch brand of Washing Machines is "the most water and energy efficient brand of full-size, front load washers in the U.S." and promotes the Washing Machines as "High Efficiency." Bosch also

---

[2] http://www.siemensappliance.com/Appliances-Laundry-Washing_Washer_ultraSense-Washing-Machine_WFXD5202UC_WZ20395_White_Laundry-Pedestal.

labels the Washing Machines as "Energy Star"[3] compliant on stickers or placards it places on or in the Washing Machines themselves, and on its product descriptions found on its website.

46.     These representations are false and were known by Bosch to be false when they were made because Bosch recommends to consumers after the point of purchase that they should regularly run extra empty hot-water cycles in an attempt to remedy the Biofilm, Foul Odors, and the Mold Problem in the Washing Machines.  When Washing Machine owners run the extra hot-water cycles, they lose the water and energy efficiency savings that Bosch represented were the benefits and characteristics of owning its Energy Star-compliant Washing Machines.  Effectively Bosch has spoken out of both sides of its mouth.  However, it only speaks, before selling to the public, out of the side that represents the Washing Machines are energy and water efficient, while concealing its knowledge that consumers must regularly run extra empty hot-water cleaning cycles for its Washing Machines to operate as Bosch intends, which cause them to not be as energy or water efficient as represented.

47.     The Extraordinary Actions are not part of normal washing machine ownership. The Extraordinary Actions that Bosch now, post-sale, recommends consumers take to reduce the incidence of Biofilm, the Foul Odors and the Mold Problem, require Washing Machine owners to spend money and time they were not informed, pre-purchase, they would need to spend as part of their ownership of the Washing Machines. The Extraordinary Actions require Washing Machine owners to pay for the additional energy, water, and bleach, or other cleaning agents such as Affresh or Tide Washing Machine Cleaner needed to regularly run hot-water cycles in an attempt to redress the effects of the Defects in the Washing Machines (the additional cost for energy, water and bleach, to perform the Extraordinary Actions is hereafter referred to as the "Undisclosed Additional Operating Expenses").

48.     As a result of Bosch's concealment of the Extraordinary Actions and the resulting Undisclosed Additional Operating Expenses, Washing Machine owners were not provided material

---

[3] ENERGY STAR is a voluntary labeling program designed to identify and promote energy-efficient products through a joint program of the U.S. Environmental Protection Agency and the U.S. Department of Energy. Bosch tests its own Washing Machines and submits its tests results to the U.S. Department of Energy who then applies a standard formula to calculate the energy rating. The tests performed by Bosch do not take account of the empty-hot water and bleach cycles that Bosch recommends Class members run to avoid or remedy the Mold Problem.

CORRECTED FIRST AMENDED COMPLAINT

1   information, known by Bosch, before they decided which brand of washing machine to buy.  The

2   Washing Machines are worth less than the price Plaintiffs and the Class members paid for them, as

3   ownership and operation of the Washing Machines will cost more and/or require more

4   maintenance than the ownership and operation of comparable washing machines.

5   **Bosch's Suggested Remedies and Repairs Do Not Cure The Defects, Are Dangerous, and**

6   **Accelerate the Break-Down of The Machines.**

7        49.     One of the Extraordinary Actions that Bosch recommends its customers perform is

8   wiping dry the door gasket after every wash or using a water and bleach mixture for the purpose of

9   removing Biofilm and bioorganic material that develop on and in the rubber door gasket material.

10  However these recommendations accelerate the deterioration of the door gasket.  Deteriorated

11  rubber door gaskets do not properly seal, thereby causing consumers to spend additional money to

12  replace door gaskets more frequently than they would if they did not have to wipe them with bleach

13  mixtures to mitigate the Biofilm, Foul Odors and Mold Problem.

14       50.     As explained above, Bosch also recommends that complaining Class members run

15  empty cycles of bleach and hot water to try to rid their Machines of Biofilm, Foul Odors, and the

16  Mold Problem.  However, hot water and/or bleach will only kill bacteria and mold with which they

17  come in contact, and will not kill all mold and/or bacteria spores.  Because mold and bacteria

18  establish themselves and survive in parts of the Washing Machines that do not come into contact

19  with water (but receive moisture from the humid air or condensation inside the Washing

20  Machines), and their spores are very resistant to bleach and hot water, the Foul Odors and Mold

21  Problem cannot be eliminated by empty hot water and/or bleach cycles.

22       51.     Bosch recommends to Class Members that they leave the Washing Machine door

23  open between washes to reduce the incidence and affects of Biofilm and the Mold Problem.  Not

24  only does this recommendation not solve or prevent Biofilm, Foul Odors and the Mold Problem, it

25  creates a risk of injury to children and pets.  Indeed, the Consumer Product Safety Commission is

26  investigating the death of a 4 year-old girl who climbed into a front load machine that her younger

27  brother turned on.

28

17
CORRECTED FIRST AMENDED COMPLAINT

52.     Bosch was in exclusive possession of information about the Defects, Biofilm, the Foul Odors, the Mold Problem, and the Undisclosed Additional Operating Expenses which were material to Plaintiffs' decisions to buy the Washing Machines.  Bosch had a duty, under the circumstances, to disclose the Defects, Biofilm, the Foul Odors, the Mold Problem and the Undisclosed Additional Operating Expenses to Plaintiffs prior to their purchases.  Nevertheless, Bosch has failed and refused to warn its customers of the serious Defects inherent in the Washing Machines or to warn them about the Biofilm, the Foul Odors, the Mold Problem and Undisclosed Additional Operating Expenses.  Instead, Bosch has kept silent while uninformed consumers purchased and continue to purchase the defective Washing Machines.

53.     Bosch has also refused, and continues to refuse, to modify the Washing Machines to remove the Defects to eliminate Biofilm, the Foul Odors the Mold Problem and Undisclosed Additional Operating Expenses.  Bosch could eliminate the Defects by altering the Washing Machine's design, how the Washing Machine operates and/or using different parts and/or materials.

54.     In light of Bosch's knowledge of the serious results caused by The Defects in the Washing Machines, Bosch knew, or should have known, when it sold Washing Machines to consumers that they had a value that was substantially less than their expected retail purchase price.

55.     The Consumer Representatives and Class members reasonably expected that the Washing Machines would not contain the Defects.  The presence of the Defects substantially reduce the Washing Machines' value, in that: a) Bosch sold the Washing Machines without the intent to sell them as advertised; b) the Washing Machines do not have uses, benefits and characteristics Bosch represented they would have; and c) are not of the standard, quality or grade Bosch represented.

56.     Further, Bosch's concealment of the Defects and the accumulation of Biofilm, the Foul Odors, the Mold Problem and the Undisclosed Additional Operating Expenses that will result under normal operating conditions were and are a deceptive, unlawful, unfair, and fraudulent business act and practice.  Bosch's concealment of Biofilm, the Foul Odors, the Mold Problem and

CORRECTED FIRST AMENDED COMPLAINT

78939

1 the Undisclosed Additional Operating Expenses means its advertising of the Machines was unfair,

2 deceptive, untrue and misleading.  Plaintiffs also reasonably expected that the Washing Machines

3 would not require extensive and expensive repairs (or the purchase of extended or third party

4 warranties needed to pay for significant costs to continuously attempt to fix problems inherent in

5 the Washing Machines) as a result of the Defects, which were known to Bosch before and at the

6 time the Washing Machines were sold to Plaintiffs.  If Bosch had not misrepresented and

7 concealed material information regarding the defective nature of the Washing Machines, Plaintiffs

8 would not have purchased the Washing Machines at premium prices on the terms offered.

9      57.    Bosch also has profited, either directly or indirectly, by concealing the nature of the

10 Defects because Bosch has been able to convince a large number of consumers to purchase the

11 Washing Machines and to pay for Bosch repair services and replacement parts (from which Bosch

12 earns a profit), such as new door gaskets, to address the Biofilm, Foul Odors, Mold Problem and

13 the Undisclosed Additional Operating Expenses *even though Bosch has no cost-effective remedy*

14 *for the Defects*, knows that replacement parts it offers the Class cannot cure the Defects, and has in

15 fact profited by failing and refusing to correct the Defects in the Washing Machines.

16

17 **Bosch's Knowledge and/or Reckless Disregard of the Defects and Mold Problem**

18      58.    Bosch is aware of the Defects, the accumulation of Biofilm and the development of

19 Foul Odors and the Mold Problem, and the Undisclosed Additional Operating Expenses in or

20 associated with the Washing Machines, and has been for some time.   The Consumer

21 Representatives and many Class members have alerted Defendant to the presence of Biofilm, Foul

22 Odors, the Mold Problem by complaining to Defendant directly and/or to Defendant's authorized

23 retailers and service representatives and/or through the Bosch or Siemens internet web sites.

24      59.    Indeed, the Internet is replete with references and complaints regarding the Washing

25 Machines that mirror allegations in this Complaint.  Relevant excerpts from a sampling of these

complaints are set forth below:

26

27

28

CORRECTED FIRST AMENDED COMPLAINT

78939

| Source | Comments |
|---|---|
| fixya.com<br><br>**Nov 24, 2008**<br><br>http://www.fixya.com/support/t1288980-bosch_nexxt_series_washing_machine_front<br><br>(last accessed 3/31/2010) | **Our front loading washer has a terrible mold issue in the front gasket.** The water doesn't drain completely from the gasket area (the holes are roughly 3/4" above the bottom of the inside front of the gasket) and after each wash I wipe dry the remaining water. I cannot even close the door between washings, it must be left ajar. We were away for a week and my husband had closed the door...needless to say the gasket was covered in mold! Disgusting! **I even have to wipe it down with bleach periodically and that does not even remove all the mold.** I have read on another website other individuals with this problem, but no remedy. Have had the techs from the installer out and they do not know what to do to solve this. Ongoing problem for 2 years and I am sick of it. Please help. Have spoken to Bosch reps who say they have not heard of this problem, just referenced me to another repair company. |
| consumeraffairs.com<br><br>**November 24, 2009**<br><br>http://www.consumeraffairs.com/homeowners/bosch_p4.html<br><br>(last accessed 3/31/2010) | We bought a new Bosch front loading washing machine in 2005 and have problems with it since the beginning. The gasket and spring would pop off and **we have had mold build up in the machine and front window and now everything smells like mold.** |
| Epinions.com<br><br>**Nov 22 2007**<br><br>http://www0.epinions.com/review/pr-Siemens_ultraSenseT_3_7_Cu_Ft_15_Program_Super_Capacity_Washer_White_WFXD5200UC/content_408310615684<br><br>(last accessed 3/31/2010) | I Have a Siemens washer model WFXD5200. I have had this washer for about 2 years. **I have had a problem trying to keep the mold from growing on the door seal.** The washer holds water in the door gasket. This water will sit in the door seal and give the mold a place to grow. **The mold will create an unpleasant smell that can affect the scent of your clean laundry if left in the machine when washing is finished.** I have tried to dry the water in the seal and also leave the door open to let door area air dry. I have been unable to resolve this problem and am not pleased with this washing machine. I will be contacting the manufacturer to see what they will do to remedy this problem. I would like to know if this is common with other buyers and if a solution was offered by the company. I have tried to go to the web site and talk to customer service to see if any solution was available but the web site is not available. **I paid around $1,000 dollars for this machine and feel like this mold problem is a factory defect in the door seal.** |

CORRECTED FIRST AMENDED COMPLAINT

78939

| | |
|---|---|
| consumeraffairs.com<br><br>**March 27, 2010**<br><br>http://www.consumeraffai rs.com/homeowners/bosch .html<br><br>**(last accessed 3/31/2010)** | We purchased a Bosch Next 700 front loading washing machine. **We have had to replace gasket after gasket. All tear at same place. Now we have mold**. Why is no one doing anything about these poorly constructed washers? Water leakage causing mold. Water danger near electric circuits etc... |

60.     As a result of the flurry of consumer complaints regarding the defects that Defendant would not and/or could not remedy, several entrepreneurs created and marketed products designed to treat, eliminate and/or minimize the Foul Odors and Mold Problems caused by the defective Washing Machines. These products include SmellyWasher, NuFreshNow, Tide Washing Machine Cleaner, and Affresh.  Due to the widespread and intractable nature of the Foul Odors and the Mold Problem once they have manifested, these entrepreneurs have sold tens of thousands, if not millions, of their products to consumers. However, all are ineffective in preventing and/or fixing the Defects that cause Biofilm, the Foul Odors, the Mold Problem and the Undisclosed Additional Operating Expenses.  Indeed, these products are but one more Undisclosed Additional Operating Expense.

61.     Defendant failed to adequately design and/or test the Washing Machines to ensure that they were and are free from the Defects that cause Biofilm, the Foul Odors, the Mold Problem and the Undisclosed Additional Operating Expenses.   Before Defendant began selling the Washing Machines in the United States, Defendant knew, or was reckless in not knowing, that they: (a) contained the Defects which are to the Washing Machines' design, programmed operation, parts, pieces, materials, assembly and workmanship; and (b) were not of merchantable quality or fit for their ordinary purpose.

62.     Plaintiffs are informed and believe Defendant acknowledged internally that the Defects causing Biofilm, Foul Odors, and the Mold Problem related to, *inter alia,* Defects in the Washing Machines' design, programmed operation, parts, pieces, materials, assembly and workmanship.

CORRECTED FIRST AMENDED COMPLAINT

78939

63.     Defendant continues to conceal material information, even post-sale, from users, consumers, and the public, through its customer service representatives, that the Washing Machines are: (a) inherently defective; (b) not of merchantable quality or fit for their ordinary purpose; and/or (c) will not produce sanitized or sterilized clothes and cannot be made virtually free of household bacteria, fungus and/or Foul Odors.

64.     Despite having repeated notice of the Defects in its Washing Machines and the reasonable expectations of consumers created by Defendant's marketing of its Washing Machines, Defendant has engaged and continues to engage in the following routine, albeit, wrongful course of conduct, where Defendant:

a)     Designs, manufactures and sells Washing Machines with the Defects that cause Biofilm, the Foul Odors, the Mold Problem and Undisclosed Additional Operating Expenses;

b)     Fails to disclose that the Washing Machines have the Defects that cause Biofilm, the Foul Odors, the Mold Problem and Undisclosed Additional Operating Expenses;

c)     Continues to represent the Washing Machines as "washers", "washing machines," and/or "machines that wash" when they fail to effectively clean themselves, and make Clothes washed in them clean and odor free;

d)     Continues to represent expressly or by necessary implication that the Washing Machines that Plaintiffs purchased were dependable, cost effective, and would provide outstanding cleaning and performance as washing machines when it knew that these statements were false;

e)     Continues to manufacture, market, advertise, distribute, and sell the Washing Machines to consumers when it knew or should have known the Washing Machines were not dependable and would not withstand normal operation;

f)     Fails to disclose to Plaintiffs the substantial risk of Washing Machine failure and that the Defects are present in the Washing Machines;

g)     Fails to disclose the nature of the Defects to consumers;

h)     Fails to disclose the many complaints of Biofilm, the Foul Odors, and the Mold Problem in the Washing Machines that it received from consumers (or the high incidence of attempted but futile repairs of the Washing Machines);

78939

i)      Fails to implement a recall or repair program to adequately announce to Plaintiffs the presence of the Defects, and Biofilm, the Foul Odors, the Mold Problem and Undisclosed Additional Operating Costs caused by the Defects. And fails to provide, without charge to Plaintiffs and Class Members, a solution to remedy and correct the Defects in the Washing Machines;

j)      Fails to disclose to Plaintiffs and Class members that Defendant is not committed to repairs, under its warranties, that would correct and eliminate the defects in materials and workmanship that cause Biofilm, the Foul Odors, the Mold Problem and Undisclosed Additional Operating Costs;

k)      Fails to take action to correct its concealment of material information or false or misleading implied or express representations about the use, benefits, characteristics, standard, quality, grade and performance of its Washing Machines; and

l)      Fails to disclose that despite following its recommended actions for the operation of the Washing Machines found within the Defendant's "Operating Instruction" manual, the Washing Machines will develop Biofilm, the Foul Odors, the Mold Problem and Plaintiffs will incur Undisclosed Additional Operating Expenses.

65.     As a result of Defendant's deceptive conduct and concealment of material information about its Washing Machines, as well as Defendant's other acts and omissions described in this Complaint, Defendant has caused Plaintiffs to suffer injury as a result of the Defects in the Washing Machines, including, but not limited to:

a)      Plaintiffs overpaid for a defective product;

b)      The value of Plaintiffs' Machines is less than it would have been, if the Washing Machines did not have the Defects; and

c)      Plaintiffs reasonably spent money for attempted repairs of the Defects, and other purported remedies, which money they would not have spent but for Defendant's concealment of material information and misrepresentations about the Washing Machines and the efficacy of the altered use or repairs it recommended Plaintiffs perform on their Washing Machines.

66.     If Plaintiffs had known about the Defects in the Washing Machines, and the Biofilm, the Foul Odors the Mold Problem and Undisclosed Additional Operating Expenses

23

CORRECTED FIRST AMENDED COMPLAINT

caused thereby, they would not have paid the significant sums of money that they paid for the Washing Machines.

## CLASS ACTION ALLEGATIONS

67.     Diana Tait and Nancy Wentworth bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

68.     The Classes which the Consumer Representatives seek to represent are defined as follows:

**Nationwide Class**

69.     All persons residing in the United States who purchased, not for resale, a Bosch or Siemens front-load washing machine primarily for personal, family, or household purposes and were harmed by violations of Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), Cal. Civ. Code § *et seq.* ("CLRA") and/or the common law of unjust enrichment.

70.     In addition to, and in the alternative to the claims asserted on behalf of the Nationwide Class, Consumer Representative Wentworth also brings this action on behalf of the following sub-class:

**California Subclass**

71.     All Class members who purchased a Bosch or Siemens front-load washing machine in the State of California primarily for personal, family or household purposes and were harmed in violation of Cal. Civ. Code § 1790 *et seq.* (Song Beverly), Cal. Comm. Code and/or breach of express warranty under the MMWA.

72.     In addition to, and in the alternative to the claims asserted on behalf of the Nationwide Class, Consumer Representative Tait also brings this action on behalf of the following sub-class:

**Illinois Subclass**

73.     All Class members who purchased a Bosch or Siemens front-load washing machine in the State of Illinois and were harmed in violation of the Illinois Consumer Fraud and Deceptive

24
CORRECTED FIRST AMENDED COMPLAINT

78939

1   Business Practices Act, 815 ILCS 505/1, *et seq.*, and/or breach of express warranty under the
2   MMWA.

3          74.    Excluded from the Nationwide Class, California Class, and Illinois Class are (i)
4   Defendant, any entity in which Defendant has a controlling interest or which has a controlling
5   interest in Defendant, and Defendant's legal representatives, predecessors, successors and assigns;
6   (ii) governmental entities; (iii) Defendant's employees, officers, directors, agents, and
7   representatives and their family members; and (iv) the Judge and staff to whom this case is
8   assigned, and any member of the Judge's immediate family.

9   **California's Substantive Laws Appy To The Proposed Nationwide Class**

10         75.    California's substantive laws apply to the proposed Nationwide Class, as defined
11  herein, because Plaintiffs properly bring this Complaint in this District.

12         76.    California's substantive laws may be constitutionally applied to the claims of
13  Plaintiffs and the Nationwide Class under the Due Process Clause, 14th Amend., § 1, and the Full
14  Faith and Credit Clause, Art. IV., § 1, of the U.S. Constitution. California has significant contacts,
15  or a significant aggregation of contacts, to the claims asserted by each Consumer Representative
16  and all Class members, thereby creating state interests that ensure that the choice of California state
17  law is not arbitrary or unfair.

18         77.    Defendant's United States headquarters and principal place of business is located in
19  California. Bosch also owns property and conducts substantial business in California, and therefore
20  California has an interest in regulating Defendant's conduct under its laws. Defendant's decision to
21  reside in California and avail itself of California's laws renders the application of California law to
22  the claims herein constitutionally permissible.

23         78.    California is also the location where Nancy Wentworth and a significant number of
24  Class members were injured by virtue of the misconduct alleged herein. Nancy Wentworth resides
25  in California and bought her Washing Machine in California. A substantial number of members of
26  the proposed Nationwide Class also reside in California and bought Bosch Machines in California.

27         79.    California is also the State from which Defendant's misconduct emanated. This
28  conduct similarly injured and affected the Consumer Representatives and Class members residing
    in the United States. For instance, Defendant's marketing efforts relating to the Washing Machines

were created and orchestrated from its headquarters in California.  More specifically, California has the following significant contacts to the claims of Plaintiffs and Class members:

a)      Defendant's California office serves as the headquarters for its washing machine design team, as well as marketing, sales, and customer support departments in the United States and provides all sales support;

b)      Upon information and belief, all corporate decisions regarding the Washing Machines, and the representations and acts of concealment which are the subject of this lawsuit were directed by, or emanated from, Bosch representatives working in California or directly reporting to superiors situated in California;

c)      Defendant's employees who were involved in and are knowledgeable about the marketing and advertising of Bosch's Machines, executive offices, and sales, marketing, finance, logistics, information technology, human resources and customer support departments are located in California;

d)      When members of the proposed Nationwide Class call the warranty service telephone number listed on the Warranty, they speak with Defendant's employees located at its Huntington Beach, California headquarters who regularly deny Class members' warranty claims; and

e)      In addition to Defendant's California personnel, Germany-based Bosch/Siemens personnel that are involved in matters relevant to this action routinely travel to its California headquarters and are expected to continue to travel to California.

80.     The application of California's laws to the Nationwide Class is also appropriate under California's choice of law rules because California has significant contacts to the claims of Ms. Wentworth and the proposed Nationwide Class, and California has a greater interest in applying its laws here than any other interested states.

81.     This action has been brought and may properly be maintained as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a)   <u>Numerosity</u>.   The Washing Machines were sold and distributed by Defendant throughout the United States.  Plaintiffs are informed and believe that the proposed putative Class is made-up of tens of thousands of customers throughout the United States.

b)   <u>Common Issues Predominate</u>.   Common questions of law and fact exist as to all members of the Class and predominate over any questions which affect only individual members of the Class.  The Washing Machines are all the same and do not differ in any manner that is relevant to Plaintiffs' allegations of Defects, and the damage and harm caused thereby.  Plaintiffs allege herein in greater detail, that the Machines all have the same inherent Defects and that they were defective when made, when they left Defendant's possession and control, and as they now are being used throughout the United States. There is a well-defined community of interest in the questions of law and fact involved and that affect Plaintiffs who purchased the Washing Machines, and they all suffer from inherent and common defects.  These questions of law and fact predominate over questions that affect only individual class members.

The common questions of law and fact include, without limitation:

(1)   Whether the Washing Machines are defective;

(2)   Whether Defendant knew and/or recklessly disregarded the fact that the Washing Machines were and are defective;

(3)   Whether Defendant concealed, and failed to disclose to the Class, material facts from its communications and disclosures to Plaintiffs regarding the Defects, which are inherent in Defendant's Washing Machines;

(4)   Whether Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the sale of the Washing Machines;

(5)   Whether Defendant violated California and Illinois consumer protection statutes;

(6)   Whether Defendant breached express written and/or representative warranties and/or extended warranties;

(7)   Whether Defendant breached its implied warranties;

(8)   Whether Defendant has been unjustly enriched;

CORRECTED FIRST AMENDED COMPLAINT

78939

(9)     Whether, as a result of Defendant's conduct, Plaintiffs have suffered damages; and if so the appropriate amount thereof; and

(10)     Whether, as a result of Defendant's misconduct, Plaintiffs are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

These questions of law and fact predominate over questions that affect only individual Class members and there is a well-defined community of interest in the questions of law and fact involved and that affect the Class.

c) Typicality. The Consumer Representatives' claims are typical of the claims of the Class members in that the Consumer Representatives and Class members have the same Washing Machines, which share the same design, parts, materials, workmanship and manufacture and about which Defendant repeatedly made the same, if not nearly identical, uniform representations and omissions. Therefore the claims of the Consumer Representatives are and will be typical of Class members.

d) The Class is Ascertainable. The Consumer Representatives have adequately defined the Class (All purchasers of the Washing Machines in the United States), as well as the California and Illinois sub-classes so the Court will be able to use the definitions to determine class membership.

e) Adequacy.  The Consumer Representatives will fairly and adequately represent the interests of all Class members.  Consumer Representatives Wentworth and Tait have each purchased a Washing Machine and are adequate representatives of the Class as they have no interests which are adverse to the interests of absent Class members.  The Consumer Representatives have retained counsel with substantial experience and success in the prosecution of complex defective product and consumer protection class action litigation.

f) Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  The disposition of their claims in this case and as part of a single class action lawsuit, rather than thousands of individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent if this matter were handled as hundreds of separate

28

CORRECTED FIRST AMENDED COMPLAINT

78939

1  lawsuits. Furthermore, given the extraordinary expenses and burden in conducting the discovery

2  and presentation of evidence about the inherent defects in the Washing Machines, the burden of

3  individual litigation would make it extremely difficult, if not impossible for individual members of

4  the Class to redress the wrongs asserted herein, while an important public interest will be served by

5  addressing the matter as a class action.  Moreover, separate prosecution by thousands of individual

6  members of the Class would likely establish inconsistent standards of conduct for the Defendant

7  and result in the impairment of and potential harm to, Class members' rights and the disposition of

8  their interests through actions to which they were not parties.  Plaintiffs are informed and believe

9  that a great amount of time and expense will be saved by conducting the discovery and presentation

10  of evidence about the inherent defects in the Washing Machines in a single class action lawsuit, in

11  contrast to the repeated discovery and presentation of evidence in hundreds of separate lawsuits

12  brought on the common questions presented by the allegations of this complaint.  Plaintiffs know

13  of no difficulty that will be encountered in the management of this litigation which would preclude

14  its maintenance as a class action.

### FIRST CAUSE OF ACTION

**Asserted On Behalf Of the Nationwide Class, and Alternatively,
On Behalf of the California Class
(Violations of Cal. Bus. & Prof. Code § 17200 *et seq.*))**

19       82.     The Consumer Representatives repeat and re-allege all prior paragraphs and

20  incorporate them as if fully set forth herein.

21       83.     Defendant has engaged in unfair, unlawful, and fraudulent business acts or practices

22  as set forth above.

23       84.     The Consumer Representatives bring this cause of action on behalf of themselves

24  and the Nationwide Class, or in the alternative, the California Class, pursuant to California

25  Business and Professions Code, §17200, *et seq.*

26       85.     Defendant's conduct constitutes **unfair** business acts and/or practices because

27  Defendant's practices have caused and are likely to cause substantial injury to Plaintiffs which

28  injury is not reasonably avoidable by Plaintiffs in light of Defendant's exclusive knowledge of the

78939

Defects in the Washing Machines, and is not outweighed by the acts' or practices' benefits, if any, to Plaintiffs. Such conduct is ongoing and continues to this date.

86.     Defendant's acts and practices of selling Washing Machines while omitting the material facts that the Washing Machines have a high propensity to accumulate Biofilm, and develop Foul Odors and the Mold Problem, and incur Undisclosed Additional Operating Expenses offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  Furthermore, these acts and practices threaten an incipient violation of antitrust laws and/or consumer protection statutes, or violate the policy and spirit of one of those laws because the effect of the acts and practices are comparable to or the same as a violation of the law or otherwise significantly threaten or harm competition.

87.     Defendant's acts and practices are **unlawful** because they violate California Civil Code §§ 1668, 1709, 1710, 1711. Defendant's acts and practices are also unlawful because they violate the Song-Beverly Act, Civil Code §§ 1790 et seq., the Consumer Legal Remedies Act, Civil Code 1750 et seq., Cal. Commercial Code § 2313, Bus. & Prof. Code § 17500, the common law, and the MMWA.

       i.    Defendant violates Civ. Code § 1668 by attempting to exempt itself from liability for selling defective washers and by unlawfully limiting the warranty period of the washers it knows to be defective.

      ii.   Defendant violates Civ. Code §§ 1709, 1710, 1711 by not disclosing to the public the material fact that the Machines have a high propensity to develop and accumulate Biofilm when used as directed, which in turn causes the development of Foul Odors, the Mold Problem and incurring Undisclosed Additional Operating Expenses.  Defendant knowingly or recklessly concealed or suppressed that its Washing Machines develop Biofilm, the Foul Odors and the Mold Problem as well as the Undisclosed Additional Operating Expenses thereby defrauding Plaintiffs.  Plaintiffs were unaware of the Mold Problem and would have not purchased the Machines, or would paid less for them, had they known of the Mold Problem.  As a result of Defendant's concealment of the Defects and

30

78939

1    resulting problems, Plaintiffs lost money by overpaying for the Washing

2    Machines.

3        iii.    Defendant violates Cal. Bus. & Prof. Code § 17500 as alleged throughout

4                this Complaint and in the Second Cause of Action, incorporated hereto by

5                reference.

6        iv.    Defendant violates Cal. Civ. Code 1790 et seq. and Cal. Comm. Code §§

7                2313 and 2314, the common law, and the MMWA as alleged throughout

8                this Complaint, and in the Fourth, Fifth, and Sixth Causes of Action,

9                incorporated hereto by reference.

10    88.    Defendant's acts and practices are **fraudulent** in that they have deceived and/or are

11    likely to deceive Plaintiffs and members of the consuming public, including the Class.  Defendant

12    knowingly sold Plaintiffs Washing Machines with Design Defects that have rendered the Washing

13    Machines essentially unusable for the purposes for which they were purchased.

14    89.    Plaintiffs relied upon Defendant's unfair, unlawful, and fraudulent business acts

15    and practices - the material misrepresentations, omissions, and non-disclosures – to their detriment.

16    90.    Plaintiffs have suffered injury in fact and have lost money as a result of

17    Defendant's unfair competition in that they have overpaid for the Washing Machines, incurred

18    expenses in attempting to repair the Washing Machines or remedy the Biofilm, Foul Odors and the

19    Mold Problem, and/or would not have bought the Washing Machines had Defendant not

20    misrepresented and omitted disclosing that the Washing Machines' are unable to effectively self

21    clean, that they have a propensity to accumulate and/or develop Biofilm, Foul Odors, and the Mold

22    Problem, and that owners of the Machines will have to spend money for the Undisclosed

23    Additional Operating Expenses.

24    91.    Plaintiffs seek an order of this Court awarding restitution, injunctive relief and all

25    other relief allowed under Section 17200, et seq., plus interest, attorneys' fees, and costs.

26

27

28

78939

31
CORRECTED FIRST AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**

**Asserted On Behalf of the Nationwide Class And Alternatively
On Behalf of the California Class
(Violations of Cal. Bus. & Prof. Code § 17500 *et seq.*))**

92.     The Consumer Representatives repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein.

93.     Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17506.

94.     Defendant falsely advertised the performance, uses, benefits, characteristics, the quality, grade and standard of the Washing Machines by, *inter alia*, representing that the Washing Machines are "washers" or "washing machines" as that term and phrase is normally understood, and by representing that operating the "Xxtra Sanitary" and "Sanitary" cycles on Bosch Sanitary Models and the "Sanitary 170°" and "Sanitary" cycles on the Siemens ultraSense and ultraStack models would result in the Washing Machines being sanitized and the Clothes washed in the Washing Machines being made sanitary.

95.     Defendant also falsely advertised by failing to disclose the Defects and the material fact that the Washing Machines would accumulate Biofilm, and develop Foul Odors and the Mold Problem.

96.     These and other representations and omissions, as more fully described above, did deceive, and are likely to deceive Plaintiffs and members of the Class.

97.     Plaintiffs relied upon these material misrepresentations and omissions to their detriment.

98.     The above-described false and misleading advertising conducted by Defendant continues to this day and presents a threat to the general public in that Defendant has not acknowledged its wrongdoing to consumers or publicly issued an appropriate conspicuous notice to existing or prospective purchasers of its Washing Machines, and has not disclosed the presence of the Defects, Biofilm, Foul Odors, the Mold Problem and Undisclosed Additional Operating Expenses, all of which resulted in Plaintiffs being deceived and misled.

99.     As a result of the above-described conduct, Defendant has been, and will continue to be unjustly enriched at the expense of Plaintiffs.

CORRECTED FIRST AMENDED COMPLAINT

78939

100.     Pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17535, Plaintiffs seek an order 1) requiring Defendant to immediately cease the unlawful, unfair, and or fraudulent business acts and/or practices and false and misleading advertising complained of herein; 2) enjoining Defendant from continuing to misrepresent the Washing Machines' uses, benefits, characteristics, standard, quality and grade by omitting from its advertising and communications regarding the Washing Machines that they develop Biofilm, Foul Odors, the Mold Problem and cause their owners to incur Undisclosed Additional Operating Expenses; and 3) requiring Defendant to repair or replace the Washing Machines or provide full restitution to Consumer Representatives and Class members of all monies wrongfully acquired by means of such acts of unfair competition and false advertising, plus interest and attorneys' fees.

## THIRD CAUSE OF ACTION

**Asserted on Behalf of the Nationwide Class, And Alternatively,
on Behalf of the California Class
(Violations of the Consumer Legal Remedies Act)**

101.     Consumer Representative Wentworth re-alleges and incorporates the above allegations by reference as if fully set forth herein.

102.     Consumer Representative Wentworth seeks to recover for Defendant's breach of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 *et seq*.

103.     At all times relevant hereto, Plaintiffs were "consumer[s]" as that term is defined in Civ. Code § 1761(d).

104.     At all times relevant hereto, the Machines constituted "goods" as that term is defined in Civ. Code § 1761(a).

105.     At all times relevant hereto, Defendant constituted a "person" as that term is defined in Civ. Code § 1761(c).

106.     At all times relevant hereto, Plaintiffs' purchases of Defendant's Bosch and Siemens brand Washing Machines and replacement parts constituted a "transaction" as that term is defined in Civ. Code § 1761(e).

CORRECTED FIRST AMENDED COMPLAINT

78939