107.    At all times relevant hereto, Defendant provided "services" to Plaintiffs within the meaning of Civil Code § 1761(b).

108.    The CLRA provides, in relevant part, that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (5) Representing that goods . . . have . . . characteristics, uses, benefits . . . which they do not have; ... (7) Representing that goods ... are of a particular standard, quality or grade . . . if they are of another; ...  and (9) Advertising goods ... with intent not to sell them as advertised. Civil Code §§ 1770(a)(5),(7), and (9).

109.    Defendant makes uniform written representations that the Washing Machines are a high quality product that will perform as represented and, as set forth above; makes specific representations regarding the characteristics, uses, benefits, standards, and quality of the Washing Machines that are false, deceptive and/or misleading, in violation of the CLRA.

110.    Defendant intentionally conceals and/or fails to disclose the material facts that the Machines have the Defects, and that the Defects cause Biofilm, the Foul Odors, the Mold Problem and cause their owners to incur Undisclosed Additional Operating Expenses.  This concealment is done for the purpose of inducing Plaintiffs to purchase Defendant's Washing Machines.

111.    The information Defendant conceals and/or does not disclose to Plaintiffs are material facts in that a reasonable consumer would have considered them important in deciding whether to purchase, or whether to pay the stated price for, the Washing Machines and because Plaintiffs would have been aware of it and behaved differently by not buying the Washing Machines, not paying for repairs, and/or paying less for the Washing Machines.

112.    The omission of the material facts, as alleged above, is contrary to representations actually made by Defendant, including but not limited to, that the Washing Machines are "washers" or "machines that wash" and therefore would actually clean Clothes, and are capable of "killing 99.9% of most common household bacteria," and/or an omission of fact Defendant was obliged to disclose because: 1) Defendant had exclusive knowledge of the material facts not known to Plaintiffs and the Class, since only Defendant had exclusive access to the aggregate data from its

retailers, its own tests, and complaints from its customers; 2) Defendant actively concealed and suppressed the material facts from Plaintiffs by not warning of the Defects at the time of purchase and by performing warranty and/or repair work that it knew would not cure the Defects unknown to Plaintiffs and recommending remedies to complaining consumers that it knew would not cure the Defects or resulting problems thereby causing damages; and/or 3) Defendant made partial representations such as recommending futile remedies like empty hot-water and bleach cycles, and wiping the door gasket dry after every wash, but also suppressed material facts.

113.    Plaintiffs justifiably acted or relied to their detriment upon the concealment and/or non-disclosed facts as evidenced by their purchase of the defective Washing Machines.

114.    Had Plaintiffs known of the Defects, they would not have purchased the Washing Machines, or would have paid less for them.

115.    Civil Code § 1780 (a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770. Plaintiffs are entitled to recover damages as provided by statute, as well as costs, attorney's fees, rescission, and other relief as is deemed appropriate.

116.    Pursuant to Civil Code § 1782, Plaintiff Wentworth has notified Defendant in writing of its particular violations of Civil Code § 1770 and made a demand for corrective action. Plaintiff Wentworth sent this notice by certified mail, return receipt requested, to Defendant's principal place of business. [See Ex. "A"].

**FOURTH CAUSE OF ACTION**

**Asserted On Behalf of the California Class**
**(Breach of Express Warranty under the Song Beverly Act, Cal. Civ. Code 1790 *et seq.*, Cal. Comm. Code § 2313, and California Common Law)**

117.    Plaintiff Wentworth repeats and re-alleges all prior paragraphs and incorporates them as if fully set forth herein.

118.    Plaintiff Wentworth and Class members seek to recover for Defendant's breach of express warranty under the laws of the State of California.

119.    Defendant warranted all of the Washing Machines against defects in materials or workmanship at a time when it knew that these Washing Machines suffered from the Defects and,

1  nevertheless, continued to market and sell these Washing Machines with this express warranty.

2  Defendant also warranted that the Washing Machines would clean Clothes by affirmation of fact.

3  As to Bosch Sanitary Models and Siemens ultraSense models, Defendant warranted that the

4  Washing Machines would Kill 99.9% of bacteria, as more fully described above.

5      120.   Defendant is obligated under the terms of its express warranty to repair and/or

6  replace the parts or materials that are the Defects in the Washing Machines sold to Plaintiffs,

7  and/or to make the Washing Machines conform to the express warranty under the Song-Beverly

8  Act, in particular, Civil Code § 1793.2(b) and (d), Cal. Comm. Code § 2313, and the Common

9  Law.

10      121.   Defendant has breached its express warranties, as set forth above, by selling and

11  supplying the Washing Machines in a condition which does not meet the warranty obligations

12  undertaken by Defendant and by failing to repair or replace the Defects, which are inherent in the

13  Washing Machines, or to cause the Machines to conform to Defendant's Warranty after a

14  reasonable number of attempts at repair.

15      122.   Defendant has received sufficient and timely notice of the breaches of warranty

16  alleged herein. [See Warranty Breach Notice Letter – Attached as Exhibit "B"]. Despite this notice

17  and Defendant's knowledge, Defendant refuses to honor its Warranty, even though it knows the

18  Defects exist in the Washing Machines and cause them to accumulate and develop Biofilm, Foul

19  Odors, the Mold Problem and cause their owners to incur Undisclosed Additional Operating

20  Expenses.

21      123.   In addition, Defendant has received thousands of complaints and other notices from

22  its customers nationwide advising it of Class members experiencing Biofilm, the Foul Odors and

23  the Mold Problem.

24      124.   Plaintiff Wentworth has complied with her obligations under the Warranty and the

25  law and has given Defendant a reasonable opportunity to cure its failures with respect to its

26  Warranties, and Defendant failed to do so.

27      125.   Defendant failed to provide Plaintiffs a repair that causes the Washing Machines to

28  conform to the qualities and characteristics that Defendant expressly warranted when it sold the

1  Washing Machines to Plaintiffs, or, in the alternative, provide Plaintiffs a replacement Washing
2  Machine that is free of the Defects.

3      126.   Defendant knew of its obligations under its Warranty to pay for new Washing
4  Machines, as needed, caused by the Defects described herein. However, Defendant has willfully
5  refused to replace the Washing Machines as required under its Warranty. Defendant is, therefore,
6  liable for damages, and also civil penalties pursuant to Civil Code § 1794.

7      127.   Defendant's time limits on its express Warranty are unconscionable, since it
8  knowingly and/or recklessly sold a defective product that was defective at the time of sale, without
9  conspicuously informing consumers about the Defects and that the Defects caused the Washing
10  Machines to develop Biofilm, the Foul Odors, the Mold Problem, and their owners to incur
11  Undisclosed Additional Operating Expenses. The time limits on the express Warranty are grossly
12  inadequate to protect Plaintiffs. Plaintiffs had no meaningful choice in determining those time
13  limitations; the warranties were written by Defendant, without input of Plaintiffs; the term of the
14  express Warranties unreasonably favor Defendant by unreasonably limiting the Warranty to 2 years
15  on a product that could reasonably be expected to last 10 or more years; a gross disparity in
16  bargaining power existed as between Defendant and Plaintiffs; and Defendant knew or should have
17  known that the Washing Machines were defective at the time of sale and would develop and
18  accumulate Biofilm, Foul Odors and the Mold Problem before the end of their useful lives, thereby
19  rendering the time limitations, in Defendant's express warranties insufficient, inadequate, and
20  unconscionable.

21      128.   As a proximate result of Defendant's breach of express Warranty, Plaintiffs have
22  sustained damages and other losses in an amount to be determined at trial. Plaintiffs are entitled to
23  recover damages as provided by statute, as well as costs, attorneys' fees, rescission, and other relief
24  as is deemed appropriate.

25
26
27
28

37
CORRECTED FIRST AMENDED COMPLAINT

# FIFTH CAUSE OF ACTION

### Asserted On Behalf of the California Class
### (Breach of Implied Warranty under the Song Beverly Act,
### Cal. Civ. Code 1790 *et seq*. Cal. Comm. Code § 2314, and California Common Law)

129. Plaintiff Wentworth re-alleges and incorporates the above allegations by reference as if fully set forth herein.

130. Under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 *et seq.*, every sale of consumer goods is accompanied by both a manufacturer's and retailer's implied warranty that the goods are merchantable.

131. The Washing Machines are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

132. Defendant is a "manufacturer" within the meaning of Cal. Civ. Code §§ 1791(j).

133. Plaintiff Wentworth bought a Bosch Washing Machine sold at retail in the State of California.

134. At the time of sale, and currently, Defendant is in the business of manufacturing and selling Washing Machines.

135. By operation of law, Defendant impliedly warranted to Plaintiffs that its Washing Machines were of merchantable quality and fit for the ordinary purposes for which they are used.

136. Defendant knowingly and/or recklessly sold a defective product without conspicuously informing consumers about the Defects. Defendant possessed actual superior knowledge of Biofilm, the Foul Odors, Undisclosed Extraordinary Operating Expenses and the Mold Problem based on pre-market testing, complaints posted on the internet, and complaints made to Defendant's call center.

137. Defendant's waiver and/or limits on implied warranties are unconscionable and unenforceable, since Plaintiffs had no meaningful choice in determining those time limitations; the warranties were written by Defendant, without input of Plaintiffs; the Warranty overwhelmingly favors Defendant by unreasonably limiting the warranty to 2 years on a product that could reasonably be expected to last 10 or more years; a gross disparity in bargaining power existed as between Defendant and Class members; Defendant knew or should have known that Bosch and

1  Siemens Washing Machines were defective at the time of sale and would accumulate Biofilm and
2  develop the Foul Odors and the Mold Problem before the end of their useful lives, and Plaintiffs
3  were unfairly surprised by the concealment of the material facts of the Defects, Biofilm, Foul
4  Odors, and the Mold Problem.

5       138.   Plaintiff Wentworth's Washing Machine became unfit for its ordinary purpose of
6  cleaning Clothes within the implied warranty period because it accumulated Biofilm, produced
7  Foul Odors, and developed the Mold Problem, causing her Clothes to smell.

8       139.   Plaintiffs were the intended third-party beneficiaries of the implied warranty made
9  by Defendant.  Defendant knew that the retailers to whom it sold the Washing Machines were not
10  going to own the Washing Machines any longer than it took to sell them to Plaintiffs.  Further,
11  Defendant intended that any warranty, whether express or implied, that applied to the Washing
12  Machines were for the benefit of the Plaintiffs, those who would own and use the Washing
13  Machines.

14       140.   Defendant knew and intended that Plaintiffs were the ultimate beneficiaries of
15  Defendant's implied warranties as they are the owners of the Washing Machines.

16       141.   Defendant, who manufacturers and markets the Washing Machines, and/or
17  sellers/resellers of the Washing Machines, had knowledge that Plaintiffs were the end users of the
18  Washing Machines when Defendant entered into any and all sales contracts and subcontracts for
19  the Washing Machines and Defendant's intent to benefit Plaintiffs arises by operation of law
20  pursuant to the "implied covenant of good faith and fair dealing" contained within any and all sales
21  contracts and subcontracts for the Washing Machines entered into by Defendant.

22       142.   As a proximate result of Defendant's breach of implied warranty, Plaintiffs have
23  sustained damages and other losses in an amount to be determined at trial. Plaintiffs are entitled to
24  recover damages and attorneys' fees as provided by statute, as well as costs, rescission, and other
25  relief as is deemed appropriate.

26
27
28

78939

## SIXTH CAUSE OF ACTION

### Asserted On Behalf of the California Class and Illinois Class
### (Violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*) –
### Breach of Written Warranty)

143.   The Consumer Representatives repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein.

144.   The Washing Machines are "consumer products" as that term is defined under 15 U.S.C. §2301(1).

145.   Plaintiffs and Class members are "consumers" as that term is defined by 15 U.S.C. § 2301(3), and utilized the Machines for personal and household use and not for resale or commercial purposes.

146.   Defendant is a "warrantor" and "supplier" as those terms are defined by 15 U.S.C. § 2301(4) and (5).

147.   Defendant provided Plaintiffs with "written warranties" as that term is defined by 15 U.S.C. § 2301(6).

148.   In its capacity as a warrantor, and by the conduct described herein, any attempt by Defendant to limit the express Warranties in a manner that would exclude coverage for the Defects in the Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for its defective Washing Machines is null and void as alleged above.

149.   This Court has jurisdiction over this cause of action under 28 U.S.C. 1332.

150.   By Defendant's conduct as described herein, including Defendant's knowledge of the Defects in the Washing Machines and its action, and inaction, in the face of that knowledge Defendant has failed to comply with its obligations under its written and implied promises, warranties, and representations.

151.   Plaintiffs fulfilled their obligations under the warranties.

152.   As a result of Defendant's breach of express warranties, Plaintiffs are entitled to revoke their acceptance of the Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

78939

## SEVENTH CAUSE OF ACTION

**Asserted On Behalf Of The Nationwide Class, or Alternatively,
on Behalf of the California Class and Illinois Class
(Unjust Enrichment)**

153.   The Consumer Representatives repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein.

154.   Consumer Representative Wentworth brings this claim on behalf of herself and the Nationwide class, or alternatively, the California Class pursuant to the common law doctrine of unjust enrichment.

155.   Consumer Representative Tait brings this claim on behalf of herself and the Nationwide Class, or alternatively, the Illinois Class pursuant to the common law doctrine of unjust enrichment.

156.   At all relevant times relevant hereto, Defendant manufactured and sold Washing Machines with the Defects as alleged herein.

157.   Defendant has been unjustly enriched by Plaintiffs' purchases of the Washing Machines.

158.   Plaintiffs unknowingly conferred a benefit, directly and indirectly, on Defendant to their detriment through the purchase of the Washing Machines and/or replacement parts, of which Defendant had knowledge, since Defendant was aware of the presence of the Defects in the Washing Machines and that the Defects caused the Machines to develop Biofilm, the Foul Odors, the Mold Problem and cause their owners to incur Undisclosed Additional Operating Expenses, but Defendant failed to disclose this material information and misled Plaintiffs regarding the nature, benefits, characteristics, uses, performance, and quality of the Washing Machines while profiting from this deception.

159.   The circumstances are such that it would be inequitable, unconscionable and unjust to permit Defendant to retain the benefit of these funds that it has unfairly obtained from Plaintiffs. Defendant would be unjustly enriched if it were allowed to retain such funds and, therefore, a constructive trust should be imposed on all monies wrongfully obtained by Defendant and the money should be ordered returned to Plaintiffs and the Class.

78939

**EIGHTH CAUSE OF ACTION**

**Asserted On Behalf Of The Illinois Class**
**(Violation of the Illinois Consumer Fraud and Deceptive Practices Act,**
**815 ILCS 505/1 *et seq.*)**

160.    Consumer Representative Tait repeats and re-alleges all prior paragraphs and incorporates them as if fully set forth herein.

161.    The Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA") prohibits "unfair and deceptive practices."

162.    Consumer Representative Tait and members of the Class are consumers.

163.    Consumer Representative Tait and Class members reasonably expected that their Washing Machines would not accumulate Biofilm and develop the Foul Odor, the Mold Problem and incur Undisclosed Additional Operating Expenses.

164.    Defendant developed, manufactured, marketed and sold the Washing Machines. The Washing Machines are defective because normal operation and usage of the Washing Machines causes them to accumulate Biofilm, develop Foul Odors and the Mold Problem, and incur Undisclosed Additional Operating Expenses.

165.    Defendant's misconduct, including the misrepresentations regarding performance and/or concealment of the Defects, as described above, took place in the course of trade or commerce in Illinois, and arose out of transactions that occurred at retail outlets in Illinois.

166.    Defendant had knowledge of the Defects at all relevant times as alleged above.

167.    Despite Defendant's knowledge of the Defects in the Washing Machines, Defendant has failed to disclose the existence of this material information to Consumer Representative Tait and Class members at the time each of them purchased the Washing Machines, and/or at the time they made a Warranty claim related to Biofilm, the Foul Odors, and/or the Mold Problem.

168.    Defendant intended, and continues to intend, that Consumer Representative Tait and Class members rely on the misrepresentations and omissions that the Washing Machines are defective.

169.    In failing to inform consumers of the Defects, Defendant has engaged in an unfair or deceptive act prohibited by the ICFA.

42

CORRECTED FIRST AMENDED COMPLAINT

78939

170.    If not for Defendant's deceptive and unfair act of concealing from Plaintiffs the existence of the Defects, Plaintiffs would not have purchased the Washing Machines, or would have paid less for them.  Defendant, at all relevant times knew or should have known that Plaintiffs did not know or could not have reasonably discovered the Defects prior to their purchases.

171.    As a direct and proximate result of Defendant's violations of the ICFA, Plaintiffs suffered damages, in the form of, among other things, monies spent in attempting to repair the Washing Machines or remedy the Foul Odors and Mold Problems, and/or diminution in value of the Washing Machines.

172.    The statute of limitations was tolled by Defendant's fraudulent concealment of the Defects, the discovery rule, and/or the continuing violations rule.

173. Defendant's violation of the ICFA entitles Consumer Representative Tait and members of the Class to statutory and actual damages, punitive damages, injunctive relief, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant for the following:

1.    An order certifying a Nationwide Class, as well as California and Illinois Subclasses, and appointing Nancy Wentworth and Diana Tait as representative plaintiffs and their counsel, Stuart M. Eppsteiner of Eppsteiner & Fiorica Attorneys, LLP to be class counsel for the Class;

2.    A constructive trust on, and restitution, of all amounts obtained by Defendant as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations;

3.    All recoverable compensatory and other damages sustained by Plaintiffs;

4.    Actual and/or statutory damages for injuries suffered by Plaintiffs in the maximum amount permitted by applicable law;

5.    An order (1) enjoining Defendant's wrongful, unfair, unlawful, fraudulent, and deceptive conduct as set forth above; (2) ordering Defendant to engage in a corrective notice

1  campaign; and (3) requiring Defendant to refund to Plaintiffs the funds paid to Defendant for the

2  defective Washing Machines;

3       6.     Statutory pre-judgment and post-judgment interest on any amounts;

4       7.     Payment of reasonable attorneys' fees and costs as may be allowable under

5  applicable law; and

6       8.     Such other relief as the Court may deem just and proper.

7

8       The Consumer Representatives, individually and on behalf of all similarly situated persons,

9  hereby demand a trial by jury on all issues so triable.

10

11  DATED: July 8, 2010              EPPSTEINER & FIORICA ATTORNEYS, LLP

12

13                        By:                                          
Stuart M. Eppsteiner, Esq.

14                                      Andrew J. Kubik, Esq.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CORRECTED FIRST AMENDED COMPLAINT

78939

# EXHIBIT A

# EPPSTEINER & FIORICA ATTORNEYS LLP

| | | |
|---|---|---|
| San Diego<br>12555 High Bluff Drive<br>Suite 155<br>San Diego, California 92130<br>Tel (858) 350-1500<br>Fax (858) 350-1501 | Stuart M. Eppsteiner*<br>Andrew P. Fiorica<br>Robert J. Pribish<br>Brian K. Findley<br>Andrew J. Kubik<br>*Also Admitted In Colorado | Colorado<br>1426 Pearl Street<br>Suite 202<br>Boulder, Colorado 80302<br>Tel (877) 480-1500<br>Fax (858) 350-1501 |

www.eppsteiner.com

December 15, 2009

## VIA CERTIFIED U.S. MAIL - RETURN RECEIPT REQUESTED

| | |
|---|---|
| BSH Home Appliances Corporation<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales, Inc.<br>24120 Garnier Street<br>Torrance, CA 90505 |
| Michael Traub<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales Kitchen and Bath Centers, Inc.<br>7601 Penn Avenue S.<br>Richfield, MN 55423 |
| Best Buy Company Incorporated<br>Legal Department<br>7601 Penn Avenue S.<br>Richfield, MN 55423 | CT Corporation<br>Re: Pacific Sales Kitchen and Bath Centers,<br>Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017 |

**Re:** **Notice of Violation of the California Consumer Legal Remedies Act (California Civil Code section 1750 et seq.) Related to the Advertising and Marketing of Bosch Frontload Washing Machines**

To Whom It May Concern:

The law firm of Eppsteiner & Fiorica Attorneys, LLP represents Nancy Wentworth, a California resident who purchased a Bosch DLX Series frontload washing machine from Pacific Sales, Inc. of Torrance, California for her personal, family and household use.

This letter serves as a pre-litigation notice of BSH Home Appliances Corporation's ("Bosch") violations of California Civil Code § 1750 et. seq., the California Legal Remedies Act ("CLRA") and demand for corrective action pursuant to the CLRA. This pre-litigation notification is made on behalf of Ms. Wentworth and all consumers that are similarly situated to Ms. Wentworth (e.g. other buyers of front load washing machines manufacturers by Bosch and sold under the brands Bosch and Siemens ("Machines").

Bosch has engaged in acts and practices, which are proscribed by the CLRA (See §

74847

1770), by selling its defective frontload washers under the Bosch and Siemens brands. Specifically the Machine(s) have inherent design defects, defects in component parts and defects in workmanship that cause them to:

1.  retain water and moisture;

2.  retain detergent and fabric softener such that residue accumulates and causes the growth of mold, mildew and similar bio-organic material ("Mold") and malodorous scents resulting from their presence;

3.  accumulate residue and Mold, and emit malodorous scents after the Machines are operated using the amount and type of detergent or softener Bosch recommends;

4.  accumulate residue when detergent and softener dispenser compartments are filled to, or below, the detergent and softener fill lines Bosch placed in the Machines;

5.  grow and accumulate Mold on parts, pieces and areas that are within the Machines;

6.  produce foul and noxious odors;

7.  grow and retain Mold and make clothes washed in the Machines smell moldy and malodorous;

8.  be unsafe for the ordinary purpose for which the washing machines were designed and sold (e.g. making clothes clean and removing unpleasant odors);

9.  not be able to clean themselves in a manner necessary for a Machine to produce clean clothes free of malodorous smells; and

10. be run with high temperature water and/or with special scented or anti-mold agents in an effort to temporarily remove Mold and malodorous smells associated with the presence Mold.

The defects result in Mold growing on and becoming imbedded in the rubber gasket/bellows/boot and/or the portions of the washer adjacent to, or in contact with, the door gasket/bellows/boot.

Water and moisture are retained in areas of the Machines that cause and allow Mold to appear, grow and be retained within the Machines. The presence of Mold causes: 1) the Machines to smell malodorous; 2) clothes washed in the Machines to smell malodorous; 3) clothes washed in the Machines to be rendered worth less; and 4) illness and injury to people.

The Machines are designed, made of component parts and materials, and assembled such that it is impossible to clean the Machines of Mold once Mold appears in or on materials within the Machines.

Bosch knew before it sold the Machines that they would cause Mold to grow inside of them and would make clothes washed in them smell malodorous. Furthermore, Bosch knew that Mold causes adverse reactions in many people causing illness and injury. However, Bosch concealed this material information from Ms. Wentworth, all similarly situated consumers, and all parties in the chain of commerce that led to Ms. Wentworth's purchase and similarly situated

74847



consumers' purchases of Machines.  Had Bosch made said material information known to Ms. Wentworth and all other similarly situated consumer purchasers of Machines, none of them would have bought a Machine.

Selling washing machines that have inherent properties that cause Mold to grow and accumulate and which Mold impregnates portions of the Machines and clothes washed in them with malodorous scents violates <u>California Civil Code § 1770</u>. These violations include, but are not limited to subsections 1770(a)(5) and 1770(a)(7) by representing that the Machines (i) have "… characteristics, … uses, [or] benefits, … which [they do] not have," and/or (ii) are of "a particular standard, quality, or grade."

## Bosch's Omissions of Material Facts in Violation of the CLRA

As described above, Bosch misrepresented the use and characteristics of the Machines through concealment and omission of material facts.  Bosch failed to inform consumers directly or through wholesalers and retailers that Mold would grow in their Machines and that clothes washed in the Machines would smell like Mold and carry malodorous scents when the Machines were used in a foreseeable manner and as recommended by Bosch. A washing machine is used to clean clothes and rid them of bad smells.  The Machines make clothes smell bad and carry Mold. The Machines were misrepresented regarding their characteristics, uses and benefits.  They do not clean clothes; rather they make them moldy and smell bad.

## Bosch's Misrepresentations of the Uses, Benefits and Characteristics of the Machines

At the most basic level, the function of a washing machine is to clean clothes so that they are clean and either fresh smelling, or at the very least, odorless. The Machines fail this most basic purpose. The Machines do not clean things, which is the use for which they were sold and the benefit of using them.  The fact that Bosch knew the Machines generated mold and made clothes washed in them smell moldy means that Bosch knew it was not selling products that washed clothes.  Effectively, calling the Machines "washing machines" or "washers" was a misrepresentation of their characteristics, benefits and uses. Bosch did not intend to sell a washing machine as advertised (e.g. one that cleans clothes, since it knew the Machines would grow and accumulate mold).  The very representation that the Machines are "washing machines" is false. All representations Bosch made with regard to cleanliness of laundry that comes out of the Machines is also false.

Bosch also violated the California Consumer Legal Remedies Act, <u>California Civil Code § 1770</u>(a)(9) by "advertising goods or services with intent not to sell them as advertised."  First, Bosch knew the Machines grew and accumulated·mold. Second, it knew when it advertised the Machines as "washing machines" or "washers" that the Machines would not wash or clean things, but make them moldy and smelly.  Therefore, Bosch advertised the Machines with the intention of not selling machines that washed or cleaned clothes.

BSH Home Appliances
December 15, 2009
Page 4

## Mold Issues

Mold, according to the Federal Centers for Disease Control and Prevention, can cause symptoms that include nasal stuffiness, eye irritation, wheezing, skin irritation, fever, and shortness of breath. For people with chronic lung illnesses, mold infections can develop in their lungs, and exposure to mold can also bring on asthma attacks.

In response to consumer complaints about the mold problem, Bosch employees have recommended that consumers periodically run extra bleach and hot water cleaning cycles, and wipe-down the drum and bellows after each wash. These recommendations are not part of normal washing machine ownership. The need to spend money to remove the malodorous scent from the Machines and to pay for electricity and water needed to run hot water cycles to try and redress the effects of the Machines' defects is a damage each Machine owner has borne and one that will grow and increase with time.

Water accumulates in or adjacent to the door frame gasket/bellow of the Machines after every wash cycle. This post-wash moisture and water accumulation is the result of defects inherent in the Machines about which Ms. Wentworth, and others similarly situated, complain.

## Request for Material That Supports Bosch's Failure to Disclose that the Machines Grow and Accumulate Mold

**On behalf of our clients and absent class members, we ask that Bosch provide all information and data, including when said information and data came into Bosch's possession, which supports the conclusion that the Machines do not grow and accumulate mold. If Bosch fails to produce this information within thirty calendar days, it will be presumed that Bosch has no information that the Machines do not grow and accumulate mold, further demonstrating that Bosch concealed material information and misrepresented the Machines' uses, characteristics, benefits and did not intend to sell the Machines as advertised.**

## Demand for Corrective Action & Response to This Demand

On behalf of Ms. Wentworth, and all similarly situated Machine owners, we hereby demand that Bosch correct, repair or modify their Machines so that they do not cause Mold to grow within them and make clothes washed in them malodorous. An alternative to repair or modification is for Bosch to provide replacement Machines to Ms. Wentworth and all similarly situated consumers. Our clients are also open to consider accepting cash payments from Bosch so they can purchase replacement washing machines if Bosch will not offer to repair/modify them so that they will not grow and accumulate mold.

Replacement of Machine door frame gasket/bellows/boot with a new gasket/bellows/boot that is the same as the original gasket/bellows/boot will not be a repair or remedy of the defect that causes Mold to grow in Bosch front load gasket/bellows/boot. The replacement of a part that is the same that was used in the Machines' original manufacture will only assure future mold growth in the Machines. To repair the conditions that cause mold to grow in the Machines,

74847



Bosch must provide a repair or modification of the Machines that keeps Mold from growing on and in the Machines. To date it has not done so. However, this office, on behalf of Ms. Wentworth and all similarly situated Machine purchasers, remains open to learning about Bosch's proposals of how to modify and truly repair the Machines so that mold will not grow within them. Please call me as soon as possible to discuss Bosch's proposals to address the matters described above.

Please, within **30 calendar days** of your receipt of this letter, agree to repair and modify the Machines so that they indefinitely do not grow mold inside of them. If Bosch does not contact me to address the foregoing matter, our client, and through him, those similarly situated, will sue Bosch for, among other things, violation of the California Consumer Legal Remedies Act (California Civil Code § 1750 et. seq.).

## Demand Bosch Not Destroy Writings and Preserve the Writings Listed Below

The last point of this letter is to demand that Bosch preserve and maintain all of the following "Writings[1]" pending its production to us in litigation or the resolution of this matter:

a.      Writings regarding the growth, presence and accumulation of mold, mildew, or similar bio-organic material in Bosch frontload washing machines sold in California (the "Machine(s)");

b.      Writings that are advertisements, brochures, pamphlets, sales and marketing material disseminated in or from California and that are regarding the Machines;

c.      Writings that were, or are with regard to communications to wholesalers or retailers in the chain or distribution of the Machines sold in California.

d.      Writings that Bosch intended to be disseminated to Machine purchasers and that are regarding the Machines;

e.      Writings that are complaints or are regarding complaints communicated from any source regarding the Machines;

f.      Writings that communicate all or some of the following: the names, addresses, phone numbers of Machine owners;

g.      Writings that communicate complaints regarding the performance of a Machine;

---

[1] The term or terms "WRITING" and "WRITINGS" as used herein means writings as defined in California Evidence Code § 250, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. "WRITINGS" also includes all electronic or magnetic files, or mediums that store information, including but not limited to electronic or computer stored files, email, CAD files, spreadsheets, databases, data used in a database, PowerPoint presentations, or other form of computer based visual presentations. "WRITINGS" that exist in electronic, magnetic or computer based formats include as part of those "WRITINGS" any associated metadata, including date and time stamps. Do not remove metadata from the "WRITINGS".


BSH Home Appliances
December 15, 2009
Page 6

___

h.     Writings from absent class members regarding breaches of Bosch's express warranty that applied to the Machines;

i.     Writings that identify the names, addresses and phone numbers of entities which Bosch approved and authorized to service/repair the Machines;

j.     Writings to Bosch approved service/repair providers regarding Mold in the Machines;

k.     Writings regarding how many Machines Bosch manufactured and sold in the United States in the last ten years;

l.     Writings that identify the names, addresses and phone numbers of Bosch authorized wholesalers and retailers of the Machines;

m.     Writings that are or with regard to communications between Bosch and the Consumer Product Safety Commission;

n.     Writings regarding the health hazard of Mold in the Machines;

o.     Writings regarding health risks to household members that live in homes with frontload washers that have mold in them; and

p.     Writings regarding safety issues relating to leaving the door open after each use.

I look forward to being contacted by Bosch and receipt of its proposal to remedy the Mold problem in the Machines.

Yours truly,

EPPSTEINER & FIORICA ATTORNEYS, LLP

Stuart M. Eppsteiner

SME/AJK/mmg
Enclosure: Service List of Addresses to Which Letter was sent via certified mail return receipt requested.

| | |
|---|---|
| TITLE OF MATTER<br>**Bosch DLX Series Frontload Washing Machines** | |
| ATTORNEY(S) NAME AND ADDRESS<br>TELEPHONE 858-350-1500<br>Stuart M. Eppsteiner, SBN 98973<br>Andrew P. Fiorica, SBN 200732<br>Eppsteiner & Fiorica Attorneys, LLP<br>12555 High Bluff Drive, Suite 155<br>San Diego, CA 92130 | |
| ATTORNEY(S) FOR: Nancy Wentworth | |

## PROOF OF SERVICE
### C.C. P. 1010.5, 1010.6, 1010.2, 1013a (3)

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

    I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the matter; my business address is: Eppsteiner & Fiorica Attorneys, LLP, 12555 High Bluff Drive, Suite 155, San Diego, CA 92130.

    On December 15, 2009, I served the following document(s) described as: **NOTICE OF VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT** on interested parties as follows:

| | |
|---|---|
| BSH Home Appliances Corporation<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales, Inc.<br>24120 Garnier Street<br>Torrance, CA 90505 |
| Michael Traub<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales Kitchen and Bath Centers, Inc.<br>7601 Penn Avenue S.<br>Richfield, MN 55423 |
| Best Buy Company Incorporated<br>Legal Department<br>7601 Penn Avenue S.<br>Richfield, MN 55423 | CT Corporation<br>Re: Pacific Sales Kitchen and Bath Centers, Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017 |

    **X**    **(BY CERTIFIED MAIL, RETURN RECEIPT)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

    **X**    (State) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Dated: December 15, 2009

LUPE SURO HORN

74870

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _signature_   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

DEC 2 1 2009

USPS - 554

D. Is delivery address different from item 1?   ☐ Yes   ☐ No
If YES, enter delivery address below:

1. Article Addressed to:

Pacific Sales Kitchen
and Bath Centers, Inc.
7601 Penn Ave S.
Richfield, MN 55423

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7000 1670 0009 7954 2746

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _signature_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
2009

D. Is delivery address different from item 1?   ☐ Yes   ☐ No
If YES, enter delivery address below:

1. Article Addressed to:

CT Corporation
RE: Pacific Sales Kitchen
and Bath Centers, Inc.
818 West Seventh Street
Los Angeles CA 90017

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7000 1670 0009 7954 2739

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _signature_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
G. Oliva   12-15-09

D. Is delivery address different from item 1?   ☐ Yes   ☐ No
If YES, enter delivery address below:

1. Article Addressed to:

BSH Home Appliances Corp
5551 McFadden Avenue
Huntington Beach CA 92649

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7000 1670 0009 7954 2890

PS Form 3811, February 2004

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Traub
5551 Mc Fadden Avenue
Huntington Beach CA 92649

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
G. Oliva    12-15-09

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7000 1670 0009 7954 2175

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Best Buy Company, Inc
Legal Department
7601 Penn Avenue S
Richfield, MN 55423

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    ☑ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

DEC 21 2009

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7000 1670 0009 7954 2788

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT B

# EPPSTEINER & FIORICA ATTORNEYS
### LLP

San Diego
12555 High Bluff Drive
Suite 155
San Diego, California 92130
Tel (858) 350-1500
Fax (858) 350-1501

Stuart M. Eppsteiner*
Andrew P. Fiorica
Robert J. Pribish
Brian K. Findley
Andrew J. Kubik
*Also Admitted In Colorado

Colorado
1426 Pearl Street
Suite 202
Boulder, Colorado 80302
Tel (877) 480-1500
Fax (858) 350-1501

www.eppsteiner.com

December 15, 2009

## VIA CERTIFIED U.S. MAIL - RETURN RECEIPT REQUESTED

| | |
|---|---|
| BSH Home Appliances Corporation<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales, Inc.<br>24120 Garnier Street<br>Torrance, CA 90505 |
| Michael Traub<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales Kitchen and Bath Centers, Inc.<br>7601 Penn Avenue S.<br>Richfield, MN 55423 |
| Best Buy Company Incorporated<br>Legal Department<br>7601 Penn Avenue S.<br>Richfield, MN 55423 | CT Corporation<br>Re: Pacific Sales Kitchen and Bath Centers, Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017 |

**Re:    Notice of Violation of Express Warranty**

This letter shall serve to give BSH Home Appliances Corporation (hereafter "Bosch"), notice that all front load washing machines manufactured by Bosch, including, but not limited to, Bosch and Siemens brand front load washers, ("Machines") have component parts that are defective in materials and/or workmanship under normal home use. This notice is made by Nancy Wentworth on her behalf and on behalf of all California Machine owners.

Specifically, the Machines have component parts that are defective when used under normal home use in that they allow mold, mildew and similar bio-organic material ("Mold") to grow and accumulate inside of the Machines. This causes 1) the Machines to smell malodorous, 2) clothes washed in the Machines to smell malodorous, 3) the clothes washed in the Machines to be rendered worth less; 4) illness and injuries to people; and 5) Machine owners to run additional cycles with cleaning agents at additional and unexpected expense in an effort to ameliorate the malodorous scent in Machines and owners' clothes washed in the Machines.

74854

BSH Home Appliances Corporation
December 15, 2009
Page 2

Unless Bosch responds within 30 calendar days of the date of this letter with a plan to repair or replace parts that will stop the Machines from growing and accumulating Mold, Bosch will be in breach of its express warranty with respect to all California Machines for which the warranty period has not expired.

We understand that Bosch, Pacific Sales and Best Buy are each aware that the Bosch frontload washers are defective and have the inherent problem of growing and accumulating mold. Your companies must realize that consumers buy washers to clean their clothes. Machines that cause consumers' clothes to smell foul, moldy and pose health hazards are defective and do not satisfy the Machines' most basic purpose. If Bosch has a solution for this inherent defect we welcome it to contact us to open a dialogue regarding a remedy for all Machine owners. Periodic replacement of boots/bellows/gaskets when they reach extreme levels of mold build-up is not curing the defect in the Machines.

Yours truly,

EPPSTEINER & FIORICA ATTORNEYS, LLP

Stuart M. Eppsteiner

SME/AJK/mmg

67177

| | |
|---|---|
| TITLE OF MATTER<br>**Bosch DLX Series Frontload Washing Machines** | |
| ATTORNEY(S) NAME AND ADDRESS<br>TELEPHONE  858-350-1500<br>Stuart M. Eppsteiner, SBN 98973<br>Andrew P. Fiorica, SBN 200732<br>Eppsteiner & Fiorica Attorneys, LLP<br>12555 High Bluff Drive, Suite 155<br>San Diego, CA 92130 | |
| ATTORNEY(S) FOR: Nancy Wentworth | |

## PROOF OF SERVICE
### C.C. P. 1010.5, 1010.6, 1010.2, 1013a (3)

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the matter; my business address is: Eppsteiner & Fiorica Attorneys, LLP, 12555 High Bluff Drive, Suite 155, San Diego, CA 92130.

On December 15, 2009, I served the following document(s) described as: **NOTICE OF VIOLATION OF EXPRESS WARRANTY** on interested parties as follows:

| | |
|---|---|
| BSH Home Appliances Corporation<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales, Inc.<br>24120 Garnier Street<br>Torrance, CA 90505 |
| Michael Traub<br>5551 McFadden Avenue<br>Huntington Beach, CA 92649 | Pacific Sales Kitchen and Bath Centers, Inc.<br>7601 Penn Avenue S.<br>Richfield, MN 55423 |
| Best Buy Company Incorporated<br>Legal Department<br>7601 Penn Avenue S.<br>Richfield, MN 55423 | CT Corporation<br>Re: Pacific Sales Kitchen and Bath Centers, Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017 |

**X**     **(BY CERTIFIED MAIL, RETURN RECEIPT)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

**X**     (State) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Dated: December 15, 2009

LUPE SURO HORN

74871

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pacific Sales Kitchen
and Bath Centers, Inc.
7601 Penn Ave S.
Richfield, MN 55423

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent / ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

DEC 2 1 2009
USPS - 5541

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7000 1670 0009 7954 2746

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation
RE: Pacific Sales Kitchen
and Bath Centers, Inc.
818 West Seventh Street
Los Angeles CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent / ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
                                   2009

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7000 1670 0009 7954 2739

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BSH Home Appliances Corp
5551 McFadden Avenue
Huntington Beach CA 92649

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent / ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
                                   12-15-09

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7000 1670 0009 7954 2890

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
12-15-09

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Michael Traub
5551 McFadden Avenue
Huntington Beach CA 92649

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7000 1670 0009 7954 2175

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

DEC 2 1 2009

1. Article Addressed to:

Best Buy Company, Inc
Legal Department
7601 Penn Avenue S
Richfield, MN 55423

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7000 1670 0009 7954 2728

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT C

**EPPSTEINER & FIORICA ATTORNEYS, LLP**
Stuart M. Eppsteiner, Esq. SBN 098973
Andrew J. Kubik, Esq. SBN 246902
12555 High Bluff Dr., Suite 155
San Diego, CA 92130
T: 858-350-1500
F: 858-350-1501
sme@eppsteiner.com
ajk@eppsteiner.com

Counsel for Plaintiffs and the Class

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIANA TAIT and NANCY WENTWORTH, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation,<br><br>DEFENDANT. | CASE NO.:<br><br>**DECLARATION OF NANCY WENTWORTH**<br><br>[Jury Trial Demanded] |

I, Nancy Wentworth, declare as follows:

1. I am a named plaintiff in this litigation.

2. I have personal knowledge of the matters set forth below except to those matters stated herein which are based on information and belief, which matters I believe to be true.

3. If called as a witness I could and would competently testify to the matters included herein.

4. I am informed and believe that venue is proper in this Court under Civil Code § 1780(d) based on the fact that BSH Home Appliances Corporation resides in, does substantial business in, and has its principal place of business in Orange County, which is located in this District.

1

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on April 29, 2010 in San Diego, California.

By: _Nancy Wentworth_
Nancy Wentworth

77915

2