**EPPSTEINER & FIORICA ATTORNEYS, LLP**
Stuart M. Eppsteiner (SBN 098973)
sme@eppsteiner.com
Andrew J. Kubik (SBN 246902)
ajk@eppsteiner.com
12555 High Bluff Dr., Ste. 155
San Diego, CA 92130
Tel. (858) 350-1500
Fax (858) 350-1501

Attorneys for Plaintiffs and the Proposed Class

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIANA TAIT and NANCY WENTWORTH, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br>vs.<br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation,<br>DEFENDANT. | Case No. SACV10-711 CJC (ANx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER CONTINUING THE DATES OF ISSUANCE OF A SCHEDULING ORDER, EARLY MEETING, AND EARLY MEETING REPORT**<br><br>COURTROOM: 9B<br><br>JUDGE: HON. CORMAC J. CARNEY |

Plaintiffs, DIANA TAIT and NANCY WENTWORTH, et al., ("Plaintiffs") hereby submit their Opposition to Defendant, BSH HOME APPLIANCES CORPORATION's ("Defendant's") Ex Parte Application seeking a continuance of the dates this Court has set for issuance of a scheduling order, joint expert report and early meeting.

## I. INTRODUCTION

This is a putative nationwide class action, filed June 3, 2010, alleging a propensity for mold, foul odors and biofilm buildup in Defendant's front-loading washing machines purchased by Plaintiff consumers.

On December 13, 2010, BSH filed an ex parte application seeking to continue the early meeting of counsel currently scheduled for December 17, 2010 and the Scheduling Order thereon until after the Court rules on the pending motion to consolidate.

As an initial matter, Defendant's requested relief is not appropriate for resolution on ex parte application, and Application should be denied in full on that basis alone. In re Intermagnetics America, Inc. (C.D. Cal. June 1, 1989) 101 BR 191, 193-194. There is no immediate or irreparable injury to conducting the Rule 26 conference as scheduled. To the contrary, Plaintiffs will be injured if the conference is not conducted, in that Plaintiffs' motion for class certification is due at the end of January (as currently scheduled), and Plaintiffs cannot commence discovery until the Rule 26 conference is conducted.

Further, Defendant's Ex Parte Application should be seen for what it is – a mechanism of further delay to the commencement of discovery that if granted, will substantially prejudice Plaintiffs' right and duty to conduct basic class discovery prior to filing their motion for class certification. Despite Defendant's pretextual complaints, whether Plaintiffs' Motion for Consolidation is granted will not significantly change the early meeting topics or discovery plan, much less "moot" them.

In fact, Plaintiffs' counsel in both matters subject to consolidation are ready, willing and able to be present at the early meeting as scheduled, and prepare a joint discovery plan that will cover both filed cases, whether or not consolidation takes place. Furthermore, as it has stated in its opposition to the motion for

2

consolidation, Defendant does not oppose consolidation, only the specifics thereof. Accordingly, the parties should begin dealing with the two pending cases together, in anticipation of the likely consolidation order.

Defendant's argument regarding the naming of additional named Plaintiffs from other states is likewise a red herring. After all, it is likely that no new plaintiffs will be named and, furthermore, this case, as it stands, already alleges a nationwide class action. During the early meeting, Plaintiffs plan to discuss and plan for class discovery on a nationwide basis, whether or not additional class members are later named in a consolidated complaint.

In short, Defendant is making a mountain out of a molehill. Counsel often are required to take into account various contingencies when reporting to the Court. The present situation is no different and does not warrant extraordinary relief. Defendant's Application should be denied.

## II. FACTUAL BACKGROUND

Plaintiffs' action was filed on June 3, 2010. Since that time, Plaintiffs have diligently prosecuted their claims, including numerous attempts to schedule an "early meeting" of counsel as required by Federal Rule of Civil Procedure 26(f). On October 1, October 6, October 15, October 29, and November 29, 2010, Plaintiffs' counsel wrote to counsel for Defendant, proposing multiple dates and times to schedule a Rule 26(f) early meeting to be held in October, November and then December of this year. (Eppsteiner Decl. ¶4, Exs. A-E). Plaintiffs' counsel's office also made numerous attempts to schedule the required early meeting via telephone calls to Defendant's counsel. (Eppsteiner Decl. ¶4). Each of these attempts at scheduling the early meeting was either rejected or not timely responded to by counsel for Defendant. (Eppsteiner Decl. ¶4).

On October 29, 2010, this Court issued a Notice of Intent to Schedule the Case (the "Notice of Intent"). (Docket # 22). The Notice of Intent ordered the parties to hold an early meeting of counsel 21 days before the Court issues a Scheduling Order on January 10, 2011. Defendant thereafter agreed to an early meeting date of December 17, 2010 (a date one business day prior to the 21-day deadline). (Eppsteiner Decl. ¶5).

On December 6, 2010, Plaintiffs filed a motion to consolidate this action with another action also presently pending before Judge Carney, <u>Gibson, et al. v. BSH Home Appliances Corp.</u>, Case No. SAV10-01562CJC (FFMx), filed October 14, 2010. Both actions seek to certify a class consisting of purchasers of Defendant's horizontal front-loading washing machines, alleging the same or substantially the same course of conduct, against the same Defendant, covering the same time period, alleging the same or substantially identical violations of laws, and seeking the same relief. Plaintiffs' counsel in the <u>Gibson</u> action has assented to the requested consolidation. (Eppsteiner Decl. ¶6).

Defendant's Ex Parte Application now seeks a continuance of the dates this Court has ordered for issuance of a scheduling order, early meeting and early meeting report. Defendant bases its application on the pretext that Plaintiffs' pending Motion for Consolidation will somehow affect what is accomplished at the early meeting. This is not so. Regardless of consolidation, counsel for Plaintiffs in both actions plan to be present at the early meeting and participate in the creation of a comprehensive discovery plan that addresses both actions against Defendant and a plan for discovery on a nationwide basis.

///
///
///
///

## III. ARGUMENT

### A. Defendant's Requested Relief Cannot Be Granted Ex Parte

Opportunities for legitimate ex parte relief are limited to: (1) "where there is some genuine urgency such that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition[;]" (2) "where there is a danger that notice to an opposing party will result in that party's flight, destruction of evidence ... , or secretion of assets[;]" or (3) where "a party seeks a routine order...." In re Intermagnetics America, Inc. (C.D. Cal. 1989) 101 BR 191, 193-194 (quotations and citations omitted). Defendant's Application does not fall under any of these categories.

There is no genuine urgency of "immediate and irreparable injury" to Defendant if it is required to conduct an early meeting, as previously agreed, on December 17, 2010. Plaintiff's counsel in both the Tait and Gibson actions will be present. Discovery can be jointly planned in regard to the scope and issues of each action, to the extent they differ, in a way that will not significantly affect any party, regardless of consolidation. Likewise, there is no danger that a party will flee or evidence destroyed, and Defendant's request is by no means a "routine order." (See Id.).

Further, the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. Rules Civ. Proc., rule 1. Defendant's requested relief runs contrary to this basic tenet of the Rules, without justification, by delaying the commencement of discovery and orderly prosecution of this action as provided by Rules 16 and 26.

Ex parte applications are granted in rare circumstances where relief is justified without proper notice and opportunity to be heard by the opposing party. (In re Intermagnetics America, Inc. 101 BR at 193-194). Defendant's Ex Parte Application does not request such relief, and in fact runs counter to the basic

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION-Case No. SACV10-711 CJC (ANx)

157071

principle of just and speedy prosecution set forth in Rule 1. Defendant's Application should be denied.

### B. Defendant's Application Should Be Denied Because The Consolidation Ruling Will Have No Significant Impact On The Early Meeting

Defendant claims that if Plaintiffs' pending Motion for Consolidation is granted, it will significantly impact the scope and scheduling of discovery to be discussed at the early meeting and subsequent report. Defendant complains that the early meeting and report "may be moot" depending on the later consolidation ruling. However, the resolution of the consolidation motion will have no significant effect on the early meeting or discovery in either action.

Plaintiffs' counsel for both actions subject to consolidation have conferred and are ready, willing and able to jointly conduct the early meeting on December 17, 2010, the date Defendant's counsel has already agreed to conduct the early meeting in this action. Both actions involve identical or substantially similar claims, defenses, and issues – not to mention the same defective products and Defendant. Moreover, Defendant has already indicated its desire to coordinate discovery between both actions and has indicated that it does not oppose consolidation. (Eppsteiner Decl. ¶¶ 7-8, Ex. F – November 17, 2010 letter from Defendant offering "to coordinate [the *Gibson* action] with the *Tait/Wentworth* action for purposes of discovery."; Defendant's Opposition to Motion to Consolidate, p. 2 ("BSH does not oppose the concept of filing of a Consolidated Complaint").

Defendant further states in its Opposition to Plaintiff's Motion to Consolidate that "[g]iven the current facts in this litigation, it would make sense to consolidate the litigation for purposes of discovery up to the class certification hearing...." (Opposition to Motion to Consolidate at p. 7). Clearly, the parties are

6

in agreement that, at least until the class certification hearing, discovery should be jointly conducted between the Tait and Gibson actions. The outcome of the consolidation ruling therefore has no bearing on whether pre-certification discovery will be conducted jointly or singularly between the actions – the parties agree it should be conducted jointly. Allowing completion of the early meeting and submission of the joint early meeting report as currently ordered is consistent with this goal.

Given the agreement of the parties, consolidation will most likely occur in some form or another, and, in any event, Plaintiffs' counsel of both actions plan to be present at the early meeting and participate in the creation of a discovery plan that addresses both actions before this court. Defendant's entire basis for its application – that the consolidation ruling will affect the discovery plan – is simply a red herring and pretext for further delay in commencing discovery.

Defendant further argues that that delay is necessitated by the potential designation of additional named plaintiffs from other states. As it stands, Plaintiffs do not currently intend to designate any further named plaintiffs at this time (Eppsteiner Decl. ¶9), but whether or not they do is independent of any decision on the pending motion. Plaintiffs can generally designate additional class representatives, as necessary, regardless of consolidation. 3 Herbert, Newberg & Alba Conta, Newberg on Class Actions §§16.08-.09 (3d ed. 1992); Manual for Complex Litigation, Second, §30.15, at 216 ("If replacement becomes necessary, the court may permit intervention by a new representative.'"); Trief v. Dun & Bradstreet Corp., 144 F.R.D. 193, 202 (S.D.N.Y. 1992) ("Intervention of class representatives to ensure adequate class representation is highly desirable"); Deutschman v. Beneficial Corp., 132 F.R.D. 359 (D. Del. 1990) (intervention "is appropriate in order to protect the interests of the class from defenses applying solely to [the existing class representative].").

Moreover, Plaintiffs in this action have pled a nationwide class action and discovery should be planned accordingly, whether or not five (5) class members or more are added in an amended complaint. Plaintiffs' investigation into this matter continues; additional Plaintiffs may be sought to be included at later points in this litigation. By Defendant's logic, we would require a new early meeting and discovery plan each time a new Plaintiff is added, in order to meet and confer over the same issues, and schedule the deposition of the new Plaintiff. This belaboring of scheduling issues is not justified, as Defendant suggests, by the idea that Defendant may also seek to schedule the deposition of the Plaintiff's housekeeper.

Defendant's requested relief is therefore unsupported by the circumstances of this matter, and should be denied.

### C. Defendant's Requested Relief Would Significantly Prejudice Plaintiffs' Ability To Conduct Pre-Certification Discovery; While Defendant Will Not Be Prejudiced If Its Application Is Denied

By Order of this Court, Plaintiff's Motion for Class Certification is presently due to be filed in this action on January 26, 2011.[1] (Order, Docket # 19). Discovery in this action cannot commence until the early meeting date of December 17, 2010. Fed. Rules Civ. Proc., rule 26(d)(1). This leaves a very short amount of time for Plaintiffs to propound class-based discovery to Defendant prior to filing for class-certification.

Plaintiff's counsel in this action has been diligently attempting to schedule the early meeting, and commence discovery, since early October. (Eppsteiner Decl. ¶4, Exs. A-E). Each of Plaintiffs' attempts at scheduling the early meeting were either rejected or not timely responded to by counsel for Defendant, until the

---

[1] Plaintiffs' Motion for Consolidation asks the Court to reset this date; however, as the matter stands, Plaintiffs must prepare to file for class certification on January 26, 2011.

1  Court's Notice of Intent effectively set a deadline of December 20, 2010 for the
2  early meeting. (Fed. Rules Civ. Proc., rule 26(f)(1); Eppsteiner Decl. ¶¶4-5).

3      Defendant's requested relief, which includes a further continuation of the
4  early meeting, will greatly prejudice Plaintiffs by ensuring that they have no
5  opportunity to propound discovery upon Defendant before having to move for
6  class certification. Such a result would effectively prohibit Plaintiffs from meeting
7  their burden to certify a class under Federal Rules of Civil Procedure, Rule 23.

8      As the U.S. Supreme Court has explained, "[d]iscovery often has been used
9  to illuminate issues upon which a district court must pass in deciding whether a
10 suit should proceed as a class action under Rule 23, such as numerosity, common
11 questions, and adequacy of representation." (Oppenheimer Funds, Inc. v. Sanders,
12 (1978) 437 U.S. 340, 351 n.13). Indeed, the drafters of Rule 23 recognized that,
13 "[t]ime may be needed to gather information necessary to make the certification
14 decision.... [D]iscovery in aid of the certification decision often includes
15 information required to identify the nature of the issues that actually will be
16 presented at trial." Fed. R. Civ. P. 23(c)(1)(A) advisory committee's notes (2003
17 amendments); see also Valley Drug Co. v. Geneva Pharms., Inc. (11th Cir. 2003)
18 350 F.3d 1181, 1187 (reversing class certification order and remanding "to permit
19 the parties to conduct further discovery" on certification issues).

20     Further, "[a] district court may abuse its discretion by failing to allow
21 discovery clearly tied to issues necessary to determine whether class certification is
22 proper." (Moore's Federal Practice § 28.85[1], at 23-392-23-393 (3d ed. 2009);
23 see, e.g., Mills v. Foremost Ins. Co. (11th Cir. 2008) 511 F.3d 1300, 1309
24 (reversing certification order where the "court will need to go beyond the pleadings
25 and permit some discovery ... to determine whether a class may be certified")
26 (Emphasis added.).)

27

28

Accordingly, granting Defendant's Application, and continuing the early meeting, will prejudice Plaintiffs by precluding them from conducting pre-certification discovery and meeting their burden under Rule 23. Defendants, as described above, will not be prejudiced if relief is denied, because the scope of the early meeting will not significantly change depending on the consolidation ruling. Defendant's Application should be denied.

### IV. CONCLUSION

The early meeting and report, and issuance of a scheduling order by this Court, should not be continued as Defendant requests. This relief is not appropriate for resolution on ex parte application. Moreover, the ruling on Plaintiffs' Motion for Consolidation will not significantly change the early meeting topics or discovery plan. Plaintiffs' counsel in both actions are ready, willing and able to participate in the early meeting as scheduled, and schedule the necessary discovery regardless of the consolidation ruling. A continuance of these matters, and delay of the commencement of discovery, would substantially prejudice Plaintiffs' right to conduct pre-certification discovery, and ability to meet their burden upon class certification. Plaintiffs respectfully request that Defendant's Application be denied.

Dated: December 15, 2010

EPPSTEINER & FIORICA ATTORNEYS, LLP

By: _____
Stuart M. Eppsteiner
Andrew J. Kubik
Counsel for Plaintiffs and the Class