UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-00711-CJC(ANx)            Date:  December 29, 2010

Title: <u>DIANA TAIT, ET AL. v. BSH HOME APPLIANCES CORPORATION</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM LEAD COUNSEL** [filed 12/06/10]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for January 3, 2011 at 1:30 p.m. is hereby vacated and off calendar.

      Plaintiffs Diana Tait and Nancy Wentworth brought this suit, No. SACV 10-00711 CJC (ANx), against BSH Home Appliances Corporation ("Defendant") on June 3, 2010.  The suit contains class allegations based on Defendant's design, manufacture, sales, performance, servicing and warranting of its front-loading washing machines.  On October 14, 2010, Plaintiffs Beverly Gibson and Sharon Cobb brought a second suit, No. SACV 10-01562 CJC (FFMx), against Defendant based on similar class allegations.  Before the Court is a motion filed by Plaintiffs from both suits (collectively "Plaintiffs") to consolidate these two actions and appoint interim lead counsel.  For the reasons explained below, the Court GRANTS Plaintiffs' motion to consolidate but requests further briefing as to appointment of interim lead counsel.

      Federal Rule of Civil Procedure 42(a) permits consolidation of actions pending before the same court when those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2).  "The district court has broad discretion under this rule to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-00711-CJC(ANx)                                    Date: December 29, 2010
                                                                   Page 2

consolidate" such cases. *Investors Research Co. v. United States Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). Here, each action asserts substantially the same claims against the same defendant and raises similar questions of law and fact. Indeed, the Plaintiffs represent that they intend to file a Consolidated Amended Complaint that will further focus the relevant issues of law and fact. Furthermore, judicial resources will be conserved by consolidating the cases. Although Defendant contends that consolidation should be limited to facilitating pre-class certification discovery and resolving the class certification issue, the Court believes that the suits should be consolidated for all purposes until a need to separate specific issues arises. Accordingly, Plaintiffs' motion to consolidate is GRANTED. Plaintiffs shall file the Consolidated Amended Complaint on or before February 14, 2011 after the Court has resolved the issue of lead counsel.

Defendant has also objected to two provisions of Plaintiffs' proposed order submitted in conjunction with this motion. In particular, Plaintiffs have requested that (1) appropriate suits that are subsequently filed should be automatically consolidated with the consolidated action absent objection by one of the parties, and (2) all consolidated cases should be deemed as having been filed on June 3, 2010—the date that Plaintiffs Tait and Wentworth filed the present action. The Court believes that it would be premature to resolve these issues on the present record and on a motion for consolidation. Specifically, the Court must evaluate on a case-by-case basis whether it is appropriate to consolidate subsequently filed suits. And the Court will, if necessary, resolve the date of filing issue once there is a live controversy between identifiable parties and a developed evidentiary record.

Finally, Plaintiffs have requested that the three law firms representing the four lead Plaintiffs named in the consolidated suit be appointed co-lead counsel on an interim basis. Although the Court agrees that it is important to determine the identity of lead counsel so that the consolidated action may proceed fairly and efficiently, the present record does not adequately address whether it is necessary or desirable in this case for three separate firms to serve as co-lead counsel. The Court requires additional briefing on this issue. Accordingly, Plaintiffs are directed to file their supplemental briefing on or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-00711-CJC(ANx)          Date: December 29, 2010
         Page 3

---

before January 12, 2011.  Defendant may respond on or before January 19, 2011.  A hearing to determine lead counsel is set for January 24, 2011 at 1:30 p.m.


tlh

MINUTES FORM 11
CIVIL-GEN          Initials of Deputy Clerk MU