**EPPSTEINER & FIORICA ATTORNEYS, LLP**
STUART M. EPPSTEINER (SBN 098973)
sme@eppsteiner.com
ANDREW J. KUBIK (SBN 246902)
ajk@eppsteiner.com
12555 High Bluff Dr., Ste. 155
San Diego, CA  92130
Tel. (858) 350-1500
Fax (858) 350-1501
Attorneys for Plaintiffs

**WEISS & LURIE**[1]
JORDAN L. LURIE (SBN 130013)
jlurie@weisslurie.com
ZEV B. ZYSMAN (SBN 176805)
zzysman@weisslurie.com
JOEL E. ELKINS (SBN 256020)
jelkins@weisslurie.com
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA  90024
Tel. (310) 208-2800
Fax (310) 209-2348
Attorneys for Plaintiffs

**FREED & WEISS LLC**
ERIC D. FREED (SBN 162546)
GEORGE K. LANG (*pro hac* pending)
111 West Washington Street
Suite 1331
Chicago, IL  60602
Tel. (312) 220-0000
Fax (312) 220-7777
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIANA TAIT and NANCY WENTWORTH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. SACV10-711 CJC (ANx)<br><br>*Assigned to:*<br>District Judge:  Cormac J. Carney<br>Discovery Magistrate Judge:  Arthur Nakazato<br><br>**JOINT REPORT OF EARLY MEETING** |

---

[1] Plaintiffs have included Weiss & Lurie on this caption in light of the Court's December 29, 2010 Minute Order regarding consolidation.

- 1 -

| | |
|---|---|
| 1<br>2 | BEVERLY GIBSON and SHARON COBB, individually and on behalf of all others similarly situated, |
| 3 | PLAINTIFFS, |
| 4 | vs. |
| 5<br>6 | BSH HOME APPLIANCES CORPORATION, a Delaware Corporation, |
| 7 | DEFENDANT. |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Notice Of Intent To Schedule The Case, counsel for the parties held a telephonic conference on December 17, 2010. At the Early Meeting, Plaintiffs, Diana Tait and Nancy Wentworth, were represented by Stuart M. Eppsteiner, Brian K Findley and George K. Lang[2], and Defendant, BSH Home Appliances Corporation, was represented by James Hansen and Thomas Rutherford. The parties hereby submit their Joint Report of Early Meeting. As to the matters on which the parties have not agreed, each party's position is separately stated and identified.

On December 29, 2010, Judge Cormac J. Carney granted, in part, Plaintiffs' Motion to Consolidate and Appoint Interim Lead Counsel. The Court requested further briefing on the issue of appointment of interim lead counsel and scheduled a hearing on the appointment of lead counsel for January 24, 2011.

## I.   JURISDICTION AND SERVICE

Defendant has been served and Answered the Corrected First Amended Complaint. The parties agree that this Court has jurisdiction over this case.

---

[2] Plaintiffs submit that the George K. Lang also represented Plaintiffs Beverly Gibson and Sharon Cobb at the early meeting. Defendant disagrees.

- 2 -

## II. FACTS AND LEGAL ISSUES

### A. Plaintiffs' Allegations In Complaint:

The four named Plaintiffs in this recently-consolidated case allege, on behalf of themselves and others similarly situated, that Bosch sold Bosch and Siemens brand energy-efficient front-load washing machines manufactured by Defendant ("Machines") with Defects that developed "Biofilm," a "Mold Problem," "Foul Odors" and as a result incurred Undisclosed Additional Operating Expenses (Tait Corrected First Amended Complaint. ("CFAC") ¶ ¶ 4, 5 & 6). Plaintiffs assert claims for statutory consumer protection violations (Counts I-III and VIII), breach of express warranty (Counts IV and VI), breach of implied warranty (Counts V), violation of the Magnuson-Moss Warranty Act (Count VI) unjust enrichment (Count VII) and violations of the Illinois Consumer Fraud and Deceptive Practices Act (Count VIII). Plaintiffs allege that the Defects are present in all of the Machines manufactured by Defendants, and that all said Machines have or will, regardless of owner use habits, and within their useful lives develop Biofilm, The Mold Problem and Foul Odors. Plaintiffs contend that a defect must not manifest before owners are entitled to pursue warranty, or consumer protection statutory claims. The Plaintiffs will seek certification of a Nationwide Class (defined below) based on the application of California law, as well as a California Warranty Class (defined below) or alternatively a California Class. If the court denies nationwide certification but certifies a California class, Plaintiffs will then move for Illinois, Tennessee and Maryland Classes.

Plaintiffs seek damages comprised of either the price the proposed class members paid for their Machines or the difference between what proposed Class members paid and the value of their Machines. Alternatively Plaintiffs seek restitution, which sum would approximate the damage aggregate sum of the proposed Class' damages and unjust enrichment and lastly an injunction that requires Defendant to disclose to future Machine purchasers that their Machines

generate Biofilm, the Mold Problem and Foul Odors (the latter in the Machines and on clothes washed therein).

## B. Defendant's Response to Allegations In Complaint:

It is initially noted that Defendant has not yet received the consolidated complaint. However, the first issue to be addressed in this litigation will be whether class certification should be granted. Defendant disputes that class certification is appropriate as this case involves numerous individual issues. The question of causation will be an individual issue for each person. This case is fraught with individual issues, such as (1) determining which particular persons among the many putative class members actually have mold in their washer, (2) determining what caused the mold in each person's washer such as failing to allow the inside to dry after use, failing to leave the door ajar, using too much detergent, improper installation of drain hose, etc., and (3) determining whether the owner mistakenly and unreasonably thought the machine was completely "maintenance free" as plaintiff claims.

Individual issues will further predominate regarding the question of reliance for the many misrepresentation based claims. Also, the application of the warranty claims raise individual issues based on the different state laws.

Defendant believes that it would be a waste of court and party resources to conduct multiple hearings on the issue of class certification. Defendant disagrees with plaintiffs' statements about a nationwide class and expects to brief the issue at the appropriate time. There is no judicial economy in conducting multiple hearings on multiple motions for class certification. The plaintiffs should be required to submit a single complaint with all parties included and file a single motion for class certification that covers all sub-classes.

### III.   EVIDENCE PRESERVATION

Counsel for Plaintiffs and Defendant confirm that each has taken the required steps to help ensure the preservation of potentially discoverable materials.

### IV.   DISCOVERY

#### A.   Initial Disclosures

The parties will exchange their respective Fed. R. Civ. P. 26(a)(1) initial disclosures on or before December 31, 2010.

#### B.   Scope Of Discovery

The parties agree that the scope of discovery should be limited to obtaining information necessary for a) Plaintiffs' Motion for Class Certification, b) Plaintiffs' response to Defendant's claimed defenses to Class Certification, and c) Defendant's Opposition to Plaintiffs' Motion For Class Certification.  The parties describe separately the focus of their proposed discovery of this case:

**a.   Plaintiffs' Proposed Scope of Discovery[3]:**

i. Communications from Machine owners regarding visible organic material, foul odors coming from the Machines, foul odors coming from things washed in the Machines;

ii. What information Defendant received from retailers, companies, and other individuals who serviced the Machines regarding foul odors, mold, and bacteria;

iii. What information Defendant received from consultants, engineers, retailers, companies, and other individuals who examined, designed, or serviced the Machines regarding the effectiveness of replacing the rubber door gasket to prevent accumulation of mold, mildew, and bacteria;

---

[3] Plaintiffs served Defendant with Plaintiffs' First Set of Request for Production of Documents, and Plaintiffs' First Set of Interrogatories on December 22, 2010.

- 5 -

  iv. Putative class representatives' and proposed class members' use of, care for and experience with the Machines;

  v. The putative class representatives' and proposed class members' decisions to purchase Defendant Machines;

  vi. What information putative class representatives and proposed class members received at the time they purchased their Machines;

  vii. What information putative class representatives and proposed class members received regarding the Machines from other sources; and

  viii. The efficacy of design changes Defendant made to its Machines and of any repairs Defendant made to the putative class representatives' and proposed class members' Machines.

  ix. Defendant's engineering, design, testing, manufacturing, marketing, sales, service and internal writings and communications about the Machines;

  x. Defendant's, its subsidiaries', parent's and agents' knowledge regarding mold, bacteria and other organic material and foul odors that develop inthe Machines;

  xi. Defendant's testing of the Machines;

  xii. Whether Defendant's testing, and/or disassembly of used Machines, or information from service personnel or other sources provided Defendant with knowledge that its Machines accumulate mold, mildew, fungus, and/or bacteria;

  xiii. Whether Defendant's conduct violated the consumer protection statutes of class representatives' states;

     xiv. Whether Defendant breached its express warranties;

     xv. Whether Defendant breached its implied warranties;

     xvi. Whether Defendant violated or breached the Song-Beverly Act of California;

     xvii. Whether Defendant violated or breached the Magnuson-Moss Warranty Act;

     xviii. Whether Defendant's design of all or a part of the Machines is defective;

     xix. Whether Defendant made adequate disclosure to the class members that its Machines would develop mold, mildew, fungus, and/or bacteria; and

     xx. Whether Defendant made adequate disclosure to the Class members that its Machines require extraordinary maintenance.

     xxi. Inspection of Machines Defendant used as prototypes, for testing, took-back from consumers, including those consumers that complained of mold, mildew and foul odors from their Machines, and other machines Defendant has that are not built and waiting for sale; along with the use history of said Machines

### b. Defendant's Proposal Re Discovery:

Defendant believes the discovery proposed by plaintiff is extremely overbroad and unnecessary for class certification. Further, some of plaintiffs' proposed discovery is unnecessary because Plaintiffs' counsel previously litigated a nearly identical action in Los Angeles County Superior Court against BSH in which class certification discovery was completed and the Motion for Class Certification briefed. (*Kleinman v. BSH*, LASC Case No. BC417680.) Plaintiffs'

counsel dismissed the case on the eve of the hearing on the class certification motion, but since the issues remain the same, there is no need to "re-create the wheel."

Defendant expects to conduct written and deposition discovery regarding the use of the plaintiffs' washers and plaintiffs' claims/evidence as related to class certification and defendant's opposition to plaintiffs' Motion for Class Certification. Defendant also seeks to complete the testing of the Tait washer which it was previously precluded from doing at the plaintiffs' inspection in November 2010.

### C.   Limitations of Discovery

Rule (30)(a)(2)(A)'s 10 deposition limit will apply to each party regarding pre-certification discovery. Defendant submits that depositions of experts who will be submitting testimony or evidence in support of, or opposition to, the motion for class certification should be taken at the noticing party attorney's office in California. Plaintiffs submit that the depositions of experts who will be submitting testimony or evidence in support of, or opposition to, the motion for class certification should be taken at a mutually-agreeable and convenient location. Experts will be made available for deposition within 10 days after filing of the Motion for Class Certificaiton or Opposition. Plaintiffs will take Defendant's deposition at Defendant's counsel's Orange County office; Defendant will take Plaintiff Wentworth's deposition at Eppsteiner & Fiorica's San Diego office and Plaintiff Diana Tait's deposition at Freed and Weiss' Chicago office.

Either party may seek leave of the Court to serve additional interrogatories or take additional depositions.

### D.   Electronically Stored Information

The parties intend to negotiate to set forth electronic and hard copy discovery protocols and procedures, as needed, in order to effectuate the most cost effective and expeditious discovery plan for the collection of necessary

"electronically stored information" relating to class certification issues, including the form or forms in which it should be produced, pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure.

### E. Discovery Deadlines

The parties agree that it is not necessary to set discovery deadlines in advance of the hearing on the plaintiffs' motion for class certification.

### F. Inspection of Washing Machines And Property

The parties agree to follow Rule 34 regarding inspections of tangible things, including washing machines, and entry onto land for inspections.

### G. Stipulated Protective Order

The parties intend to negotiate a stipulation and protective order governing Defendant's production and use of confidential material, if any, prior to the exchange of discovery of confidential material.

### H. Discovery Motions

#### a. Plaintiffs' Position.

Plaintiffs anticipate that they will file a motion to compel the production of the Machines in Defendant's possession, custody, care and control.

#### b. Defendant's Position

Defendant believes it is premature to predict a discovery motion at this time.

### I. Discovery Prior To Early Meeting

Prior to the early meeting and not pursuant to Rule 34, plaintiff conducted an inspection and disassembly of the Tait and Wentworth Washers and allowed Defendant's counsel and its expert to attend. However, Defendant was prohibited from running the test cycles on the Tait washer it requested and will seek to do so pursuant to FRCP Rule 34.

## V. CUT-OFF FOR AMENDMENT OF PLEADINGS AND ADDING NEW PARTIES

Pursuant to the Court's December 29, 2010 Order, Plaitiffs will file a Consolidated Amended Complaint by February 14, 2011. Defendant requests that February 14, 2011 be the cut-off for adding new parties. Plaintiffs disagree.

## VI. MOTION FOR CLASS CERTIFICATION

### A. Plaintiffs' Position Re Filing Certification Motion

The plaintiffs propose the Court order Plaintiffs in the consolidated action to file their motion for certification of a Nationwide Class and a California Warranty Class. The Nationwide class would be governed by California law, since BSH is based in California and has most of its applicable operations in California. Alternatively, the Plaintiffs will move for certification of a class of all California owners of the machines. After the Court rules on whether the proposed Nationwide Class should be certified the Court can order additional certification motions to be filed. (If the matter is certified as a Nationwide class, no additional certification motions will be needed. If the court denies Nationwide certification applying California law, Plaintiffs propose to file a supplemental motion to certify classes represented by the named plaintiffs then in the case).

### B. Defendant's Position Re Filing Certification Motion

Defendant believes that it would be a waste of court and party resources to conduct multiple hearings on the issue of class certification. Defendant disagrees with plaintiffs statements about a Nationwide class and expects to brief the issue at the appropriate time. There is no judicial economy in conducting multiple hearings on multiple motions for class certification. The plaintiffs should be required to submit a single complaint with all parties included and file a single motion for class certification that covers all sub-classes.

## C. Plaintiff's Position Re Briefing Schedule

Plaintiffs propose the following class certification briefing schedules given the Court's December 29, 2010 Order consolidating the *Tait* and *Gibson* actions:

| CERTIFICATION BRIEFING SCHEDULE: |
| --- |
| Motion for Nationwide, and California Warranty Class Certification and Supporting Papers<br>8/1/2011 |
| Opposition to Motion for Nationwide, and California Warranty Class Certification and Supporting Papers<br>9/22/2011 |
| Reply in Support of Motion for Nationwide, and California Class Certification and Supporting Papers<br>10/12/2011 |

## D. Defendant's Position Re Briefing Schedule

Given the Court's minute order that a single consolidated complaint must be filed by February 14, 2011, and given the investigation and discovery to date in this case and the prior *Kleinman* action, Defendant proposes that the certification motion be filed April 18, 2011. Defendant does not agree with plaintiffs' proposed extended timeline for class certification. Plaintiffs' Motion For Class Certification was originally required to be filed on October 12, 2010 and the parties stipulated to an extension to January 26, 2011 to allow the inspection of plaintiffs washers in Iowa and Illinois. (Stipulation and Order at Docket No. 19.) Defendant suggests the following timeline:

| Date | Activity |
|---|---|
| February 14, 2011 | Consolidated Complaint Filed and All Parties Added |
| April 18, 2011 | Motion for Class Certification Due |
| May 31, 2011 | Opposition To Motion For Class Certification |
| June 20, 2011 | Reply To Motion For Class Certification |
| TBD by Court | Hearing on Motion For Class Certification |

## VII.   SETTLEMENT AND ADR

The parties have discussed the propriety of settlement discussions and BSH believes such is premature at this time.

## VIII.   TRIAL ESTIMATE

In light of the uncertainties with respect to the number of potential plaintiffs and whether or not this action will proceed as a class action or individual action, the parties agree that it is premature to offer a trial estimate at this time.

The parties agree that it is premature to set a trial date as the primary issue is class certification.  The parties propose that setting a trial date be reserved until after the hearing on the Motion for Class Certification.

## IX.   TRIAL ATTORNEYS

Stuart Eppsteiner, George Lang, and Jordan Lurie will be the lead trial attorneys for Plaintiffs, with Eric Freed, Andrew Kubik, and Andrew Fiorica assisting.  James Hansen and Thomas Rutherford will be the trial attorneys for Defendant.

**X.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Plaintiffs have filed the "Certification and Notice of Interested Parties" required by Local Rule 7-1.1, and other than the named parties have no such interests to report.

Defendant has filed its "Corporate Disclosure Statement" required by Fed. R. Civ. P. 7.1 and the "Certification and Notice of Interested Parties" required by Local Rule 7-1.1.

DATED: December 30, 2010       EPPSTEINER & FIORICA ATTORNEYS, LLP

By: /s/ Stuart M. Eppsteiner
Stuart M. Eppsteiner, Esq.
Andrew P. Fiorica, Esq.
Andrew J. Kubik, Esq.
Attorneys for Plaintiffs

/s/ Eric D. Freed
FREED & WEISS LLC
Attorney for Plaintiffs

/s/ Jordan L. Lurie
WEISS & LURIE
Attorney for Plaintiffs

DATED: December 30, 2010       WILLIS DEPASQUALE, LLP

By___/s/ James M. Hansen
JAMES M. HANSEN
THOMAS M. RUTHERFORD, JR.
Attorneys for Defendant,
BSH HOME APPLIANCE CORPORATION

# PROOF OF SERVICE

**C.C. P. 1010.5, 1010.6, 1010.2, 1013a (3)**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: Eppsteiner & Fiorica Attorneys, LLP, 12555 High Bluff Drive, Suite 155, San Diego, CA 92130.

On **December 30, 2010**, I served the following document(s) described as:

**JOINT REPORT OF EARLY MEETING**

On interested parties, on the interested parties, as follows:

James Hansen, Esq.
Thomas M. Rutherford, Jr., Esq.
WILLIS DEPASQUALE, LLP
725 West Town & Country Road, Suite 550
Orange, California 92868
*Fax: (714) 544-6202*

    **X**    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

    ___    **(BY OVERNIGHT MESSENGER SERVICE)** I caused said document(s) to be deposited in the receptacle for overnight services and requested that it be delivered to the above-named parties/attorneys by way of priority next day delivery according to the clearly posted guidelines of said overnight carrier.

    ___    **(BY FACSIMILE)** I caused said document(s) to be transmitted electronically to the interested parties at the facsimile number(s) as stated on the attached service list.

    **X**    **(BY ECF) (E-Service)** I caused said document(s) to be transmitted electronically to the interested parties pursuant to the ECF Service List.

    **X**    (State) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Dated: December 30, 2010                                                /s/ Lupe Suro Horn

158534

- 0 -
PROOF OF SERVICE