1
2
3
4
5
6
7
8
9
10
11

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIANA TAIT, NANCY WENTWORTH, BEVERLY GIBSON, SHARON COBB and TRISH ISABELLA individually and on behalf of all others similarly situated, | Case No. SACV10-711 CJC (ANx) |
| Plaintiffs, | ~~[PROPOSED]~~ **PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |
| vs. | |
| BSH HOME APPLIANCES CORPORATION, a Delaware Corporation, | *Assigned to:* District Judge: Cormac J. Carney Discovery Magistrate Judge: Arthur Nakazato |
| Defendant. | |

IT IS HEREBY ORDERED, based on the stipulation of the parties, and sufficient cause being found therefor, that this Protective Order shall be entered on the terms set forth herein and shall govern the handling of

- 1 -

documents, answers to interrogatories, responses to requests to admit, responses to demands for documents, depositions, deposition exhibits, pleadings, exhibits, and all other information produced or obtained by any party or non-parties in the course of this action that contains "Confidential Information" as defined herein.

## A. DEFINITION OF CONFIDENTIAL INFORMATION

"Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which is designated when it is produced as "Confidential" by the supplying party. In designating information as Confidential Information, the party so designating will make such designation only as to that information which has not been made public by the designating party that it believes contains trade secret, confidential, private, and/or proprietary information.    By designating a document, thing, material, testimony or other information "Confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of the Federal Rule of Civil Procedure 26 (g).

If a party claims a document produced by a third party is Confidential Information ("Confidentiality Claimant") and its counsel notifies the other party's counsel ("Recipient") that the Confidentiality Claimant is claiming said information or thing is Confidential Information, the Recipient will treat said information or thing as Confidential Information pursuant to the terms of this Protective Order for thirty days from the date of notice of Confidentiality Claimant's

-2-

position.  If Recipient disagrees that said 3rd party thing or information is Confidential Information, Confidentiality Claimant will file a motion for protective order within thirty days of said notice by Recipient.  If said motion is not timely filed, Recipient may use said thing or information as they chose. If Confidentiality Claimant files a motion for protective order, the  thing or information, produced by a third party shall be treated as Confidential Information pursuant to the terms of this Protective Order until the court issues its order on said motion for Protective Order.  The Recipient agrees to treat the third party thing or information as ordered by said court.

**B.   PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION**

1.   Confidential Information shall include all documents provided by a party which have been designated as confidential by marking the page: "CONFIDENTIAL".  In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

2.   The identification of information as Confidential by a supplying party shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made.

3.   Information provided by oral testimony given in a deposition may be designated as confidential by indicating on the record at the deposition the testimony which the asserting party claims is Confidential Information and subject to the provisions of this Order.

- 3 -

No Confidential Information may be read by anyone other than a Qualified Person.   The parties will inform the court reporter who is stenographically recording said testimony to mark those portions of the testimony they assert is Confidential Information. The party that requests a portion of the deposition testimony be marked as "Confidential" shall pay all amounts that the court reporter charges for marking portions of the deposition transcript as "Confidential Information."

4.   If any party believes that a document or other information, which has been designated as Confidential Information is not Confidential Information, that party will notify the party asserting the information is Confidential Information and the parties shall resolve their dispute as provided by FRCP and Local Rules.  If no agreement can be reached, the party seeking to challenge the designation of the document shall file a Motion for Relief.  Until the Court resolves the motion, the document will be treated as Confidential subject to the terms of this Protective Order.

## C.   QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION

1.   Information or material designated as Confidential Information, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

(a)   counsel of record of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the

- 4 -

information or material be shown for the purposes of this litigation, and defendant's in-house counsel;

(b)   a named party, or a present or former officer, director, employee, of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c)   consultants and experts retained or employed to assist the attorneys of named parties in the prosecution, defense, or settlement of this action;

(d)   court reporters and videographers employed in connection with this action;

(e)   graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section D herein;

(f)   non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section D herein; and

(g)   any other person only upon Order of the Court or upon prior written consent of the party who designated the information or material confidential, subject to and conditioned upon compliance with Section D herein.

2.   All persons listed in Section C(1)(c), (e), (f) and (g) above may be given access to information or material designated as "Confidential Information provided that they first confirm their understanding and agreement to abide by the terms of this Protective

- 5 -

Order by completing and signing a copy of an undertaking in the form attached hereto as ***Exhibit A***. However, as to deposition witnesses, a party's attorney may show a witness, who comes within the description of Section C(1)(b) above, this Protective Order and Exhibit A thereto and have them orally agree on the record to Exhibit A and sign Exhibit A.

3.     Any person may be examined as a witness during a deposition concerning any information or material designated as "Confidential Information" to which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential Information" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information, provided that the examining party's attorney may show a witness, who comes within the description of Section C(1)(b) above, this Protective Order and Exhibit A thereto and have them orally agree to Exhibit A.

D.     **RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

1.     Any information designated as Confidential Information shall not be made available or disclosed to any person other than the Qualified Persons identified in Section C. Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information shall not suffer or permit its disclosure or that

- 6 -

of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information.

2.     Disclosure of all items designated as Confidential Information in this action shall be solely for the purposes of this action, United States District Court, Central District of California, No. SACV 10-711 CJC (ANx) unless and until such designation is removed either by Stipulation by attorneys for the named parties or by Order of the Court.

3.     With respect to information designated as Confidential Information, no copies of documents, testimony, or other information shall be received, kept, or maintained by individuals other than the Qualified Persons as defined above.

4.     Any document designated as CONFIDENTIAL shall be filed with the court only if it is under seal. Any party wishing to file under seal any document or other item designated "CONFIDENTIAL" or otherwise designated as Confidential Information shall do so in compliance with Civil Local Rule 79-5.1.  In addition to the written application filed by the filing party, any non-filing party shall have 14 days from the date of filing to file a brief supporting the request that the documents remain confidential and under seal and that during this time period, the Court will not make any ruling on the written application.

5.     In the event an attorney to this litigation seeks to show any documents or other information designated as Confidential Information to anyone other than a Qualified Person, that attorney shall first advise opposing counsel at least five (5) calendar days in advance, and seek to reach an informal resolution of such matters.  In the event

- 7 -

that agreement cannot be reached, the party seeking to show the Confidential Information shall apply to the Court for relief from this Protective Order.

**E.    NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall continue to apply during the time period in which the trial of this action occurs, but shall not apply to the trial itself.  Any party may, at or before the time of trial, seek an Order of the Court to restrict access to particular documents or testimony in the trial.

**F.    NO ADMISSION OR WAIVERS**

The execution of this Order shall not:

1.    constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential documents or information; or

2.    be construed as an admission or agreement that any document or information designated as Confidential is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

**G.    INADVERTENT DISCLOSURE**

Inadvertent disclosure of documents or information claimed to be privileged or protected by the producing party shall be treated according to the requirements of FRCP 26(b)(5)(B).

**H.    RETURN OF DOCUMENTS**

1.    The parties shall destroy any such documents produced to it by the other party within sixty (60) days of final termination of this litigation.  Nothing in this paragraph would require a party to destroy its own documents.

- 8 -

1

2

**IT IS SO ORDERED.**

3

4

DATED:  <u>March 28, 2011</u>

ARTHUR NAKAZATO
_____

5

Hon. Arthur Nakazato
Magistrate Judge, U.S. District Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS
Case No. SACV10-711 CJC (ANx)

1          **EXHIBIT A**

2

3   JAMES M. HANSEN, ESQ. (SBN 180177)
    THOMAS M. RUTHERFORD, JR., ESQ. (SBN 192242)
4   **WILLIS DEPASQUALE, LLP**
    725 W. Town & Country Road, Suite 550
5   Orange, California 92868
    Tel    :    (714) 544-6000
6   Fax    :    (714) 544-6202
    Email  :    jhansen@wdlegal.net
7   Email  :    trutherford@wdlegal.net

8   Attorneys for Defendant,
    **BSH HOME APPLIANCES CORPORATION**
9

10

11          **IN THE UNITED STATES DISTRICT COURT**

12   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

13

14

15   DIANA TAIT and NANCY                    ) Case No. SACV10-711 CJC (ANx)
     WENTWORTH, individually and on          )
16   behalf of all others similarly situated, ) **STIPULATION AND PROTECTIVE**
                                              ) **ORDER RE USE OF**
17                                            ) **CONFIDENTIAL DOCUMENTS**
            Plaintiffs,                       ) **AND INFORMATION**
18                                            )
       vs.                                    )
19                                            )
                                              )
20   BSH HOME APPLIANCES                      )
     CORPORATION, a Delaware                  )
21   Corporation,                             ) *Assigned to:*
                                              ) District Judge:  Cormac J. Carney
22                                            ) Discovery Magistrate Judge:  Arthur
            Defendant.                        ) Nakazato
23                                            )
                                              )
24   _____

25

26          I hereby certify that I have carefully read the Stipulation and Protective

27   Order Re Use of Confidential Documents and Information in the above-captioned

28   case, and that I fully understand the terms of the Court's Order.  I recognize that I

                                   - 1 -

1  am bound by the terms of that Order, and I agree to comply with those terms. I

2  hereby consent to be subject to the personal jurisdiction of the United States

3  District Court for the Central District of California in respect to any proceedings

4  relative to the enforcement of that Order, including any proceeding related to

5  contempt of Court.

6       Dated this _____ day of _____, 2011.  Executed at

7  _____(city and state).

8

9

10     _____Print Name

11               _____

12               Signature

13

14

15

16

17 Name:

18 Affiliation:

19 Business Address:

20 Home Address:

21

22

23

24

25

26

27

28

- 2 -

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California, I am over the age of 18 years and not a party to the within action; my business address is 725 W. Town & Country Road, Suite 550 Orange, California.

On this date, I served the foregoing document described as:

## [PROPOSED] PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

Said document was served on the interested party or parties in this action by placing a true copy thereof, enclosed in a sealed envelope, and addressed as noted below.

I am familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one working day after the date of deposit for mailing in this declaration.

_____   (By Mail)  I deposited such envelope in the mail at Orange, California. The envelope was mailed with postage thereon fully prepaid.

_____   (By Facsimile)   In addition to regular mail, I sent this document via facsimile, number(s) as listed on the attached mailing list.

__XX__   (By ECF) (E-Service) I caused said document(s) to be transmitted electronically to the interested parties pursuant to the ECF Service List.

_____   (By Personal Service)  Such envelope was delivered by hand to the below addressee.

_____   (By Overnight Mail)  I arranged for such envelope was delivered to the following addresses by overnight mail.

Executed on March 28, 2011, at Orange, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Donnal J. Hunt
_____

- 10 -

PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS
Case No. SACV10-711 CJC (ANx)

| | |
|---|---|
| 1 | **MAILING LIST** |

Case Name   :  TAIT  and  WENTWORTH  v.  BSH  HOME  APPLIANCES
                       CORPORATION
Court          :  USDC – SOUTHERN DIVISION
Case No.    :  SACV10-711 CJC (ANx)

| | |
|---|---|
| Stuart M. Eppsteiner, Esq. | Elmer Robert Keath, III, PC |
| Andrew J. Kubik, Esq. | **LAW OFFICES OF** |
| **EPPSTEINER & FIORICA** | **ELMER ROBERT KEACH, III, PC** |
|    **ATTORNEYS, LLP** | 1040 Riverfront Center |
| 12555 High Bluff Drive, Suite 155 | P.O. Box 70 |
| San Diego, CA 92130 | Amsterdam, NY 12010 |
| T:   (858) 350-1500 | T:   (518) 434-1718 |
| F:   (858) 350-1501 | F:   (518) 770-1558 |
| sme@eppsteiner.com | bobkeach@keachlawfirm.com |
| ajk@eppsteiner.com | **Attorneys Plaintiffs** |
| **Attorneys for Plaintiffs and the Class** | |
| | |
| Jordan L. Lurie, Esq. | Daniel C. Levin, Esq. |
| Zev B. Zysman, Esq. | **LEVIN, FISHBEIN, SEDRAN &** |
| **WEISS & LURIE** | **BERMAN** |
| 10940 Wilshire Boulevard, Suite 2300 | 510 Walnut Street, Suite 500 |
| Los Angeles, CA 90024 | Philadelphia, PA 19106 |
| T:   (310) 208-2800 | dlevin@lfsblaw.com |
| F:   (310) 209-2348 | T:   (215) 592-1500 |
| jlurie@weisslurie.com | F:   (2115) 592.4663 |
| zzysman@weisslurie.com | **Counsel for Plaintiffs** |
| **Attorneys for Plaintiffs** | |
| | |
| Eric D. Freed, Esq. | |
| George K. Lang, Esq. | |
| **FREED & WEISS LLC** | |
| 111 W. Washington Street, Suite 1331 | |
| Chicago, IL 60602 | |
| T:   (312) 220-0000 | |
| F:   (312) 220-7777 | |
| eric@freedweiss.com | |
| george@freedweiss.com | |
| **Attorneys for Plaintiffs** | |

- 11 -