1  **EPPSTEINER & FIORICA ATTORNEYS, LLP**
   Stuart M. Eppsteiner (SBN 098973)
2  sme@eppsteiner.com
   Andrew J. Kubik (SBN 246902)
3  ajk@eppsteiner.com
   12555 High Bluff Dr., Ste. 155
4  San Diego, CA  92130
   Tel. (858) 350-1500
5  Fax (858) 350-1501

6  Interim Lead Counsel for Plaintiffs

7  Additional counsel listed on signature page

8

9           **IN THE UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

11

12 SHARON COBB, BEVERLY            ) Case No. SACV10-711 CJC (ANx)
   GIBSON, TRISH ISABELLA, DIANA  )
13 TAIT, NANCY WENTWORTH,         )
   individually and on behalf of all others ) **PLAINTIFFS' OPPOSITION TO**
14 similarly situated,            ) **DEFENDANT'S MOTION TO**
                                  ) **DISMISS THE CONSOLIDATED**
15                               ) **AMENDED COMPLAINT**
              Plaintiffs,         )
16                               )
                                  )
17       vs.                      ) *Assigned to:*
                                  ) District Judge:  Cormac J. Carney
18 BSH HOME APPLIANCES            ) Discovery Magistrate Judge:  Arthur
   CORPORATION, a Delaware        ) Nakazato
19 Corporation,                   )
                                  )
20                               )
              Defendant.          )
21                               )
                                  )
22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CAC

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ……..……..….…………………………………1

II.  PROCEDURAL BACKGROUND ……………………………………1

III. STANDARD OF REVIEW……………………………………....…2

IV.  THE COURT SHOULD STRIKE OR DENY BOSCH'S
     MTD FOR VIOLATING L.R. 7-3……………………………………3

V.   PLAINTIFFS HAVE SUFFICIENT ALLEGED VIOLATIONS OF CA,
     IL, MD, NY AND TN CONSUMER PROTECTION STATUTES…………5

     A)  Bosch's Material Omissions ………………………………6

     B)  Bosch's Affirmative Misrepresentations ……………….…………7

     C)  Bosch's Unlawful and Unfair Warranty Practices ……..……………11

     D)  Reliance Is Either Not Required, Presumed/Inferred, or Pled ………13

     E)  The MCPA and CA Law Apply to Plaintiff Gibson's Purchase ……..13

     F)  The TCPA May Be Adjudicated As A Class Action
         in Federal Court ………………………………………13

VI.  PLAINTIFFS HAVE SUFFICIENTLY ALLEGED CLAIMS FOR
     BREACH OF EXPRESS WARRANTY ……………………………16

     A)  Plaintiffs Are Not Required to Attach the Actual Written Warranty
         to the Complaint Under Rule 8(a), the Terms of Which Plaintiffs
         Have Nonetheless Set Forth Verbatim in the Complaint …………17

     B)  Plaintiffs Have Sufficiently Alleged A Defect In Material Or
         Workmanship………………………………………………18

     C)  Plaintiffs Are Not Required to Allege That Bosch Refused To
         Repair the Mold Defect in the Washing Machines Upon
         Plaintiffs' Request ………………………………………18

     D)  Plaintiffs Sufficiently Alleged a Breach of Express Warranty
         Claim for Damages Beyond Repair and Replacement ……………19

VII.   PLAINTIFFS HAVE SUFFICIENTLY ALLEGED CLAIMS FOR
       BREACH OF IMPLIED WARRANTY CLAIM............................20

       A) Plaintiffs Are Not Required To Allege Vertical
          Privity As Third Party Beneficiaries .....................................21

       B) Plaintiffs Have Sufficiently Alleged That the Washing Machines
          Are Unmerchantable.................................................................22

VIII.  PLAINTIFFS SEVENT CAUSE OF ACTION FOR
       UNJUST ENRICHMENT SHOULD BE SUSTAINED.....................23

       A) Plaintiffs Can Plead Unjust Enrichment Claims in the Alternative ....23

       B) Plaintiffs Have Pled a Viable Claim for Unjust Enrichment Under
          California Law ........................................................................23

       C)  New York Law Does Not Necessarily Require Privity for
           Unjust Enrichment Claim ........................................................24

IX.    CONCLUSION ..............................................................24

1

## **Table of Authorities**

2

<u>**Cases**</u>                                                                      <u>**Page**</u>

3
*Ackerman v. Coca-Cola Co.*
      CV-09-0395 (JG), 2010 WL 2925955 at *23 (E.D.N.Y. July 21, 2010) ..................... 10

4
*Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*
5      CV 09-2140PSGJCX, 2009 WL 3346784 at *4 (C.D. Cal. Oct. 13, 2009) .................4

6
*Alvarez v. Am. Isuzu Motors*
      794 N.E.2d 16, 24 (Ill. App. Ct. 2001)..................................................... 22

7
*Akparewa v. Amoco Oil Co.*
8      138 Md. App. 351, 364 (Md. Ct. Spec. App. 2001) ..................................... 11

9
*Apple & AT & TM Antitrust Litig.*
      596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008) ...........................................3,5

10
*Arar v. Ashcroft*
11      585 F.3d 559, 567 (2d. Cir. 2009). ........................................................ 2

12
*Ashcroft v. Iqbal*
      __U.S.__, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).......................... 2

13
*Belfour v. Schaumburg Auto*
14      713 N.E.2d 1233 (Ill. App. Ct. 1999).................................................... 19

15
*Bell Atl. Corp. v. Twombly*
      550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)....................... 2

16
*Bettua v. Sears, Roebuck and Co.*
17      2009 WL 230573, at *4 (N.D. Ill. 2009)................................................ 16

18
*Bruce v. Harley-Davidson, Inc.*
      CV 09-6588 CAS, 2010 WL 3521775 (C.D. Cal. Jan. 15, 2010) ....................21

19
*Cartwright v. Viking Indus., Inc.*
20      2:07-CV-02159FCDEFB, 2009 WL 2982887 (E.D. Cal. Sept. 14, 2009)................... 7

21
*Consumer Prot. Div. v. Outdoor World Corp.*
      91 Md. App. 275 (Md. Ct. Spec. App. 1992)....................................... 13

22
*County of San Bernardino v. Walsh*
23      158 Cal. App. 4th 533, 542-43 (2007) ...............................................23

24
*Cox v. Microsoft Corp.*
      8 A.D.3d 39, 41 (N.Y. App. Div. 1st Dep't 2004)..................................24

25
*Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*
26      250 F.3d 570, 576 (7th Cir. 2001) ................................................... 9

27

28

*Demmick v. Cellco P'ship*
    CIV.A. 06-2163 JLL, 2010 WL 3636216 at * 23 (D.N.J. Sept. 8, 2010) .....................11

*Dickerson v. Electrolux Home Products, Inc.*
    2011 WL 831916, at *1 (C.D. Cal. Feb. 3, 2011) ..............................................6,18_

*Doran v. Del Taco, Inc.*
    SACV 04-46 CJC (ANX), 2005 WL 3478120 (C.D. Cal. July 19, 2005) ...................._4

*Forrest v. P & L Real Estate Inv. Co.*
    134 Md. App. 371, 387 fn. 3 (Md. Ct. Spec. App. 2000)......................................12

*Gerlinger v. Amazon.com, Inc.*
    311 F. Supp. 2d 838 (N.D. Cal. 2004)........................................................... 23

*Ghirardo v. Antonioli*
    14 Cal. 4th 39, 50 (1996)........................................................................ 23

*Gilpin v. J.B. Colt Co.*
    7 Tenn. App. 630, (App. Ct. Tenn. 1928)...................................................... 22

*Gonzalez v. Drew Indus. Inc.*
    CV 06-08233 DDP, 2007 WL 7287245 at *11 ..................................................21

*Gusse v. Damon Corp.*
    470 F. Supp. 2d 1110, 1116 fn.9 (C.D. Cal. 2007) .............................................21

*Halicki v. Carroll Shelby Int'l, Inc.*
    CV 04 8813 SJO(PJWX), 2005 WL 5253338 (C.D. Cal. Nov. 14, 2005)................... 4

*Halicki Films, LLC v. Sanderson Sales & Mktg.*
    547 F.3d 1213 (9th Cir. 2008) .................................................................... 4

*Harper v. LG Electronics USA, Inc.*
    595 F. Supp. 2d 486, 491 (D.N.J. 2009)........................................................ 6

*Hirn v. Teledyne Continental Motors*
    1994 WL 685071, at *3 (N.D. Ill. 1994)....................................................... 21

*In re Mattel, Inc.*
    588 F.Supp.2d 1111, 1118 (C.D. Cal. 2008) ................................................... 5

*In re NVIDIA GPU Litig.*
    C 08-04312 JW, 2009 WL 4020104 at *4 ...................................................... 21

*In re Tobacco II Cases*
    46 Cal. 4th 298, 326 (2009), reh'g denied (Aug. 12, 2009)(citations omitted) ......... 12,13

*In re Toyota Motor Corp. Unintended Acceleration Marketing,*
*Sales Practices, and Products Liability Litigation*
    --- F.Supp.2d ---, 2010 WL 4867562 at *23 (C.D. Cal. Nov. 30, 2010)................. 20, 21

*In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*
    1:08-WP-65000, 2010 WL 3655954 (N.D. Ohio Sept. 15, 2010) ...........................6

*Joswick v. Chesapeake Mobile Homes, Inc.*
    765 A.2d 90 (App. Ct. Md. 2001) ...............................................19

*Kearns v. Ford Motor Co.*
    567 F.3d 1120, 1125 (9th Cir. 2009)............................................ 7

*Keilholtz v. Superior Fireplace Co.*
    C 08-00836 CW, 2009 WL 839076 (N.D. Cal. Mar. 30, 2009) ........................23

*Kwikset Corp. v. Superior Court*
    51 Cal. 4th 310, (2011), 120 Cal.Rptr. 741, 744 (2011)......................... 8, 12

*Lazar v. Hertz Corp.*
    69 Cal. App. 4th 1494, 1505 (1999)............................................13

*Lectrodryer v. SeoulBank*
    77 Cal. App. 4th 723, 726 (2000) ...........................................23

*Manufacturers Hanover Trust Co. v. Chemical Bank*
    160 A.D.2d 113, 117 (N.Y. App. Div. 1st Dep't 1990) .........................24

*Marino v. Maytag Atl. Co.*
    141 N.Y.S.2d 432, 437 (N.Y. Mun. Ct. 1955) .................................22

*Marolda v. Symantec Corp.*
    672 F. Supp. 2d 992, 1003 (N.D. Cal. 2009) ................................. 5

*Massachusetts Mut. Life Ins. Co. v. Superior Court*
    97 Cal. App. 4th 1282, 1289-90 (Cal. Ct. App. 2002) .........................9

*McKell v. Washington Mutual, Inc.*
    142 Cal. App. 4th 1457, 1489 (Cal. App. Ct. 2006) ......................... 17

*Mirkin v. Wasserman*
    5 Cal. 4th 1082, 1093, n.4 (1993)............................................ 7

*Molsbergen v. United States*
    757 F.2d 1016, 1018-19 (9th Cir. 1985) ....................................23

*Monaghan v. El Dorado County Water Agency*
    2010 WL 3033780, at *8 n. 5 (E.D. Cal. July 30, 2010).......................17

*Nassau Suffolk White Trucks, Inc. v. Twin County Transit Mix Corp.*
    62 A.D.2d 982 (N.Y. A. D. 1978)............................................ 22

*Nassirpour v. F.D.I.C. As Receiver For Indymac Bank, FSB,*
    CV08-7164-GHKAJWX, 2008 WL 5412432 (C.D. Cal. Dec. 29, 2008) ................. 4

*Neung Kang v. PB Fasteners*
    268 F. App'x. 545, 548 (9th Cir. 2008) .....................................4

*Nordberg v. Trilegeant Corp.*
    445 F. Supp. 2d 1082, 1097 (N.D. Cal. 2006)................................5, 24

*Norwalk v. Manufacturers & Traders Trust Co.*
   80 A.D.2d 745, 746 (N.Y. App. Div. 1981).................................................... 11

*Oliveira v. Amoco Oil Co.*
   201 Ill.2d 134, 155 (2002)............................................................................. 9

*Oshana v. Coca-Cola Bottling Co.*
   225 F.R.D. 575, 577 (N.D. Ill. 2005) *aff'd sub nom*...................................9

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*
   85 N.Y.2d 20, 26 (1995) ..............................................................................12

*Pelman v. McDonald's Corp.*
   237 F. Supp. 2d 512, 525 (S.D.N.Y. 2003) .........................................................

*Petroleum Co. v. Shutts*
   472 U.S. 797, 818, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985)..................................... 14

*Plascencia v. Lending 1st Mortg.*
   259 F.R.D. 437, 447 (N.D. Cal. 2009) ............................................................. 7

*Praxair, Inc. v. General Insulation Co.*
   611 F. Supp. 2d 318, 330 (W.D. N.Y. 2009) ..................................................... 21

*Reese v. Barton Healthcare Systems*
   606 F. Supp. 2d 1254, 1262 (E.D. Cal. 2008)..................................................... 16

*Rush v. Whirlpool Corp.*
   07-2022, 2008 WL 509562 *3-4 (W.D. Ark. Feb. 22, 2008) ...................................6

*Shady Grove Orthopedic Associates v. Allstate Insurance Company*
   __U.S. __, 130 S.Ct.1431, 1457, 176 L.Ed.2d 311 (2010)................................15, 17

*Shum v. Intel Corp.*
   499 F.3d 1272, 1279 (9th Cir. 2007) ...........................................................23

*Small v. Lorillard Tobacco Co., Inc.*
   252 A.D.2d 1, 8 (N.Y. App. Div. 1998) *aff'd*, 94 N.Y.2d 43 (1999) .........................11

*Sperry v. Crompton Corp.*
   810 N.Y.S.2d 498, 499-500 (N.Y. App. Div. 2nd Dep't 2006) ...............................24

*Stearns v. Select Comfort Retail Corp.*
   2010 WL 2898284 at *13 (N.D. Cal. July 21, 2010)........................................... 18

*Steshenko v. McKay*
   2010 WL 3155890, at *2................................................................................. 18

*Stutman v. Chem. Bank*
   95 N.Y.2d 24, 30 (2000) ............................................................................... 10

*Superbalife, Int'l v. Powerpay*
    CV 08-5099, 2008 WL 4559752 at *2 (C.D. Cal. Oct. 7, 2008) ............................... 4

*Terrill v. Electrolux Home Products, Inc.*
    CV 108-030, 2010 WL 4386711 at *12 (S.D. Ga. Sept. 3, 2010)......................... 21, 22

*Thorogood v. Sears Roebuck & Co.*
    547 F.3d 742, 746 (7th Cir. 2008)................................................................ 15

*Tietsworth v. Sears*
    720 F.Supp.2d 1123, 1142 (N.D. Cal. 2010) ................................................... 22

*Vasquez v. Superior Court*
    4 Cal. 3d 800, 814 (1971) ..............................................................................8

*Vess v. Ciba-Geigy Corp.*
    317 F.3d 1097, 1104 (9th Cir. 2003) ..........................................................3,12

*Villager Franchise Syst., Inc. v. Dhami, Dhami & Virk*
    2006 U.S. Dist. LEXIS 6114, at 818 (E.D. Cal. Jan. 26, 2006)............................ 23

*Walker v. Sunrise Pontiac GMC Truck, Inc.*
    249 S.W.3d 301, 310 (Tenn. 2008)................................................................ 14

*Walling v. Beverly Enterprises*
    476 F.2d 393, 397 (9th Cir. 1973)................................................................... 3

*Ward v. IPEX, Inc.*
    CV-08-6370-VBF, 2009 WL 2634842, at *2-3 (C.D. Cal. Feb. 4, 2009)................... 5

*Weinberg v. Hertz Corp.*
    116 A.D.2d 1, 7 (N.Y. App. Div. 1986) *aff'd*, 69 N.Y.2d 979 (1987) ........................10

*WellNx Mktg. & Sales Practices Litig.*
    673 F. Supp. 2d 43, 56 (D. Mass. 2009) .........................................................11

*Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*
    684 F. Supp. 2d 942, 961 (N.D. Ohio 2009) .....................................................6

*Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Services, Inc.*
    536 F.3d 663, 670 (7th Cir. 2008) ...............................................................5

*Zapka v. Coca-Cola Co.*
    99 CV 8238, 2000 WL 1644539 (N.D. Ill. Oct. 27, 2000) ....................................9

*Zekman v. Direct American Marketers, Inc.*
    182 Ill.2d 359 (1998) ...................................................................................9

## __Statutes & Rules__

28 U.S.C. § 2071 ....................................................................................................15

Local Rule 7-3 ....................................................................................................3

Cal. Com. Code § 2719(2) ....................................................................................20

Cal. Comm. Code § 2314(2)(c) ............................................................................20

810 Ill. Com. Stat. 5/2-314 ..................................................................................20

Md. Code § 2-314 ................................................................................................20

Md. Code § 2-318 ................................................................................................21

Md. Code Ann., Com. Law § 13-301 ..............................................................5, 12

Md. Code Ann., Com. Law § 13-102 ....................................................................11

N.Y. U.C.C. Law § 2-314 ....................................................................................20

Tenn. Code Ann. § 47-2-314. ..............................................................................20

Tenn. Code Ann. § 47-2-318 ................................................................................21

## I.  INTRODUCTION

This case is about Defendant BSH Home Appliances Corporation's ("BSH" or "Bosch" or "Defendant") design, manufacture, marketing, advertising, sale and warranting of defective Bosch and Siemens brand front-load automatic washing machines ("Washing Machines" or "Washers"). The Washers fail to self-clean and as a result accumulate biofilm, mold and bacteria, and emit foul odors ("Mold Problem").  BSH never discloses to consumers that its Washers are defective.  BSH also fails to disclose to consumers that to combat the Mold Problem, Bosch Washers require costly and time-consuming maintenance; maintenance not required on top-load washers. BSH also makes false representations of fact regarding the Washers' performance.  Lastly, thousands of Washer owners have complained to BSH about the Mold Problem, but despite BSH's actual knowledge that its Washers are defective, BSH has not honored its warranties.  Instead, BSH denies that its Washers are defective and blames Washer owners for the maladies.  In response to BSH's failure to repair or replace the Washers, and to enjoin its unfair, unlawful and deceptive business practices, the consumers of five states have brought this action seeking relief.

The Consolidated Amended Complaint, ECF # 41 (hereinafter "CAC") sufficiently alleges violations of consumer protection and warranty laws and states claims for unjust enrichment.  The CAC gives BSH fair notice of the substance of Plaintiffs' claims such that BSH may prepare an answer.  Indeed, BSH has already answered the original complaint of Plaintiffs Tait and Wentworth, which is nearly identical to the CAC.  Therefore, the Court should deny Defendant's Motion to Dismiss the CAC ("MTD").

## II. PROCEDURAL BACKGROUND

Plaintiffs Tait and Wentworth filed their Corrected First Amended Complaint on June 3, 2010 ("*Tait* Action") in the U.S. District Court for the Central District of California, Southern Division.  Plaintiffs agreed to provide Bosch an extension of

- 1 -

30 days to answer the *Tait* complaint.   BSH answered the *Tait* complaint on September 3, 2010.  On September 9, 2010, Trish Isabella filed a complaint in the U.S. District Court for the Northern District of New York alleging mold and mildew problems in her Bosch washing machine and naming BSH Home Appliances Corporation as a defendant (Case no. 10-cv-00580-DNH-GHL, "*Isabella* Action"). On October 14, 2010, Plaintiffs Cobb and Gibson filed a complaint making similar allegations of mold and mildew in the U.S. District Court for the Central District of California, Southern Division.  On December 6, 2010 Plaintiffs Cobb, Gibson, Tait and Wentworth filed a motion to consolidate their cases which the Court granted on December 29, 2010.  On February 14, 2011, Plaintiffs Cobb, Gibson, Isabella, Tait and Wentworth filed the CAC.  On March 4, 2011, the *Isabella* court entered a stipulation and order dismissing the *Isabella* Action without prejudice.  On March 7, 2011, counsel for BSH, James Hansen, called counsel for Plaintiffs, Andrew Kubik, to notify Plaintiffs that BSH was filing a motion to dismiss the consolidated amended complaint.  See Declaration of Andrew J. Kubik In Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss the CAC ("AJK Decl.").  Just several hours later, and in violation of L.R. 7-3, BSH filed the MTD.

### III. STANDARD OF REVIEW

In evaluating a complaint for purposes of a motion to dismiss, a trial court accepts the factual allegations in the complaint as true and construes all reasonable inferences most favorably for plaintiffs. *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d. Cir. 2009).  BSH's motion to dismiss should be denied unless the Court finds Plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). Or, stated another way, unless the Court is unable to draw the reasonable inference that BSH may be liable for the misconduct alleged. *Ashcroft v. Iqbal*, __ U.S.__, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

"The text of Rule 9(b) requires only that in 'all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.' The rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1104 (9th Cir. 2003) (reversing dismissal of UCL and CLRA claims under Rule 9(b) because those claims did not solely depend on averments of fraud). The purpose underlying the requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim "so the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973).

"Where the claim is one of fraud by omission… the pleading standard is lowered on account of the reduced ability in an omission suit 'to specify the time, place, and specific content' relative to a claim involving affirmative misrepresentations." *In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008). "Claims under the CLRA, FAL and UCL [and other state consumer protection statutes] are governed by the 'reasonable consumer' test… [therefore] whether a business practice is deceptive will usually present a question of fact and therefore dismissal… will only be appropriate in 'the rare case.'" *Vess, supra*, 317 F.3d at 1007.

## ARGUMENT

## IV.  THE COURT SHOULD STRIKE OR DENY BOSCH'S MTD FOR VIOLATING L.R. 7-3.

Pursuant to L.R. 7-3, counsel for Bosch was required to "contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution" five (5) days before filing the MTD. See, L.R. 7-3 (emphasis in original.)  However, counsel for Bosch did not contact Plaintiffs' counsel until the day of filing, and then only to state that Bosch was filing a 12(b)(6) motion, not to confer in good faith.  See, AJK Decl.

- 3 -

1       This Court routinely strikes or denies motions where the movant fails to meet and

2   confer in a timely manner or in good faith. See, *Alcatel-Lucent USA, Inc. v. Dugdale*

3   *Communications, Inc.*, CV 09-2140PSGJCX, 2009 WL 3346784 at *4 (C.D. Cal.

4   Oct. 13, 2009)(denying defendant's motion to dismiss where defendant contacted

5   plaintiff on the same day motion was due, instead of 5 days prior under L.R. 7-3);

6   *Halicki v. Carroll Shelby Int'l, Inc.*, CV 04 8813 SJO(PJWX), 2005 WL 5253338

7   (C.D. Cal. Nov. 14, 2005) *vacated and remanded sub nom. Halicki Films, LLC v.*

8   *Sanderson Sales & Mktg.*, 547 F.3d 1213 (9th Cir. 2008)(declining to consider

9   motion where movant "engaged in a mere *pro forma* attempt to comply with L.R. 7-

10  3, which the Court does not consider to be an earnest effort to bring about the goals

11  of the rule").[1] Bosch's violation of L.R. 7-3 has prejudiced Plaintiffs. (See AJK

12  Decl.)  As a result, the Court should strike or deny the MTD.

13  ## V. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED VIOLATIONS OF CA, IL, MD, NY AND TN CONSUMER PROTECTION STATUTES

14

15      Plaintiffs have alleged violations of CA, IL, MD, NY and TN consumer protection

16  statutes based on Bosch's omissions of material facts, as well as false affirmative

17  misrepresentations.  In addition, under CA, MD, NY, and TN consumer protection

18  statutes Plaintiffs have alleged violations in connection with Bosch's warranty

19  practices. Contrary to Defendant's assertions (MTD at 3), Rule 9(b) does not apply

20  to all of Plaintiff's allegations.  For example, the Second Circuit has held that, "an

21  action under [N.Y. GBL] § 349 is not subject to the pleading-with-particularity

22  requirements of Rule 9(b), but need only meet the bare-bones notice-pleading

23  requirements of Rule 8(a)."  And as a case BSH cites makes clear, "fraud is not a

24  ---

[1] See also, *Superbalife, Int'l v. Powerpay*, CV 08-5099, 2008 WL 4559752 at *2 (C.D. Cal. Oct. 7, 2008)(denying

25  defendant's motion to dismiss for failure to satisfy 5-day requirement); *Doran v. Del Taco, Inc.*, SACV 04-46 CJC(ANX), 2005 WL 3478120 (C.D. Cal. July 19, 2005)(treating plaintiff's cross-motion for summary judgment as a

26  mere opposition brief where plaintiff failed to comply with L.R. 7-3 and L.R. 6-1)(Carney, J.); *Nassirpour v. F.D.I.C. As Receiver For Indymac Bank, FSB*, CV08-7164-GHKAJWX, 2008 WL 5412432 (C.D. Cal. Dec. 29, 2008)(denying

27  motion for failure to comply with L.R. 7-3); *Neung Kang v. PB Fasteners*, 268 F. App'x. 545, 548 (9th Cir. 2008)(noting that the district court did not abuse its discretion when it struck movant's motion for failure to comply

28  with L.R. 7-3).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CAC

1   proper element of a CLRA claim."[2] *Marolda v. Symantec Corp.*, 672 F. Supp. 2d

2   992, 1003 (N.D. Cal. 2009). Regardless, the allegations for violations of consumer

3   protection statutes in the CAC satisfy Rule 9(b).

### A)   Bosch's Material Omissions

The pleading standard is lowered for claims of fraud by omission "on account of

the reduced ability in an omission suit 'to specify the time, place, and specific

content' relative to a claim involving affirmative misrepresentations." *In re Apple &

AT & TM Antitrust Litig.*, 596 F. Supp. 2d at 1310; *Ward v. IPEX, Inc.*, CV-08-

6370-VBF, 2009 WL 2634842, at *2-3 (C.D. Cal. Feb. 4, 2009) (a "fraud by

omission claim... does *not* need to meet the strict requirements of Rule 9(b).")

Plaintiffs have exceeded this low threshold by alleging that Defendant had

exclusive knowledge (CAC ¶¶ 53-58) of the material information (CAC ¶124) that

the Washers are defective (CAC ¶¶ 3-7), and that BSH will require consumers to

employ costly Extraordinary Actions (CAC ¶¶ 15-23, 53-60) that cause owners to

incur Undisclosed Additional Operating Expenses (CAC ¶ 55-56), thereby rendering

the Washers less efficient. CAC ¶¶ 53-57.   Furthermore, Plaintiffs have alleged that

they relied on the omissions and/or that the omissions caused their injury in that they

would have behaved differently by not buying the Washers, paying less for them,

buying other washers, and/or not paying for the Undisclosed Additional Operating

Expenses, and/or the Washers are diminished in value in light of the Defects.   CAC

---

[2] **California.** See also, *In re Mattel, Inc.*, 588 F.Supp.2d 1111, 1118 (C.D. Cal. 2008) (Rule 9(b) not applicable to UCL and CLRA where Plaintiffs "allege[d] that the representations were likely to deceive and that [p]laintiffs were damaged by the deception"); *Keilholtz v. Superior Fireplace Co.*, C 08-00836 CW, 2009 WL 839076 (N.D. Cal. Mar. 30, 2009)("unfair within the meaning of the UCL does not sound in fraud"); *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1097 (N.D. Cal. 2006) ("Rule 9(b) is not strictly applicable...as the CLRA is not a fraud statute. . . . To require that plaintiffs prove more than the statute itself requires would undercut the intent of the legislature in creating a remedy separate and apart from common-law fraud."). **Illinois.** *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Services, Inc.*, 536 F.3d 663, 670 (7th Cir. 2008)("Because neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)"). **Maryland.** Md. Code Ann., Com. Law § 13-301 (West)(prohibits "failure to state a material fact if the failure deceives or tends to deceive," thus fraud is not an essential element of all of the proscribed practices under the Maryland Consumer Protection Act which prohibits unfair and deceptive practices and mirrors the CLRA which "is not a fraud statute" *Norberg, supra*, 445 F. Supp. 2d at 1097).

¶¶ 59, 65, 67, 76, 100(ii), 102, 110, 124, 126, 133, 182, 205, 213, 226 and 227. Less-detailed allegations involving front load washing machines have been found sufficient:

> Thus, the Plaintiffs' fraud-by-omission claims notify Whirlpool of the time (never), place (nowhere), and content (nothing) of the alleged misrepresentations, the Plaintiffs' alleged reliance (materiality), the fraudulent scheme (Whirlpool's knowledge of the supposed defects and problems), its fraudulent intent (failure to disclose them), and the resulting injury (overpayment)… Rule 9(b) does not require more.

*In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 684 F. Supp. 2d 942, 961 (N.D. Ohio 2009), as amended (Nov. 4, 2009); see also, *Harper v. LG Electronics USA, Inc.*, 595 F. Supp. 2d 486, 491 (D.N.J. 2009)("Plaintiffs have adequately plead fraud claims against Defendant by alleging that LG marketed defective washing machines as providing superior quality, and knowingly failed to disclose the defects in an attempt to sell more washing machines"); *Dickerson v. Electrolux Home Products, Inc.*, CV 10-5163-R, 2011 WL 831916 at *1 (C.D. Cal. Feb. 3, 2011)(denying motion to dismiss omissions and misrepresentations claims under the consumer protection laws of CA, FL, MD, MI, NY, OR, and TX)[3]. Therefore, Plaintiffs have stated a claim for fraudulent omissions under the UCL, CLRA, and FAL. Defendant does not challenge the omissions claims under the IL, MD, NY, or TN consumer protection statutes (See MTD at 16-20 and compare MTD at 5-6 – challenging the pleading of omissions as to the first three causes of action only)[4], therefore, at the very least, the MTD must be denied as to the IL, MD,

---

[3] See also, *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 1:08-WP-65000, 2010 WL 3655954 (N.D. Ohio Sept. 15, 2010)(denying motion to dismiss omission claim based on partial representations of "high efficiency" and "ENERGY STAR" based on the consumer protection statutes of, *inter alia*, CA, IL, and MD); *Rush v. Whirlpool Corp.*, 07-2022, 2008 WL 509562 *3-4 (W.D. Ark. Feb. 22, 2008)(denying motion to dismiss under AR, CA, and MD consumer protection statutes for failure to disclose material information related to appliance defects)

[4] Indeed, Defendant's main challenge to the MD consumer protection claim is that MD law does not protect MD consumers who purchase products online from their homes in Maryland from an out-of-state retailer. MTD at 17-16. Also, BSH challenges the TN consumer protection claim on the procedural ground of whether the TN law allows class actions. MTD at 19-20. Both arguments are addressed, *infra*.

NY, and TN omissions claims.

Defendants' cases are inapposite. The California Supreme Court is no authority for federal pleading standards. Therefore, Defendant's citation to *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093, n.4 (1993) is erroneous. Indeed, another case BSH cites holds against relying on state authority when interpreting federal pleading standards. See, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Regardless, reliance on omissions is satisfied by materiality. *Plascencia v. Lending 1st Mortg.*, 259 F.R.D. 437, 447 (N.D. Cal. 2009); *Cartwright v. Viking Indus., Inc.*, 2:07-CV-02159FCDEFB, 2009 WL 2982887 (E.D. Cal. Sept. 14, 2009) *reconsideration denied*, 2:07-CV-2159 FCD EFB, 2009 WL 3872047 (E.D. Cal. Nov. 17, 2009)

*Kearns* is also distinguishable from the present case. The plaintiff in *Kearns* couched his omissions claims in "general pleadings alleging Ford's intent to conceal." *Kearns*, 567 F.3d at 1127. By comparison, and as detailed above, Plaintiffs plead their omissions claims with a high degree of specificity. Similarly, *Marolda*, 672 F.Supp.2d 992 is unpersuasive as the *Marolda* plaintiff failed to describe the content of the omission, let alone when or where the omission occurred or how it was deceptive. *Id* at 1001. Furthermore, *Marolda* explains that Rule 9(b) does not apply to CLRA claims (with the exception of § 1770, subsection (a)(9)). *Marolda*, at 1003.

**B) Bosch's Affirmative Misrepresentations**

"Simply stated: labels matter... [C]onsumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011)(citations omitted). And it is well established that reliance on misrepresentations may be inferred or presumed:

The rule in this state and elsewhere is that it is not necessary to show

reliance upon false representations by direct evidence. The fact of reliance upon alleged false representations may be inferred from the circumstances attending the transaction which oftentimes afford much stronger and more satisfactory evidence of the inducement which prompted the party defrauded to enter into the contract than his direct testimony to the same effect.

*Vasquez v. Superior Court*, 4 Cal. 3d 800, 814 (1971).

Even so, Plaintiffs have painstakingly pled "'the who, what, when, where, and how' of the misconduct" (*Vess*, at 1106) so that BSH "can prepare an adequate answer from the allegations." *Walling*, 476 F.2d at 397 (9th Cir. 1973).

The "who" is BSH who manufactures, markets, advertises, sells, and issues the warranties for the Washers. CAC ¶¶ 24-25, 28-29, 39-40, 42, 44, 46, 49, 50, and 53.

The "what" are each of the statements BSH made that Plaintiffs itemize in the CAC as misleading: "washers" and "machines that wash" (CAC ¶ 39); "Xxtra Sanitary," "Sanitary 170," and "Sanitary" (CAC ¶ 41), cycles for which Bosch represents that "Clothes will be saturated in the hot water long enough to kill most common household bacterium [sic]... (CAC ¶ 44) and "killing 99.9% of most common household bacteria...eliminate 99.9% of the most common bacteria... eliminating carryover bacteria into future loads" (CAC ¶¶ 46, 49, 50); "With Siemens, your bedding and towels don't just look clean, they are clean." CAC ¶ 50.

Plaintiffs specify "when" each misstatement and omission occurred as "prior to the time of purchase," "at the time of purchase in retails stores," "at the point of purchase," or "post-sale." CAC ¶¶ 5, 40, 42, 46, 50, 52, 54, 56, 58, 63. Plaintiffs also allege when each Plaintiff purchased her Washing Machine and Bosch communicated the misrepresentations to them. CAC ¶¶ 15-23.

Plaintiffs specify "where" each misstatement was made as "on the Bosch website and Siemens website;" "in the Operating Instructions (available on the websites);" "with the purchase of every Washing Machine;" "on the washing machines themselves, their packaging in retail stores where the machines are sold;" "the

- 8 -

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CAC

Siemens product brochure;" and/or "stickers or placards it places on or in the Washing Machines." CAC ¶¶ 40, 42, 50, 52, and 54.

Finally, Plaintiffs also plead in detail "how" and "why" each of Bosch's representations is false[5], misleading, and/or deceptive. CAC ¶¶ 7, 39, 42, 45, 47-49, 51, 55, 56, 57, and 59.

As for Illinois, reliance is not an element of a claim under the Illinois Consumer Fraud Act ("ICFA"). *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001)(collecting cases). Defendant's cases are inapposite. *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 155 (2002) and *Zekman v. Direct American Marketers, Inc.*, 182 Ill.2d 359 (1998) stand for the unremarkable proposition that to satisfy the causation requirement a plaintiff must allege that he was deceived by defendant's misrepresentation and have received something other than what he bargain for. *Oliveira* at 155.[6] Plaintiff Tait satisfies this element by alleging that she and putative Illinois class members would not have bought the Washers, or paid the prices they did, nor would they have spent money on futile repair and maintenance attempts, had Bosch not deceived them. CAC ¶¶ 56, 59, 60-67, 182-183. Instead of receiving a Washing Machine that cleaned her Clothes, Bosch sold her a washing machine that makes her Clothes smell like mold and mildew. CAC ¶¶ 7, 22-23, 175-176.

Similarly, reliance is not required under NY GBL § 349 or the Tennessee

---

[5] Plaintiffs plead falsity, but even Bosch's "true" statements (i.e. "High Efficiency," "ENERGY STAR," and "the most water and energy efficient brand of full-size, front load washers in the U.S." (CAC ¶ 54) are actionable as partial representations that give rise to a claim for omission. "A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable." *Massachusetts Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1289-90 (Cal. Ct. App. 2002).

[6] Likewise, the pair of Coca-Cola cases Bosch cites are unpersuasive as both are class certification opinions and do not address the sufficiency of pleading a claim under the ICFA. See *Zapka v. Coca-Cola Co.*, 99 CV 8238, 2000 WL 1644539 (N.D. Ill. Oct. 27, 2000) and *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 577 (N.D. Ill. 2005) *aff'd sub nom. Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). Also, unlike the class members in those cases who would have bought Diet Coke regardless of whether it contained aspartame or saccharin, consumers paying upwards of $1000 each for Washers that Bosch represents will actually efficiently clean and sanitize clothes, would not have purchased, and therefore lost money, had Bosch been truthful.

- 9 -

1   Consumer Protection Act ("TCPA").[7] See FN, 11, *infra*. Defendant makes the same
2   argument for reliance as it does for causation – that Plaintiffs did not see a particular
3   representation.  MTD at 16:19-21; 17:1-2 ("Tait fails to allege specifically what
4   information she relied upon saw [sic]"); 17:12-14; 18:13-15; 19:10-11.  But, as a
5   case cited by BSH points out, "[r]eliance and causation are twin concepts, but they
6   are not identical." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 30 (2000).  In *Stutman*, the
7   court found causation adequately pled under § 349 where the plaintiff alleged that
8   "because of defendant's deceptive act, they were forced to pay a $275 fee that they
9   had be led to believe was not required." *Id*. Similarly, Plaintiff Isabella alleges that
10  Bosch's misrepresentations caused her and putative NY class members to purchase
11  Washing Machines they otherwise would not have purchased and to needlessly
12  spend money on Undisclosed Additional Operating Expenses. CAC ¶¶ 76-77, 205,
13  207.[8] Therefore, Plaintiff Isabella adequately pleads causation.

14      Contrary to Defendant's argument (MTD at 19), Plaintiff Isabella identifies the
15  misrepresentations and pleads reliance on them. CAC ¶¶ 33-34, 76-77, 102, 110,
16  126, 206.  Nearly identical allegations have been held sufficient.  *Ackerman v. Coca-*
17  *Cola Co.*, CV-09-0395 (JG), 2010 WL 2925955 at *23 (E.D.N.Y. July 21, 2010).
18  Even if reliance were not pled, Plaintiff Isabella and putative class members are
19  entitled to a presumption or inference of reliance because the misrepresentations are
20  material. *Weinberg v. Hertz Corp.*, 116 A.D.2d 1, 7 (N.Y. App. Div. 1986) *aff'd*, 69
21  N.Y.2d 979 (1987); see also, *Norwalk v. Manufacturers & Traders Trust Co.*, 80
22  A.D.2d 745, 746 (N.Y. App. Div. 1981)(in cases "involving uniform or identical and
23  clearly misleading advertising or representations, the requirement of establishing

---

24  [7] Because Bosch challenges Cobb's TCPA claim solely on the basis of reliance – "Cobb fails to alleged… which
25  specific representations she relied on" (MTD at 20) – and reliance is not an element of a TCPA claim, Defendant's
    motion to dismiss the TCPA claim must be denied.
26  [8] *Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446, 447 (N.Y. App. Div. 2004) is distinguishable on the facts.  The
    plaintiff alleged misrepresentations "stated through press releases and other forms of advertisements." *Id*. Furthermore,
27  the opinion fails to discuss the materiality of the misrepresentations or the application of the presumption of reliance.
    *Id*. By contrast, Plaintiffs here identify misrepresentations made on labels directly on the machines themselves which
28  are communicated to prospective purchasers on showroom floors in the retail locations where they are sold, as well as
    in accompanying user manuals and on the Bosch and Siemens websites. CAC ¶¶ 40, 42, 50, 52, and 54.

1   individual reliance has been obviated by inferring the existence of reliance from the
2   nature of the representations)."[9]  Therefore, the NY GBL § 350 claim is sufficiently
3   pled.
4       As for Maryland, Plaintiffs have adequately alleged reliance. See *In re WellNx*
5   *Mktg. & Sales Practices Litig.*, 673 F. Supp. 2d 43, 56 (D. Mass. 2009)("it is self
6   evident that the printing on the packages and bottles would have led plaintiffs to
7   believe that they were purchasing a 'weight loss' product").  Similarly, the labels
8   and representations led Plaintiffs here to believe they were buying energy efficient
9   washers that actually cleaned their clothes. CAC ¶¶ 7, 57, 107-198.  Furthermore,
10  reliance can be presumed because the misrepresentations are material.   While
11  Maryland courts have yet to rule on the issue of MCPA reliance presumption, at
12  least one Maryland appellate court has found a presumption or inference of reliance
13  proper where the intent of the legislature in enacting a law is to protect a weaker
14  party from a stronger party.  *Akparewa v. Amoco Oil Co.*, 138 Md. App. 351, 364
15  (Md. Ct. Spec. App. 2001).  As the MCPA's purpose is to protect weaker consumers
16  from stronger merchants (Md. Code Ann., Com. Law § 13-102 (West), the same
17  rationale for inferring or presuming reliance applies, and a Maryland appellate court
18  is likely to rule that reliance can be inferred or presumed under the MCPA when an
19  omission or misrepresentation is material.[10]

## C)  Bosch's Unlawful and Unfair Warranty Practices

20      Plaintiffs have alleged violations of consumer protection statutes in connection
21  with Defendant's warranty practices. CAC ¶¶ 100(v), 125, 191, 196, 204, 220, 224,

---

[9] Even one case Bosch cites recognizes that reliance can be presumed. See *Small v. Lorillard Tobacco Co., Inc.*, 252 A.D.2d 1, 8 (N.Y. App. Div. 1998) *aff'd*, 94 N.Y.2d 43 (1999) (recognizing that reliance can be inferred where defendant had exclusive knowledge about the truth about its product). Plaintiffs plead exclusivity.  CAC ¶¶ 58, 63, 125. Moreover, tobacco cases are inherently distinguishable as a category, since nicotine/cigarettes are addictive. Bosch cannot credibly argue that consumers are addicted to washing machines and would have bought them even if Bosch had not misrepresented their characteristics. Furthermore, *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 525 (S.D.N.Y. 2003) does not help Bosch as it does not discuss reliance except to state that "traditional showings of reliance and scienter are not required under the act."

[10] At least one U.S. district court has presumed reliance for a MCPA claim. *Demmick v. Cellco P'ship*, CIV.A. 06-2163 JLL, 2010 WL 3636216 at * 23 (D.N.J. Sept. 8, 2010)

- 11 -

and 226.  Nowhere in the MTD does Defendant challenge the consumer protection claims in connection with the warranty practice allegations.  These allegations are subject to the pleading standard of Rule 8(a) (*Vess*, 317 F.3d at 1104) and Plaintiffs have adequately satisfied this pleading standard.

### D)   Reliance Is Either Not Required, Presumed/Inferred, or Pled

Defendant next argues that Plaintiffs do not allege reliance under their first three causes of action and therefore do not have standing to assert these claims. MTD at 6-7. It strains credulity for BSH to argue that any consumer would buy, let alone pay a premium price for, a washing machine that has a Mold Problem, requires Extraordinary Actions, incurs Undisclosed Additional Operating Expenses, and therefore is less efficient.   Therefore, Defendant's argument fails on the facts. However, Defendant's argument is equally unsound under the law.   Under California law, "'reliance is proved … by showing that in the [misrepresentation's] absence the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct.'" *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009), reh'g denied (Aug. 12, 2009)(citations omitted).   It is not necessary that the plaintiff's reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant or decisive factor influencing his conduct." *Id.* at 326, *accord*, *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, __, 120 Cal.Rptr. 741, 744 (2011). "A presumption, or a least an inference of reliance arises wherever there is a showing that a misrepresentation was material." *Tobbacco II* at 326.   Lastly, a plaintiff does not "need to demonstrate individualized reliance on specific misrepresentations to satisfy the reliance requirement." *Id.*

Here, to the extent reliance is required[11], Plaintiffs have sufficiently alleged that

---

[11] **New York.** *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)(New York GBL § 349 "does not require proof of justifiable reliance."): **Maryland:** Md. Code Ann., Com. Law § 13-301 (West)(only §13-301(9) expressly requires "that a consumer rely on" a misrepresentation or omission of material fact); *Forrest v. P & L Real Estate Inv. Co.*, 134 Md. App. 371, 387 fn. 3 (Md. Ct. Spec. App. 2000)("Section 13-301(1), (2), and (3)…. do not require '*knowing* concealment, suppression, or omission of any material fact' and 'the *intent* that a consumer rely upon the same' as does § 13-301(9).")(emphasis in original.); **Tennessee:** *Ganzevoort v. Russell*, 01-A-01-9502-CV00038, 1995 WL 623047 (Tenn. Ct. App. Oct. 25, 1995) *aff'd*, 949 S.W.2d 293 (Tenn.

- 12 -

they were exposed to Defendant's material misrepresentations and omissions (CAC ¶¶ 40, 42, 50, 52, and 54), and that they would not have purchased the Washers at the prices they paid, or at all, had Bosch been truthful. CAC ¶¶ 57, 65, 67, 76-77, 99, 102-103, 110, 126, 182, 183, 198, 199, 205-207, 226-227.  No more is required.

Furthermore, reliance is not required for some of  Plaintiffs' "unlawful" prong UCL claims.  *Tobacco II*, 46 Cal. 4th at 325 n. 17 ("there are doubtless many types of unfair business practices in which the concept of reliance. . . has no application."). "[T]he UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).  For example, Plaintiffs allege violations of express and implied warranty laws under the unlawful prong of the UCL. CAC ¶ 100(v).   To the extent BSH is found to have breached express and implied warranties under California State and federal law, BSH will also be liable under the UCL's unlawful prong. Therefore, Plaintiffs have pled a viable UCL "unlawful" claim.

### E)      The MCPA and CA Law Apply to Plaintiff Gibson's Purchase

Bosch argues that Plaintiff Gibson has "not alleged a sufficient connection with the State of Maryland to entitle her to the protections afforded by the Act." MTD at 17.   But at the same time, Bosch concedes that the purpose of the MCPA is to protect Maryland consumers. *Id.*  Plaintiff Gibson lives in Maryland and purchased her Washer from her home in Maryland (CAC ¶ 16) based on misrepresentations communicated to her (or in the case of omissions, misleadingly not communicated) in Maryland and therefore she is a Maryland consumer entitled to the protections of the MCPA.  Furthermore, Bosch contacted Ms. Gibson at her home in Maryland and denied her warranty claim in Maryland in violation of 13-301(9)(iii). CAC ¶¶ 17, 196. Lastly, Bosch does not disclaim doing business in Maryland.

*Consumer Prot. Div. v. Outdoor World Corp.*, 91 Md. App. 275 (Md. Ct. Spec. App. 1992) does not support Bosch's contention.   In that case, the court held that the

1997)(Reliance is not an element of the TCPA).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CAC

MCPA did apply to an out-of-state defendant, and that an injunction against false advertising communicated to Maryland residents and restitution by an out-of-state defendant to Maryland residents were proper. *Id.* at 289-290, 293. Indeed, *Outdoor World* recognizes that "offensive conduct has occurred within [Maryland], even if the communication originated in another State." *Id.* at 288. The court further opines that "to the extent that the communication is false or misleading on its face <u>or becomes so by virtue of further conduct occurring within Maryland</u>, it is subject to the Maryland Act." *Id.* (emphasis added.) [12]

In any event, Bosch does not identify which state's law should apply to Plaintiff Gibson. As Plaintiffs have alleged in the CAC, California law will ultimately govern the substantive claims in this case. CAC ¶¶ 88-94. See also, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).

**F)     The TCPA May Be Adjudicated As A Class Action in Federal Court.**

While the issue of class certification is more appropriately decided at the class certification stage, Plaintiff will address Defendant's argument that the TCPA is limited to individual actions. MTD at 19-20; see also, *Walker v. Sunrise Pontiac GMC Truck, Inc.*, 249 S.W.3d 301, 310 (Tenn. 2008). In *Walker*, the Supreme Court of Tennessee found on a straight statutory reading that the TCPA does not provide for class action relief. *Id.* at 310-311. However, the bar of class treatment in the TCPA only applies to state courts, not federal courts sitting in diversity as the bar is procedural in nature and was not intended to create substantive rights. *See, Thorogood v. Sears Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008) (7th Circuit found a class action under the TCPA may proceed pursuant to Rule 23 in federal court despite the bar in the act from bringing class actions.)

---

[12] Similarly, *Attorney Gen. of Maryland v. Dickson*, 717 F. Supp. 1090 (D. Md. 1989) does not support Bosch's argument. In *Dickson*, the court opined that for the MCPA to apply, "there must be some form of communication in the state." *Id.* at 1101. Here, Bosch failed to disclose and misrepresented material facts to Plaintiff Gibson, and wrongfully deceived her on her warranty claim while she was in Maryland. The *Dickson* court further recognized that where "the conduct takes place in part out of the state, the state interest would need to be determined from the specific

- 14 -

When a federal rule contradicts a state rule in a diversity suit brought in federal court, the conflicting state law will apply only if the federal rule violates the Rules Enabling Act. 28 U.S.C. § 2071 et seq. ("REA"). The federal rule violates the REA when it regulates substantive relief as opposed to regulating procedure. *Id.*

The U.S. Supreme Court recently held that Rule 23 is a procedural rule and thus does not violate the REA. *Shady Grove Orthopedic Associates v. Allstate Insurance Company*, __U.S. __, 130 S.Ct.1431, 1457, 176 L.Ed.2d 311 (2010).

*Shady Grove* reversed a decision that would have barred plaintiffs from pursuing a class action under Rule 23 when New York's state law barred class actions for certain forms of relief. The Court noted Rule 23 creates a categorical rule entitling plaintiffs who meet specified criteria to pursue a class action. *Id.* at 1438. Thus, the New York statute which precluded class actions flatly contradicted Rule 23. *Id.* at 1441.[13] Similarly here, the TCPA's stated bar against class treatment should not be followed in a federal diversity suit and plaintiffs may proceed under Rule 23.

The TCPA's class action bar does not pursue a substantive policy to create rights; rather it is a procedural mechanism to allow consumers relief under certain procedural conditions. See, *Thorogood*, 547 F.3d at 746. Judge Posner ultimately found that the TCPA's bar on class actions did not control in a federal diversity suit. *Id.* Plaintiffs were entitled to bring a class action pursuant to Rule 23 under the TCPA despite the class action bar because it was a procedural rule. *Id.*

---

conduct in this state or the impact that the conduct had on Maryland consumers." *Id.* Therefore, at the very least, the inquiry is a fact-intensive one that cannot be made at the pleading stage.

[13] In a concurring opinion, Justice Stevens reasoned that more analysis must be involved to determine whether the statutory bar against class action treatment was related to a substantive policy of the state or, rather, a procedural mechanism on how the state courts would operate in that state. *Shady Grove*, 130 S.Ct. at 1457. If the conflicted state rule was substantive in nature, it should control. In *Shady Grove*, Justice Stevens found that New York's bar of class action treatment for certain forms of relief was procedural in nature and was not intended to create substantive rights but rather was created to define how New York state courts should handle damages in its court system. *Id.* Even if this Court were to follow the concurring opinion of Justice Stevens, it is clear that that the TCPA's stated bar against class treatment should not be followed in a federal diversity suit and plaintiffs may proceed under Rule 23.

- 15 -

1   The substantive goal of the TCPA is not altered, enlarged or changed in any
2   manner by allowing plaintiffs to proceed under Rule 23.  Rule 23 is a procedural
3   mechanism which allows plaintiffs to sue seeking the remedy provided under the
4   TCPA as a class action.  The TCPA's bar against class actions is a procedural rule
5   provided in the statute to provide *procedurally* the manner that Tennessee desired its
6   state courts to enforce substantive rights.  Thus, Defendant's argument should be
7   rejected and Plaintiffs may proceed with the TCPA claim in this Court under Rule
8   23.

9   **VI.   PLAINTIFFS HAVE SUFFICIENTLY ALLEGED CLAIMS FOR**
10  **        BREACH OF EXPRESS WARRANTY**

11  Bosch's motion to dismiss Plaintiffs' breach of express warranty claim is
12  predicated on a hyper-technical parsing of the CAC that is inconsistent with the
13  pleading standards applied in federal court.  It is well-established that "when federal
14  courts entertain claims under state law . . . it is not necessary to plead facts matching
15  elements of legal theories." *Bettua v. Sears, Roebuck and Co.*, 2009 WL 230573, at
16  *4 (N.D. Ill. 2009) (case involving similar facts against another front-load washing
17  machine manufacturer); *Reese v. Barton Healthcare Systems*, 606 F. Supp. 2d 1254,
18  1262 (E.D. Cal. 2008) ("plaintiff need not plead facts establishing a prima facie
19  case").  Indeed, Bosch's interpretation of Plaintiffs' burden at the Rule 12 stage
20  ignores that virtually identical factual allegations in a complaint alleging express
21  warranty claims against other front load washer manufacturers have been found
22  sufficient.  *Bettua*, 2009 WL 230573, at *3-5; see also, *Harper*, 595 F.Supp.2d at
23  486 (same).  As discussed below, the CAC, let alone all reasonable inferences drawn
24  therefrom, state an exceedingly plausible claim for a breach of express warranty.[14]

25
26

27  [14] Notably, Bosch does not challenge Plaintiffs' express warranty claims created by and based on affirmations of fact
28  and descriptions of the washers under UCC 2-313 (a) and (b). See, CAC ¶¶ 33-34.  Therefore, Bosch's MTD must be
    denied as to these claims.

- 16 -

### A) Plaintiffs Are Not Required to Attach the Actual Written Warranty to the Complaint Under Rule 8(a), the Terms of Which Plaintiffs Have Nonetheless Set Forth Verbatim in the Complaint.

Citing a state case that based its decision on a fact-pleading standard, Bosch asserts that the CAC "fails to meet the essential requirement of specifically describing or attaching the actual warranty." MTD at 7 (citing *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (Cal. App. Ct. 2006). This is patently false, both legally and factually. First, Bosch cites no federal authority for its proposition. Second, the Complaint satisfies even the fact-pleading standard Bosch espouses, since Plaintiffs have expressly set forth the terms of the express warranty verbatim in the CAC. CAC ¶¶ 30-31. *See Monaghan v. El Dorado County Water Agency*, 2010 WL 3033780, at *8 n. 5 (E.D. Cal. July 30, 2010) ("[Even though the] plaintiff has not attached or quoted verbatim the complete text of the Agreement . . . ,… under Rule 8(a)'s liberal notice pleading standards, plaintiff has alleged a breach of contract sufficient to survive a motion to dismiss."). Bosch is plainly seeking to apply a California state law pleading requirement that is preempted by the FRCP. *See Shady Grove*, 130 S.Ct. at 1443-44.

### B) Plaintiffs Have Sufficiently Alleged A Defect In Material Or Workmanship.

Contrary to Bosch's baseless assertions, the CAC is replete with factual allegations regarding the Washing Machines' inherent design defects that far exceed the threshold notice pleading requirement. CAC ¶ 6. Further, Bosch's unsubstantiated[15] assertion that the defects alleged in the CAC do not constitute a defect in "material or workmanship" is directly contrary to Ninth Circuit authority.

---

[15] Bosch cites cases that are factually inapposite. Unlike here, *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111 (Cal. App. Ct. 2002) was a state case decided on an appeal from a summary judgment ruling, that has nothing whatsoever to do with whether design defects can properly be considered a defect in material or workmanship. *Id.* at 1119 (merely recognizing that there are two categories of product defects: manufacturing defects and design defects). The second case cited by Bosch erroneously relies on *McCabe* for the proposition that a design defect is somehow not a defect in material or workmanship. *Brothers v. Hewlett-Packard Co.*, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007) (citing *McCabe* to draw a distinction between design defects and defects in materials or workmanship).

Judge Manuel L. Real of this Court recently stated:

> Plaintiffs have adequately pled a defect in "material or workmanship" covered by the express warranty at issue. Pursuant to *Stearns v. Select Comfort Retail Corp.*, 2010 WL 2898284 at *13 (N.D. Cal. July 21, 2010), the **failure to repair the washing machines constitutes a breach of express warranty for material or workmanship**. Further, contrary to Defendant's argument, the Ninth Circuit has held that **design defects are covered by the language of "materials and workmanship" and the express warranty applies to the machines for this reason as well**. *Id.* at 16.

*Dickerson v. Electrolux Home Products, Inc.*, 2011 WL 831916, at *1 (C.D. Cal. Feb. 3, 2011) (citing *Stearns v. Select Comfort Retail Corp.*, 2010 WL 2898284 at *13 (N.D. Cal. July 21, 2010))(emphasis added.)   At the very least, whether the alleged defects indeed constitute defects in material or workmanship is a contested fact-intensive inquiry that cannot be resolved at the pleading stage. *See, e.g., Steshenko v. McKay*, 2010 WL 3155890, at *2. Likewise, to the extent that there exists any lingering concern over whether a design defect is legally cognizable as a defect in material and workmanship, dismissal of Plaintiffs' breach of express warranty claim on the face of the pleading would be equally inappropriate.

### C)   Plaintiffs Are Not Required to Allege That Bosch Refused To Repair the Mold Defect in the Washing Machines Upon Plaintiffs' Request.

Bosch also falsely asserts that Plaintiffs have "failed to meet the pleading requirement" to set forth facts "showing that [Plaintiffs] requested a repair of their washing machine **and** that the request was refused." MTD at 9 (emphasis added). Bosch's argument is misplaced as a matter of law and fact.

The law does not obligate Plaintiffs to request a repair and have that request refused in order to perfect an express warranty claim.  Bosch seeks to impose such a requirement out of whole cloth by referring to state court decisions concerning procedural matters and specific contractual terms that do not exist in the specific warranty at issue in this case.  For example, *Joswick v. Chesapeake Mobile Homes,*

- 18 -

*Inc.*, 765 A.2d 90 (App. Ct. Md. 2001) only stands for the proposition that in the circumstances of that case, a contractual requirement in the express warranty that required written notice of the defect must be complied with.  *Id.*  There is no such requirement in the Bosch express warranty at issue in this litigation. See ECF # 45, Ex. 1.  Further, *Joswick* has no relevance to the applicable pleading requirements in federal court, and in fact stands for the opposite proposition as *Joswick* was a summary judgment decision, meaning the failure to allege a demand to repair was not considered a pleading requirement.  *Id.*  Likewise, the Illinois appellate court in *Belfour v. Schaumburg Auto*, 713 N.E.2d 1233 (Ill. App. Ct. 1999) only required *either* a refusal *or* a failure to repair.  *Id.* at 1238.  As such, *Belfour* has no relevance to this case where the sufficiency of the CAC itself is in dispute, and the facts showing failure to repair have been amply alleged: CAC ¶¶ 32, 134, 135 (failure to repair or replace); CAC ¶¶ 60, 61, 62 (ineffective repair attempts and futile and unsafe repair recommendations); CAC ¶¶ 63, 65, 68, 69-75 (Bosch's knowledge of defects and ineffectiveness of recommendations to consumers).

Putting aside the legal irrelevancy of the demand and failure to repair, the CAC complies with the illusory requirement.  As to the request to repair the mold defects under the warranty, Plaintiffs have alleged a plethora of facts from which such requests can be reasonably – indeed, necessarily – inferred. CAC ¶¶ 15, 16, 19, 22, 37, 64, and 141.  Nothing more is required to satisfy the notice pleading standard under Rule 8(a) and *Twombly*.

### D.  Plaintiffs Sufficiently Alleged a Breach of Express Warranty Claim for Damages Beyond Repair and Replacement.

Basing its assertion that "repair or replacement of component parts is the exclusive remedy" on subsection 2719(1) of the California Commercial Code, Bosch conveniently ignores subsection 2719(2): "Where circumstances cause an exclusive or limited remedy to **fail of its essential purpose**, remedy may be had as provided in this code."  Cal. Com. Code § 2719(2) (emphasis added).  This is precisely what

Plaintiffs have alleged in the CAC. CAC ¶ 35; *see also* ¶¶ 60-68 (setting forth numerous factual allegations showing that Bosch's suggested remedies and repairs do not cure the defects). Because the CAC sufficiently alleges facts to plausibly show that Bosch's purported repair or replacement of the Washers does not in fact cure the Washers' numerous defects, Plaintiffs are not limited to those remedies expressly set forth in the warranty. See also, *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, --- F.Supp.2d ---, 2010 WL 4867562 at *23 (C.D. Cal. Nov. 30, 2010)(finding the limitation on remedies in the written warranty inapplicable where plaintiffs' alleged theory that purported repairs were also defective). As discussed above, because Plaintiffs' contention here is precisely that "any purported repair was itself defective," any purported limitations on the remedy cannot form the basis to dismiss Plaintiffs' breach of express warranty claim on the face of the pleading.

## VII.   PLAINTIFFS HAVE SUFFICIENTLY ALLEGED CLAIMS FOR BREACH OF IMPLIED WARRANTY CLAIM.

Similarly, Bosch's assertion that Plaintiffs have not alleged sufficient facts to state a claim for a breach of implied warranty of merchantability[16] is meritless. The same factual allegations that more than sufficiently state a claim for a breach of express warranty also satisfy the *Twombly* plausibility standard for a breach of implied warranty claim. CAC ¶ 6. Additionally:

> As part of the sale of each Washing Machine, Bosch warranted, marketed, and advertized that the defective Machines were of merchantable quality fit for the ordinary purpose for which washing machines are used, *i.e.*, to clean clothes, make them smell appealing, and clean the Washing

---

[16] Five of the six state implied warranty laws pursuant to which Plaintiffs bring their breach of implied warranty claim uniformly adopted the implied warranty provision of the Uniform Commercial Code, which states in pertinent parts:
> [A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kinds . . . . Goods to be merchantable must be . . . fit for the ordinary purposes for which such goods are used . . . .

Cal. Comm. Code § 2314(2)(c); 810 Ill. Com. Stat. 5/2-314; Md. Code § 2-314; N.Y. U.C.C. Law § 2-314; Tenn. Code Ann. § 47-2-314.

Machines themselves, and were free from defects, including the accumulation of Biofilm, Foul Odors, the Mold Problem, and would not damage clothes that users attempted to clean by using the Washing Machines.

CAC ¶ 36; *see also* ¶¶ 39, 52, 72, 74, 101, 147, 150.  Clearly, taking these factual allegations as true, and drawing all reasonable inferences therefrom, Plaintiffs have stated a breach of implied warranty claim that is far beyond plausible.

### A)  Plaintiffs Are Not Required To Allege Vertical Privity As Third Party Beneficiaries.

Bosch's assertion that "the plaintiffs are required to allege they were in privity of contract with [Bosch]" is simply untrue.  The laws of the five states uniformly allow third-party beneficiaries to pursue breach of implied warranty claims without privity.[17]  Plaintiffs' factual allegations regarding their status as third-party beneficiaries are more than sufficient to satisfy the notice pleading requirement under *Twombly.* CAC ¶¶ 151-153.  As third-party beneficiaries, therefore, Plaintiffs do not need to allege privity with Bosch to state a breach of implied warranty claim.[18]

---

[17] **California:**  *In re Toyota*, 2010 WL 4867562, at *29 ("[T]he clear weight of [California] authority compels a conclusion that where plaintiffs successfully plead third-party beneficiary status, they successfully plead [an] implied warranty claim.") (state law citations omitted). Illinois: *Hirn v. Teledyne Continental Motors*, 1994 WL 685071, at *3 (N.D. Ill. 1994) ("Under Illinois law, . . . a claim [for breach of implied warranty of merchantability] can be brought . . . if . . . [t]he plaintiff is in the position of a third-party beneficiary . . . .") (state law citations omitted); **New York:** *Praxair, Inc. v. General Insulation Co.*, 611 F. Supp. 2d 318, 330 (W.D. N.Y. 2009) ("Under New York law . . . [a]n intended beneficiary of a contract may assert a claim as a third-party beneficiary, including for breach of implied warranty.") (state law citations omitted); **Maryland.** Md. Code § 2-318 ("A seller's warranty . . . extends to . . . ultimate consumer or user of the goods . . . if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."); **Tennessee:** Tenn. Code Ann. § 47-2-318 (same).

[18] In addition, Plaintiff Wentworth's implied warranty claim under the California Song-Beverly Consumer Warranty Act (CAC ¶ 145) does not require privity. *Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116 fn.9 (C.D. Cal. 2007); see also, *Gonzalez v. Drew Indus. Inc.*, CV 06-08233 DDP, 2007 WL 7287245 at *11 (C.D. Cal. May 7, 2007); *Bruce v. Harley-Davidson, Inc.*, CV 09-6588 CAS, 2010 WL 3521775 (C.D. Cal. Jan. 15, 2010) ("the better reasoned case law does not requirement [sic] plaintiffs to be in vertical privity with defendants under the Song-Beverly Act") *citing*, *In re NVIDIA GPU Litig.*, C 08-04312 JW, 2009 WL 4020104 at *4 (N.D. Cal. Nov. 19, 2009)("The plain language of the Song-Beverly Act does not require vertical contractual privity between a manufacturer and a consumer"); *accord*, *Terrill v. Electrolux Home Products, Inc.*, CV 108-030, 2010 WL 4386711 at *12 (S.D. Ga. Sept. 3, 2010).

- 21 -

### B) Plaintiffs Have Sufficiently Alleged That the Washing Machines Are Unmerchantable

Bosch cites a string of totally inapposite, mostly outdated, cases[19] to state the obvious, undisputed proposition that, to state a breach of implied warranty claim, Plaintiffs must set forth factual allegations that the Washing Machines are unfit for their ordinary purposes. MTD at 12. Despite Bosch's gross mischaracterization that Plaintiffs "merely say they are not satisfied," Plaintiffs have pled unmerchantability. CAC ¶¶ 63, 74, 135, 204. Aside from being a factual issue to be properly resolved only upon evidence, other courts have held that a washer alleged to cause clothes to smell is unmerchantable. "A washing machine that makes laundry smell like mold and mildew has not performed its essential function of washing clothes, even if the machine is mechanically sound." *Terrill*, 2010 WL 4386711 at *9; *Marino v. Maytag Atl. Co.*, 141 N.Y.S.2d 432, 437 (N.Y. Mun. Ct. 1955)("A washing machine that does not wash properly may also be deemed unmerchantable.").

Further, Bosch's assertion that Plaintiffs do not allege that "the defect arose within" the statutory time limit for a breach of implied warranty claim is nothing but a red herring that hardly warrants any response. MTD at 13. Indeed, the Washing Machines suffer from numerous *inherent* defects that render the Machines unmerchantable at the outset. CAC ¶ 63, 74, 135, 204. Because the CAC sets forth more than sufficient facts from which to reasonably infer that there was never a time the Washing Machines did not suffer from the defects enumerated above, no statutory limitations on Plaintiffs' breach of implied warranty claim can form a valid basis for dismissal on the face of the CAC.

---

[19] *Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1142 (N.D. Cal. 2010) (the alleged defect is a mechanical failure that, unlike here, has nothing to do with whether the washing machine effectively cleans clothes and itself); *Alvarez v. Am. Isuzu Motors*, 794 N.E.2d 16, 24 (Ill. App. Ct. 2001) (affirming a judgment notwithstanding the verdict on an appeal because mere "recitation of the times that [the plaintiff] took the [allegedly defective product] in for repair" does not constitute sufficient *evidence* that *proves* the product's unfitness for its ordinary purpose); *Nassau Suffolk White Trucks, Inc. v. Twin County Transit Mix Corp.*, 62 A.D.2d 982 (N.Y. A. D. 1978) (ruling on an appeal from a judgment after a trial that the evidence proved that no warranty of merchantability was breached); *Gilpin v. J.B. Colt Co.*, 7 Tenn. App. 630, (App. Ct. Tenn. 1928) (decision on an appeal from the trial court's directed verdict after a trial).

## VIII. PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT SHOULD BE SUSTAINED

### A) Plaintiffs Can Plead Unjust Enrichment Claims in the Alternative

BSH's argument – that an unjust enrichment claim may not lie where the Plaintiffs also allege the existence of a contract via their breach of warranty claims – (MTD at 14) is without merit.   Plaintiffs are expressly permitted to plead inconsistent causes of action in contract and equity, pursuant to Fed. R. Civ. P. 8(e)(2) ("a party may also state as many separate claims or defenses as the party has regardless of consistency").   See also, *Molsbergen v. United States*, 757 F.2d 1016, 1018-19 (9th Cir. 1985) (holding lower court in error for construing inconsistent allegations as to bar claim).[20]

### B) Plaintiffs Have Pled a Viable Claim for Unjust Enrichment Under California Law

Bosch argues that unjust enrichment is not a cause of action under California law. MTD at 15.  While there appears to be a split of authority in California as to whether unjust enrichment exists as a free-standing cause of action or only as a subset of a claim for restitution, the better reasoned opinion is that unjust enrichment constitutes a separate, viable claim for relief.[21]   Moreover, it is premature at this juncture to determine whether other remedies available to Plaintiffs render their claim for unjust enrichment superfluous.   See, *Keilholtz*, 2008 U.S. Dist. LEXIS 30732, at *10-12 ("[a]lthough this claim may ultimately be superfluous to Plaintiffs' restitution claim under the UCL, it is inappropriate at this early stage in the litigation to determine

---

[20]Bosch's authorities also do not support its argument.  For example, Bosch relies on *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp. 2d 838 (N.D. Cal. 2004).  However, *Gerlinger* was not decided at the pleading stage, but rather was decided on summary judgment (311 F. Supp. 2d at 840) after the Court determined that "a valid express contract covering the same subject matter exist[ed] between the parties." *Id*. at 856.

[21]*See e.g.*, *Shum v. Intel Corp.*, 499 F.3d 1272, 1279 (9th Cir. 2007) ("[u]nder California law, unjust enrichment claims can exist as a separate cause of action . . . ") (internal quotations omitted); *Villager Franchise Syst., Inc. v. Dhami, Dhami & Virk*, 2006 U.S. Dist. LEXIS 6114, at 818 (E.D. Cal. Jan. 26, 2006) ("California law recognizes a cause of action for unjust enrichment"); *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50 (1996) (finding claim for damages "that rest[ed] on a theory of unjust enrichment" was sufficiently plead); *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542-43 (2007) (upholding damages award based on unjust enrichment claim); *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000) (recognizing unjust enrichment claims).

- 23 -

whether other remedies available to Plaintiffs are adequate"). *See also Nordberg*, 445 F. Supp. at 1100 (even if Plaintiffs' claim of unjust enrichment merely is a viable theory of recovery based on another asserted cause of action, it is premature to dismiss a claim for unjust enrichment before the resolution of those other causes of action).

Accordingly, Plaintiffs' claim for unjust enrichment under California law should be sustained at this time.

### C) New York Law Does Not Necessarily Require Privity for Unjust Enrichment Claim

New York authority also is split as to whether privity is required for an unjust enrichment claim. The better rule is that an unjust enrichment claim is appropriate, even absent direct privity. "It does not matter whether the benefit is directly or indirectly conveyed." *Cox v. Microsoft Corp.*, 8 A.D.3d 39, 41 (N.Y. App. Div. 1st Dep't 2004), quoting *Manufacturers Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 117 (N.Y. App. Div. 1st Dep't 1990).[22]

### IX. CONCLUSION

For the foregoing reasons, Bosch's MTD should be denied in its entirety. To the extent the Court grants Bosch's motion in any part, Plaintiffs request leave to amend.

DATED: March 28, 2011

**EPPSTEINER & FIORICA ATTORNEYS, LLP**
Stuart M. Eppsteiner (SBN 098973)
sme@eppsteiner.com
Andrew J. Kubik (SBN 246902)
ajk@eppsteiner.com

/s/ Stuart M. Eppsteiner

---

[22] *Cox*, which is a consumer class action against a manufacturer, is more applicable to the instant case than *Sperry v. Crompton Corp.*, 810 N.Y.S.2d 498, 499-500 (N.Y. App. Div. 2nd Dep't 2006) cited by BSH, which cites a string of cases involving third-party beneficiaries.

By: Stuart M. Eppsteiner
12555 High Bluff Drive, Ste. 155
San Diego, CA 92130
Tel: (858) 350-1500
Fax: (858) 350-1501

**WEISS & LURIE**
Jordan L. Lurie (SBN 130013)
jlurie@weisslurie.com
Zev B. Zysman (SBN 176805)
zzysman@weisslurie.com
Joel E. Elkins (SBN 256020)
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA  90024
Tel. (310) 208-2800
Fax (310) 209-2348

**FREED & WEISS LLC**
Eric D. Freed (SBN 162546)
ericf@freedweiss.com
George K. Lang (*pro hac* forthcoming)
georgel@freedweiss.com
111 West Washington St., Ste. 1331
Chicago, Illinois 60602
Tel. (312) 220-0000
Fax (312) 220-7777

**LAW OFFICES OF ELMER
ROBERT KEACH, III, PC**
Elmer Robert Keach, III, Esquire
(*pro hac* forthcoming)
bobkeach@keachlawfirm.com
1040 Riverfront Center
Post Office Box 70
Amsterdam, NY 12010
Tel. (518) 434-1718
Fax: (518) 770-1558

- 25 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEVIN, FISHBEIN, SEDRAN &BERMAN**
Daniel C. Levin, Esquire (Admitted *pro hac vice*)
dlevin@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel. (215) 592-1500

*Counsel for Plaintiffs and the Proposed Class*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CAC