**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-00711 DOC (ANx)                                       Date: August 31, 2011

Title: DIANA TAIT et. al. v. BSH HOME APPLIANCES CORP.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Kathy Peterson  |  Not Present  |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

PROCEEDING (IN CHAMBERS):     GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

      Before the Court is a Motion to Dismiss Plaintiffs' Second Consolidated Amended Complaint filed by Defendant BSH Home Appliances Corp. ("Motion to Dismiss") (Docket 67). After reviewing the moving, opposing and replying papers, and for the reasons explained below, the Court GRANTS in part and DENIES in part the Motion to Dismiss

      **I.     BACKGROUND**

      This case is a purported class action brought by named Plaintiffs Diana Tait, Nancy Wentworth, Beverly Gibson, and Trish Isabella ("Plaintiffs"). According to the allegations of the Second Consolidated Amended Complaint ("SCAC"), Defendant BSH Home Appliances ("Defendant") manufactures defective front-loading automatic washing machines. In particular, Plaintiffs contend that the machines fail to self-clean, resulting in an accumulation of biofilm, mold, and bacteria and the consequent emission of foul odors. Plaintiffs also allege that, as a result of the extra measures they are forced to take in order to clean their washing machines, the machines use water and energy inefficiently. Plaintiffs charge Defendants with knowingly failing to disclose these defects to consumers and instead touting their machines as "Xxtra Sanitary" and "high efficiency."

      On May 12, 2011, the Court granted a motion to dismiss the previous iteration of the SCAC, dismissing all claims but allowing Plaintiffs leave to amend the majority of the complaint

("Previous Motion to Dismiss Order"). Defendant now moves to dismiss Plaintiffs' amended claims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968 (2007) (*abrogating Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*,129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id*. at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id*. Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id*. at 1950. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to draw on its judicial experience and common sense. *Id*.

Where fraud is alleged, Federal Rule of Civil Procedure 9(b) requires parties to "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985). Providing detailed notice to defendants also prevents plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs." *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elecs. Secs. Litig*., 89 F.3d 1399, 1405 (9th Cir.1996)).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000).

## III. DISCUSSION

### a. Claims Under Cal. Bus. & Prof Code § 17200, Cal. Bus. & Prof Code § 17500, and Cal. Civ. Code § 1750

Defendant first moves to dismiss Plaintiffs' causes of action under California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200 ("UCL"); California's False Advertising Law, Cal.

Bus. & Prof Code § 17500 ("FAL"); and the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 ("CLRA"). In support of its motion to dismiss these claims, Defendant argues that the allegations underlying these claims do not comply with the strictures of Rule 9(b).[1] Rule 9(b) applies to any claim grounded in fraud, regardless of whether the claim is explicitly labeled as a fraud cause of action. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102–05 (9th Cir.2003). As explained in the Court's Previous Motion to Dismiss Order, the allegations supporting Plaintiff's UCL, FAL and CLRA claims sound in fraud and thus must satisfy Rule 9(b).

In the latest version of their complaint, Plaintiffs explicitly disavow any claims based on affirmative misrepresentations by Defendant. SCAC, ¶ 45. Instead, Plaintiffs assert a theory of misrepresentation by omission, alleging that Defendant failed to disclose certain material information to Plaintiffs prior to the time that they purchased the washing machines. Accordingly, whereas fraud plaintiffs typically must provide an "account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007), a plaintiff in a fraud-by-omission suit faces a slightly more relaxed burden, due to the fraud-by-omission plaintiff's inherent inability to specify the time, place, and specific content of an omission in quite as precise a manner. *Baggett v. Hewlett Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007) (citing *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007)). The Court examines the adequacy of Plaintiffs' fraudulent omission claims with these principles in mind.

A cause of action based on alleged omissions can lie only where a Defendant has a duty to make disclosures. California courts have found that such a duty exists in the following four situations: "(1) when the defendant is in fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; or (4) when the defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal.App.4th 326, 337 (1997). Here, Plaintiffs have alleged sufficient facts to establish a duty to disclose under at least the second and third prong of the *Judkins* test. Plaintiffs aver that Defendant, both from first-hand experience and consumer complaints, knew of the machines' defects, SCAC ¶¶ 91-98, but actively concealed this information by failing to disclose it to consumers prior to the time of purchase.

---

[1] Defendant also argues, without a single legal citation, that Plaintiffs' CLRA claim fails because, by purchasing their machines from retailers, as opposed to from Defendant directly, Plaintiffs never entered into a "transaction" with Defendant, as required by the statute. This argument gains no traction. Recognizing that the CLRA's text directs courts to "liberally constru[e]" its provisions in order to "promote [the statute's] underlying purpose," courts have soundly rejected Defendant's contention that the use of a retailer or other middle-man shields manufacturers from CLRA liability. *Keilholtz v. Superior Fireplace Co.*, 2009 WL 839076 at *3-4 (N.D. Cal. 2009).

Defendant's attempt to rebut this allegation by arguing that Defendant provided information on the extra efforts needed to clean the machines in its Use and Care Manual, or that complaints about the product were available on the internet, is unavailing. The Use and Care Manuals were available to consumers only *after* they bought the machines. Similarly, the fact that information about consumer complaints may have been available on the internet does not negate a claim for fraudulent omission. As the Northern District of California has explained, although some "prospective purchasers with access to the internet could have read the many complaints about [the product,] . . . [Defendant] is alleged to have known a lot more . . . . Many customers would not have performed an internet search before beginning a [product] search. Nor were they required to do so." *Falk*, 496 F. Supp. 2d at 1096.[2] Plaintiffs have adequately plead a duty to disclose.

Plaintiffs also sufficiently allege that the concealed information regarding the machines' mold problems and low efficiency was material to their decision to purchase Defendant's product. SCAC ¶¶ 49, 129. *See also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) ("A misrepresentation is judged to be material if a reasonable man would attach importance to its existence or nonexistence."). Finally, the SCAC includes pictures of the washing machines and points to places on the labels, as well as locations on Defendant's website, where the omitted information could have been provided. SCAC, ¶¶ 49-49, 60. Taken as a whole, Plaintiffs' allegations in support of their UCL, FAL and CLRA causes of action are sufficiently particular to satisfy Rule 9(b).

Defendant's Motion to Dismiss Plaintiffs' UCL, FAL and CLRA claims is accordingly DENIED.

### b. Express Warranty Claims – Uniform Commercial Code

Defendant next moves to dismiss Plaintiffs' breach of express warranty claims under Uniform Commercial Code § 2-313, as incorporated in California, New York and Maryland law. Defendant advances a variety of arguments in support of its request to dismiss these claims, but only one is necessary: Plaintiffs are not in privity of contract with Defendant and they have not sufficiently alleged an exception to the privity requirement.

Under the laws of all three states, privity generally functions as a prerequisite to any breach of express warranty claim. *See All West Elecs., Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 725 (1998) ("The general rule is that privity of contract is required in an action for breach of either express or implied warranty."); *Cellars v. Pac. Coast Packaging*, 189 F.R.D. 575, 580 (N.D. Cal. 1999)

---

[2] Of course, whether Defendant *actually* possessed exclusive knowledge of the machines' alleged problems and/or whether Defendant *actually* took active steps to conceal the information, is a factual question to be resolved at a later date. Plaintiffs' plausible allegations, however, are sufficient to establish a duty of disclose for the purposes of the pleading stage.

("Privity remains a requirement in express warranty actions."); *Carcone v. Gordon Heating & Air Conditioning Co.*, 212 A.D.2d 1017, 1018 (N.Y. 1995) ("Privity is also an essential element of a cause of action for express warranty."); *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F. Supp. 312, 322-23 (D.C. Md. 1983) (dismissing breach of express warranty claim on the grounds that privity of contract "remains an essential ingredient" and a "necessary prerequisite to maintain a contract cause of action."). California and New York have recognized an exception to this general rule where the express warranty claim arises from affirmations of facts made by the manufacturer in labels or advertising. *See Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695-96 (1954); *Randy Knitwear, Inc. v. American Cyanamid Co.*, 181 N.E.2d 399 (N.Y. 1962). Here, however, the only actionable affirmation of fact identified by Plaintiffs in support of their breach of express warranty claims – that the washing machines kill "99.9% of the most common household bacteria" – comes not from labels or advertising, but from the Use and Care Manual available to consumers only after the washing machines are purchased. The other affirmations on which Plaintiffs attempt to hang their breach of express warranty claims – statements on the machine's labels that the washers are "Xxtra Sanitary" or "Sanitary" – are "not statements about specific or absolute characteristics of a product, but are properly considered non-actionable puffery," and thus "cannot give rise to liability against [Defendant]." *Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1141-42 (N.D. Cal. 2010).

Under Maryland law, Plaintiffs' breach of express warranty claims are even more obviously doomed, as the only exception to the privity requirement that Maryland courts recognize arises when the alleged breach of the warranty results in personal injury. *Pulte Home Corp. v. Parex, Inc.*, 174 Md.App. 681, 724 n.14 (Md. App. 2007) ("Maryland does not recognize [an] exception to the privity requirement when the claim of breach of express warranty does not involve a claim of personal injury."). No physical injury is alleged here.

Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' breach of express warranty claims under the California, New York and Maryland Commercial Codes. These claims are DISMISSED WITH PREJUDICE.

### **c.** **Express Warranty Claim – Song-Beverly Act**

Plaintiffs also bring a cause of action for breach of express warranty in violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et. seq.* ("Song Beverly"). Although privity may not be required under Song-Beverly, this claim cannot survive due to Plaintiffs' failure to provide proper pre-suit notice of the defects to Defendant, as is required to bring a breach of express warranty claim under the Act. *See Gonzalez v. Drew Industries, Inc.*, 750 F.Supp.2d 1061, 1073 (C.D. Cal. 2007) (discussing notice requirement under Song-Beverly). In the SCAC, Plaintiffs claim that they provided notice to Defendant in the form of a letter dated December 15, 2009, attached as Exhibit 10 to the SCAC. This letter, however, references only the written warranty that accompanied the washers' Use and Care Manual The letter does not discuss the "affirmations of fact" on which the SCAC's breach of express warranty claim is grounded. It therefore does not suffice.

Defendant's Motion to Dismiss is thus GRANTED with respect to Plaintiffs' breach of express warranty claim under Song-Beverly. This claim is DISMISSED WITH PREJUDICE.

### d. Implied Warranty Claims

In addition to the express warranty claims discussed above, the SCAC also pleads causes of action for breach of implied warranty under both Song-Beverly and the New York Uniform Commercial Code § 2-314. Unlike express warranty claims under the California Commercial Code, implied warranty claims under California's Song-Beverly Act can exist even where the plaintiff and the defendant do not stand in privity.[3] *See* Cal. Civ.Code § 1792 ("[E]very sale of consumer goods that are sold at retail in this state shall be accompanied by the *manufacturer's* and the retail seller's implied warranty that the goods are merchantable.") (emphasis added); *Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116 n.9 (C.D. Cal. 2007). Although New York law generally requires privity for a breach of implied warranty claim, an exception exists when the product at issue is a "thing of danger." *Wade v. Tiffin Motor House, Inc.*, 686 F. Supp. 2d 174, 191 (N.D.N.Y. 2009); *Hubbard v. General Motors Corp.*, 1996 WL 274018 at *5 (S.D.N.Y. 1996). Plaintiffs' allegation that the defects in Defendant's washing machines cause a dangerous accumulation of mold suffices to place Plaintiffs' case within this exception. *See Dickerson v. Electrolux Home Products, Inc.*, 2011 WL 831916 at *2 (applying "thing of danger" exception to claim of mold build-up from front-loading washing machines). The lack of privity between Plaintiffs and Defendant thus does not bar Plaintiffs' implied warranty claims.

Defendant's remaining arguments in support of its motion to dismiss Plaintiffs' implied warranty claims – that the implied warranty was not breached, that Defendant effectively disclaimed its implied warranty duties, or that Plaintiffs discovered the alleged defects after the statutory warranty period had lapsed – are either incorrect or are not appropriate for resolution at the motion to dismiss stage.

As such, Defendant's Motion to Dismiss is DENIED with respect to Plaintiffs' breach of implied warranty claims.

### d. Magnuson-Moss Warranty Act Claim

On top of their state law warranty claims, Plaintiffs bring suit under the federal Magnuson-Moss Warranty Act ("MMWA"). The sole grounds offered by Defendant in support of its motion to dismiss Plaintiffs' MMWA claim is the assertion that Plaintiffs have failed to plead a valid warranty claim under the laws of any state. Contrary to Defendant's submission, Plaintiffs have stated a valid claim for breach of implied warranty under California and New York law.

---

In its Previous Motion to Dismiss Order, the Court erroneously held that privity was required to state a claim for breach of implied warranty under Song Beverly. Pursuant to its inherent authority to reconsider any matter still pending before it, the Court vacates that finding.

Defendant's Motion to Dismiss Plaintiffs' MMWA claim is therefore DENIED.

### e. Illinois Consumer Fraud and Deceptive Practices Claim

Defendant further requests dismissal of Plaintiffs' cause of action under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFDPA"), arguing that Illinois law does not recognize claims for fraudulent omission. This assertion is contrary to law – Illinois courts indeed recognize such claims. *See, e.g. DeBouse v. Bayer*, 235 Ill.2d 544, 555 (Ill. 2009) ("[C]onsumer fraud may occur by concealment.").

Defendant's alternative argument – that the allegations in support of the ICFDTPA do not meet the standards of Rule 9(b) – fail for the reasons previously discussed in this order. As stated above, Plaintiffs have identified the concealed information, plausibly alleged that the omission of this information was material to their decision to purchase the washing machines, and have offered suggestions regarding where the omitted information could have been provided. Rule 9(b) does not require more.

Accordingly, Defendant's Motion to Dismiss is DENIED with respect to Plaintiffs' ICFDPA cause of action

### f. Maryland Consumer Protection Act Claim

Defendant's briefing in support of its motion to dismiss Plaintiffs' claim under the Maryland Consumer Protection Act ("MCPA") rests solely on a regurgitation of Defendant's previous arguments regarding Plaintiff's purported failure to comply with Rule 9(b). For the reasons already explained, this argument lacks merit.

Defendant's Motion to Dismiss is therefore DENIED with respect to Plaintiff's MCPA claim.

### g. New York General Business Law §§ 349, 350 Claims

Finally, Defendant moves the Court to dismiss Plaintiffs' claims under New York General Business Law ("NYGBL") §§ 349 and 350. Aside from the now-familiar (and failed) argument regarding Plaintiffs' failure to conform these claims to Rule 9(b)'s pleading standards, Defendant requests dismissal on the grounds that Defendant's only statements about the washing machines are non-actionable "puffery," and that Plaintiffs have not sufficiently alleged that Plaintiff relied on Defendant's deceptive practices or that these practices caused Plaintiffs' harm. The first argument misconstrues the nature of Plaintiffs' claims. Like Plaintiffs' other consumer protection claims, Plaintiffs' NYGBL causes of action are based on a theory of misrepresentation by omission. As such, the fact that Defendant's affirmative statements may have been mere "puffery" is not fatal to Plaintiffs' case. With respect to Defendant's second argument, the Court disagrees that Plaintiffs have

failed to adequately plead causation and/or reliance. *See* SCAC ¶¶ 49, 129 (alleging that the concealed information was material to Plaintiffs' purchasing decisions).

Defendant's Motion to Dismiss Plaintiffs' claims under NYGBL §§ 349 and 350 is thus DENIED.

### VI. DISPOSITION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' claims for breach of express warranty under the California, New York and Maryland Commercial Codes and under Song-Beverly. These claims are DISMISSED WITH PREJUDICE.

The remainder of Defendant's Motion to Dismiss is DENIED.

The Clerk shall serve this minute order on all parties to the action.