**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| DIANA TAIT, NANCY WENTWORTH, BEVERLY GIBSON, SHARON COBB and TRISH ISABELLA individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. SACV10-711 DOC (ANx)<br><br>**[PROPOSED] AMENDED PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br>*Assigned to:*<br>District Judge: Cormac J. Carney<br>Discovery Magistrate Judge: Arthur Nakazato |

IT IS HEREBY ORDERED, based on the stipulation of the parties, and sufficient cause being found therefore, that this Amended Protective Order shall be entered on the terms set forth herein and shall govern the

- 1 -

handling of documents, answers to interrogatories, responses to requests to admit, responses to demands for documents, depositions, deposition exhibits, pleadings, exhibits, and all other information produced or obtained by any party or non-parties in the course of this action that contains "Confidential Information" as defined herein.

### A.   **DEFINITION OF CONFIDENTIAL INFORMATION**

"Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which is designated when it is produced as "Confidential" by the supplying party. In designating information as Confidential Information, the party so designating will make such designation only as to that information which has not been made public by the designating party that it believes contains trade secret, confidential, private, and/or proprietary information.  By designating a document, thing, material, testimony or other information "Confidential," under the terms of this order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of the Federal Rule of Civil Procedure 26 (g).

If a party claims a document produced by a third party is Confidential Information ("Confidentiality Claimant") and its counsel notifies the other party's counsel ("Recipient") that the Confidentiality Claimant is claiming said information or thing is Confidential Information, the Recipient will treat said information or thing as Confidential Information pursuant to the terms of this Amended Protective Order for thirty days from the date of notice of

Confidentiality Claimant's position. If Recipient disagrees that said 3rd party thing or information is Confidential Information, Confidentiality Claimant will file a motion for protective order within thirty days of said notice by Recipient. If said motion is not timely filed, Recipient may use said thing or information as they chose. If Confidentiality Claimant files a motion for protective order, the thing or information, produced by a third party shall be treated as Confidential Information pursuant to the terms of this Amended Protective Order until the Court issues its order on said motion for protective order. The Recipient agrees to treat the third party thing or information as ordered by said Court.

**B.     PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION**

1. Confidential Information shall include all documents provided by a party which have been designated as confidential by marking the page: "CONFIDENTIAL". In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

2. The identification of information as Confidential by a supplying party shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made.

3. Information provided by oral testimony given in a deposition may be designated as confidential by indicating on the record at the deposition the testimony which the asserting party claims is Confidential Information and subject to the provisions of this Order.

No Confidential Information may be read by anyone other than a Qualified Person. The parties will inform the court reporter who is stenographically recording said testimony to mark those portions of the testimony they assert is Confidential Information. The party that requests a portion of the deposition testimony be marked as "Confidential" shall pay all amounts that the court reporter charges for marking portions of the deposition transcript as "Confidential Information."

4. If any party believes that a document or other information, which has been designated as Confidential Information is not Confidential Information, that party will notify the party asserting the information is Confidential Information and the parties shall resolve their dispute as provided by FRCP and Local Rules. If no agreement can be reached, the party seeking to challenge the designation of the document shall file a Motion for Relief. Until the Court resolves the motion, the document will be treated as Confidential subject to the terms of this Amended Protective Order.

## C. QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION

1. Information or material designated as Confidential Information, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

(a) counsel of record of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the

information or material be shown for the purposes of this litigation, and defendant's in-house counsel;

(b) a named party, or a present or former officer, director, employee, of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c) consultants and experts retained or employed to assist the attorneys of named parties in the prosecution, defense, or settlement of this action;

(d) court reporters and videographers employed in connection with this action;

(e) graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section D herein;

(f) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section D herein; and

(g) any other person only upon Order of the Court or upon prior written consent of the party who designated the information or material confidential, subject to and conditioned upon compliance with Section D herein.

2. All persons listed in Section C(1)(c), (e), (f) and (g) above may be given access to information or material designated as "Confidential Information provided that they first confirm their understanding and agreement to abide by the terms of this Amended

1 Protective Order by completing and signing a copy of an undertaking in the form attached hereto as ***Exhibit A***. However, as to deposition witnesses, a party's attorney may show a witness, who comes within the description of Section C(1)(b) above, this Amended Protective Order and Exhibit A thereto and have them orally agree on the record to Exhibit A and sign Exhibit A.

    3. Any person may be examined as a witness during a deposition concerning any information or material designated as "Confidential Information" to which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential Information" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information, provided that the examining party's attorney may show a witness, who comes within the description of Section C(1)(b) above, this Amended Protective Order and Exhibit A thereto and have them orally agree to Exhibit A.

    D. **RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

    1. Any information designated as Confidential Information shall not be made available or disclosed to any person other than the Qualified Persons identified in Section C. Persons who, by virtue of the conduct of this litigation, have knowledge of the designated

Confidential Information shall not suffer or permit its disclosure or that of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Amended Protective Order to receive such information.

2. Disclosure of all items designated as Confidential Information in this action shall be solely for the purposes of this action, United States District Court, Central District of California, No. SACV 10-711 DOC (ANx) unless and until such designation is removed either by Stipulation by attorneys for the named parties or by Order of the Court.

3. With respect to information designated as Confidential Information, no copies of documents, testimony, or other information shall be received, kept, or maintained by individuals other than the Qualified Persons as defined above.

4. Any document designated as CONFIDENTIAL shall be filed with the Court only if it is under seal. Any party wishing to file under seal any document or other item designated "CONFIDENTIAL" or otherwise designated as Confidential Information shall do so in compliance with Civil Local Rule 79-5.1. In addition to the written application filed by the filing party, any non-filing party shall have 14 days from the date of filing to file a brief supporting the request that the documents remain confidential and under seal and that during this time period, the Court will not make any ruling on the written application. Any party filing a document marked CONFIDENTIAL that it received from a third party pursuant to a subpoena must notify the third party that its CONFIDENTIAL information has been filed with the Court. The third party has fourteen (14) days from such notice to file a written

request asking that the Court keep such document(s) under seal.

5. In the event an attorney to this litigation seeks to show any documents or other information designated as Confidential Information to anyone other than a Qualified Person, that attorney shall first advise opposing counsel at least five (5) calendar days in advance, and seek to reach an informal resolution of such matters. In the event that agreement cannot be reached, the party seeking to show the Confidential Information shall apply to the Court for relief from this Amended Protective Order.

E. **NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall continue to apply during the time period in which the trial of this action occurs, but shall not apply to the trial itself. Any party may, at or before the time of trial, seek an Order of the Court to restrict access to particular documents or testimony in the trial. In accordance with Local Rule 16-2.3, the party designating as a trial exhibit (for any purpose) CONFIDENTIAL documents or information (*e.g.*, deposition testimony) received from a third party shall also notify the third party that its CONFIDENTIAL documents or information may be received by the Court at trial without the protections of this Amended Protective Order. Such notice must take place no later than the deadline stated for the exchange of exhibits by the parties to this case – *i.e.*, 40 days before the Final Pretrial Conference. Within fourteen (14) days after receiving such notice, the third party may submit a motion to the Court asking that the Court receive certain or all of its CONFIDENTIAL documents or information as trial exhibits under seal.

### F. NO ADMISSION OR WAIVERS

The execution of this Order shall not:

1. constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential documents or information; or

2. be construed as an admission or agreement that any document or information designated as Confidential is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

### G. INADVERTENT DISCLOSURE

Inadvertent disclosure of documents or information claimed to be privileged or protected by the producing party shall be treated according to the requirements of FRCP 26(b)(5)(B).

### H. RETURN OF DOCUMENTS

1. The parties shall destroy any such documents produced to it by the other party within sixty (60) days of final termination of this litigation. Nothing in this paragraph would require a party to destroy its own documents.

**IT IS SO ORDERED.**

DATED: November 3, 2011   _____
Hon. Arthur Nakazato
Magistrate Judge, U.S. District Court