1

JS-6

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                   SOUTHERN DIVISION – SANTA ANA

11

| | |
|---|---|
| 12  DIANA TAIT, et al., individually and on behalf of all others similarly situated, | Case No. SA CV 10-0711 DOC(ANx) |
| 13 | |
| | **ORDER GRANTING** |
| 14                        Plaintiffs, | **STIPULATED PARTIAL STAY** |
| | **OF CASE  [176]** |
| 15            v. | |
| 16  BSH HOME APPLIANCES | The Honorable David O. Carter, Courtroom 9D |
| 17  CORPORATION, a Delaware Corporation, | |
| | Discovery Magistrate Judge: |
| 18                        Defendant. | Arthur Nakazato |
| 19 | |
| 20 | |

21

22

23

24

25

26

27

28

## <u>ORDER</u>

The Court, having considered the parties' Stipulation for a Partial Stay of Case, the Court **HEREBY ORDERS:**

1.      Further proceedings in the present action shall be partially stayed until the Ninth Circuit rules on the Petition and, if the Petition is granted, until the Ninth Circuit issues its mandate.

2.      The stay shall apply to all matters except the following:

(a)      Third-party discovery directed at ascertaining the identity of class members and any efforts to enforce that discovery;

(b)      The filing of a proposed amendment to the Second Consolidated Amended Complaint to name a replacement Illinois class representative or the filing of a Third Consolidated Amended Complaint and any Orders by the Court related thereto;

(c)      A decision by and or order of the Court on certification of an Illinois class with the replacement class representative;

(d)      Any efforts by the parties to settle or otherwise resolve the action including requesting and obtaining court approval for same;

(e)      Any orders of the Court related to the pending Petition to Certify the Court's Order Granting in Part Plaintiffs' Motion To Certify Class, Denying Defendant's Motion To Exclude Expert Chin Yang and Denying Defendant's Motion to Exclude Expert Brian Clark.

3.      The current trial date shall be vacated.

4.      The parties shall conduct a scheduling meeting and propose a new scheduling order to the Court within 30 days of a Ninth Circuit ruling on the Petition or, if the Petition is granted, within 45 days of the Ninth Circuit's issuance

1  of the mandate, with a scheduling conference to be set within 30 days after

2  entry of the scheduling order.

3

4  **IT IS SO ORDERED.**

5

6  Dated:  <u>February 8, 2013</u>              By  *David O. Carter*

7                                                    HON. DAVID O. CARTER
                                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2