1 Elwood Lui (State Bar No. 45538)
  elui@JonesDay.com
2 Frederick L. McKnight (State Bar No. 55183)
  fmcknight@jonesday.com
3 Erik K. Swanholt (State Bar No. 198042)
  ekswanholt@jonesday.com
4 JONES DAY
  555 South Flower Street
5 Fiftieth Floor
  Los Angeles, CA  90071-2300
6 Telephone:  (213) 489-3939
  Facsimile:   (213) 243-2539
7

8 Attorneys for Defendant
  BSH HOME APPLIANCES CORPORATION

9

10      UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA

12        SOUTHERN DIVISION

13

| | |
|---|---|
| SHARON COBB, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation,<br><br>    Defendant. | Case No. SACV10-711 DOC (ANx)<br><br>**BSH HOME APPLIANCES CORPORATION'S ANSWER TO PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT**<br><br>*Assigned to:*<br>District Judge:  David O. Carter<br>Courtroom 9D<br><br>Discovery Magistrate Judge:<br>Arthur Nakazato |

24    Defendant, BSH Home Appliances Corporation ("BSH"), responds to the

25 Third Consolidated Amended Complaint ("Complaint") filed by plaintiffs Beverly

26 Gibson, Trish Isabella, Dennis Demereckis, and Nancy Wentworth ("plaintiffs") on

27 behalf of themselves individually and all other similarly situated, as follows:

28

1.  BSH admits that plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a putative class seeking damages, restitution, constructive trust and injunctive relief.  BSH denies the propriety of any class proposed by plaintiffs and denies that plaintiffs are entitled to the relief requested.

2.  BSH denies the propriety of plaintiffs' action and denies that BSH has violated any laws.  BSH admits that it distributed 27-inch washing machines under the names Nexxt, Vision, and Ultra Sense.  BSH admits that it distributed 24-inch washing machines under the name Axxis and Ultra Stack.  BSH lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations of paragraph 2 of the Complaint and therefore denies those allegations.

3.  BSH admits that there are top-loading and front-loading washing machines used in North America.  BSH denies the remaining allegations of paragraph 3 of the Complaint.

4.  BSH denies the allegations of paragraph 4 of the Complaint.

5.  BSH denies the allegations of paragraph 5 of the Complaint.

6.  BSH denies the allegations of paragraph 6 of the Complaint.

7.  BSH denies the allegations of paragraph 7 of the Complaint.

8.  BSH admits that plaintiffs purport to assert claims for alleged violations of the "Unfair," Unlawful" and "Fraudulent" prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"), and Cal. Civ. Code § 1750 et seq. ("CLRA") on behalf of themselves and a putative nationwide class, but denies that this action may be properly maintained as a class action and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

9.  BSH acknowledges that plaintiff Gibson purports to assert claims on behalf of a Maryland subclass based on alleged violations of the Maryland

1   Consumer Protection Act, but denies that these claims may be properly maintained
2   as a class action and denies that any class alleged in the Complaint satisfies the
3   requirements of Federal Rule of Civil Procedure 23.  BSH denies the remaining
4   allegations of paragraph 9 of the Complaint.

5         10.    BSH admits that plaintiff Isabella purports to assert claims on behalf of
6   a New York subclass for alleged violations of New York General Business Law
7   sections 349 and 350 and Breach of the Implied Warranty of Merchantability, but
8   denies that these claims may be properly maintained as a class action and denies
9   that any class alleged in the Complaint satisfies the requirements of Federal Rule of
10  Civil Procedure 23.  BSH denies the remainder of the allegations in paragraph 10 of
11  the Complaint.

12        11.    BSH admits that plaintiff Wentworth purports to assert claims on
13  behalf of a California subclass for alleged breach of the implied warranty of
14  merchantability under the Song-Beverly Act, but denies that these claims may be
15  properly maintained as a class action and denies that any class alleged in the
16  Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  BSH
17  denies the remainder of the allegations of paragraph 11 of the Complaint.

18        12.    BSH admits that plaintiff Demereckis purports to assert claims on
19  behalf of an Illinois subclass for alleged violation of the Illinois Consumer Fraud
20  and Deceptive Practices Act, but denies that these claims may be properly
21  maintained as a class action and denies that any class alleged in the Complaint
22  satisfies the requirements of Federal Rule of Civil Procedure 23.  BSH denies the
23  remainder of the allegations of paragraph 12 of the Complaint.

24        13.    BSH lacks sufficient information to form a belief as to the truth of the
25  allegations of paragraph 13 of the Complaint and therefore denies the allegations.

26        14.    BSH denies the allegations of paragraph 14 of the Complaint.

27        15.    BSH lacks sufficient information to form a belief as to the truth of the
28  allegations of paragraph 15 of the Complaint and therefore denies the allegations.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

16.     BSH lacks sufficient information to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore denies the allegations.

17.     BSH lacks sufficient information to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and therefore denies the allegations.

18.     BSH admits that the door gasket in Wentworth's washing machine was replaced on or about January 19, 2010.  BSH lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint and therefore denies the allegations.

19.     BSH admits that on June 17, 2010 its counsel and an employee of BSH were allowed a very limited visual inspection of plaintiff Wentworth's washing machine.  BSH denies that on June 17, 2010, plaintiff Wentworth's gasket was "inundated with the mold problem."  BSH admits that there was a subsequent inspection and disassembly of plaintiff Wentworth's washer.  BSH lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint and therefore denies the allegations.

20.     BSH lacks sufficient information to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore denies the allegations.

21.     BSH lacks sufficient information to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies the allegations.

22.     The Complaint does not contain a Paragraph 22.

23.     BSH admits that it is a Delaware corporation and that its corporate headquarters are at 5551 McFadden Avenue, Huntington Beach, California where some executive, design, sales, marketing, finance, information technology, human resources, and customer support persons are located.  BSH admits that it has a toll free customer service number that is answered in Huntington Beach, California.  BSH denies that it has a pattern and practice of denying washing machine owners warranty claims.  BSH denies the remainder of the allegations of paragraph 23 of the Complaint.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

24.    BSH admits that it is a wholly owned subsidiary of BSH – Bosch und Siemens Hausgeräte based in Germany.  BSH admits that it has sold products in the United States under the Bosch, Siemens, Thermador, and Gaggenau brands.  BSH admits that it has manufactured certain washers in New Bern, North Carolina in the past.  BSH lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint and therefore denies the allegations.

25.    BSH admits the allegation of paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations require a response, BSH denies the allegations.

27.    BSH admits that it does business in this judicial district and has its corporate headquarters in Orange County.  BSH lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint and therefore denies these allegations.

28.    BSH admits that it has manufactured and has distributed and/or sold front-loading washing machines in the United States under the brand names Bosch and Siemens.  BSH denies that all of the washing machines that it has sold in the United States are identical.  BSH lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint and therefore denies these allegations.

29.    BSH admits that it has manufactured washers that were sold by ABT, Best Buy, Lowes, Pacific Sales, Sears, and other retailers.  BSH denies the remaining allegations of paragraph 29 of the Complaint.

30.    Paragraph 30 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations require a response, BSH denies the allegations.

31.    BSH denies the allegations of paragraph 31 of the Complaint.

32.     BSH lacks sufficient information to form a belief as to the truth of the allegations regarding plaintiffs' thought process in their purchasing decision, and therefore denies the allegations.  BSH denies the remaining allegations of paragraph 32 of the Complaint.

33.     BSH lacks sufficient information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore denies the allegations.  BSH denies the remaining allegations of paragraph 33 of the Complaint.

34.     BSH denies the allegations of the first sentence of paragraph 34 of the Complaint.  The remainder of this paragraph asserts legal or medical conclusions to which no response is required.  To the extent these allegations require a response, BSH denies the allegations.  BSH denies the last two sentences of paragraph 34 of the Complaint.

35.     BSH denies the allegations of paragraph 35 of the Complaint.

36.     BSH denies the allegations of paragraph 36 of the Complaint.

37.     BSH lacks sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 37 of the Complaint and therefore denies the allegations.  BSH denies the remainder of the allegations in this paragraph.

38.     BSH denies the allegations of paragraph 38 of the Complaint.

39.     BSH denies the allegations of paragraph 39 of the Complaint.

40.     BSH denies the allegations of paragraph 40 of the Complaint.

41.     BSH denies the allegations in the first sentence of paragraph 41 of the Complaint.  The remainder of the allegations in Paragraph 41 of the Complaint set forth legal conclusions which do not require a response.  To the extent these allegations require a response, BSH denies the allegations.  BSH further denies that this action may be properly maintained as a class action and denies that any class

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 6 -

alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

42.     BSH denies the allegations contained in paragraph 42 of the Complaint.

43.     The Complaint does not contain a Paragraph 43.

44.     BSH denies that the front-loading washing machines it manufactured have defective parts or that they were assembled into a defective machine or that they have a high propensity to accumulate biofilm or develop odors.  Accordingly, there was no basis for stating at the time of purchase that front-loading washing machines it manufactured have defective parts or that they were assembled into a defective machine or that they have a high propensity to accumulate biofilm or develop odors and therefore such was not stated.  BSH denies the remainder of the allegations in this paragraph.

45.     Paragraph 45 of the Complaint contains only legal conclusions to which no response is required.  To the extent these allegations require a response, BSH denies the allegations.

46.     BSH denies the allegations of paragraph 46 of the Complaint.

47.     BSH denies that the washers it has distributed have defective parts and therefore there is no basis to state that the parts were defective and therefore BSH made no such misrepresentation.  BSH denies the remainder of the allegations of paragraph 47 of the Complaint.

48.     BSH admits that some of the washing machines that it has manufactured contained a washer setting entitled "XXTRA SANITARY" and "Sanitary 170" but denies the remainder of the allegations contained in paragraph 48 of the Complaint.

49.     BSH lacks sufficient information to form a belief as to the truth of the allegations of paragraph 49 of the Complaint and therefore denies the allegations.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 7 -

50.   BSH lacks sufficient information to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and therefore denies the allegations.

51.   BSH denies that its front-loading washing machines had a high propensity to develop mold or foul odors or that "extraordinary actions" would be required for all washing machine owners.  BSH lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

52.   BSH lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

53.   The Complaint does not contain a paragraph 53.

54.   BSH lacks sufficient information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 54 of the Complaint and therefore denies the allegations.  BSH denies that the front-loading washing machines it manufactured had a high propensity to develop mold or foul odors or that all washing machine owners were required to perform "extraordinary actions."

55.   BSH lacks sufficient information or belief to admit the truth of the allegations contained in this paragraph and therefore denies the allegations.

56.   BSH lacks sufficient information or belief to admit the truth of the allegations contained in the first sentence of paragraph 56 of the Complaint and therefore denies the allegations.  BSH denies that the front-loading washing machines it manufactured had a high propensity to develop mold, foul odors, or biofilm or that washing machine owners were required to perform "extraordinary actions."

57.   BSH lacks sufficient information and belief to admit the truth of the allegations contained in paragraph 57 of the Complaint and therefore denies the allegations.

58.   BSH lacks sufficient information or belief to admit the truth of the allegations contained in the first sentence of paragraph 58 of the Complaint and

1  therefore denies the allegations.  BSH denies that the front-loading washing

2  machines it manufactured had a high propensity to develop mold, foul odors, or

3  biofilm or that washing machine owners were required to perform "extraordinary

4  actions."

5         59.     BSH lacks sufficient information to form a belief as to the truth of the

6  allegations contained in paragraph 59 of the Complaint and therefore denies the

7  allegations.

8         60.     BSH denies the allegations contained in paragraph 60 of the

9  Complaint.

10        61.     BSH lacks sufficient information or belief to admit the truth of the

11  allegations contained in the second sentence of paragraph 61 of the Complaint.

12  BSH denies the remaining allegations contained in this paragraph.

13        62.     To the extent paragraph 62 of the Complaint references actions

14  undertaken by the plaintiffs or tests conducted by the plaintiffs, BSH lacks

15  sufficient information to admit the truth of the matters asserted and therefore denies

16  the allegations.  BSH denies that the washing machines it manufactured contained

17  defective parts.  BSH denies that the labels on the washing machines were

18  misleading or incomplete representations.  BSH denies that the statements "High

19  Efficiency" and "Energy Star" are material representations or that they were false

20  or misleading.  BSH denies concealing or suppressing any material facts.  The

21  remainder of this paragraph contains legal conclusions to which no response is

22  required.  To the extent these allegations require a response, BSH denies the

23  allegations.

24        63.     BSH lacks sufficient information or belief to admit the truth of any

25  allegations contained in paragraph 63 of the Complaint that purport to represent the

26  basis for the plaintiffs' purchase of their washing machines or the conduct of the

27  plaintiffs following their purchase of the washing machine.  BSH denies the

28  remainder of the allegations contained in this paragraph.

- 9 -

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

64.     BSH denies that the washing machines it manufactured or sold contained defective parts or caused clothes to smell like mold or mildew, and accordingly BSH denies the remainder of the allegations contained in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations require a response, BSH denies the allegations.

66.     Paragraph 66 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

67.     Paragraph 67 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

68.     Paragraph 68 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

69.     Paragraph 69 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

70.     Paragraph 70 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

71.     Paragraph 71 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

72.     Paragraph 72 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

73.     BSH lacks sufficient information or belief to admit the truth of the allegations contained in paragraph 73 of the Complaint that relate to plaintiff Wentworth's conduct and experiences in the use of her own washing machine and therefore denies the allegations.

74.     BSH denies the allegations of paragraph 74 of the Complaint.

75.     BSH denies the allegations of paragraph 75 of the Complaint.

76.     BSH lacks sufficient information to admit the truth of the allegations contained in paragraph 76 of the Complaint and therefore denies the allegations.

77.     Paragraph 77 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

78.     To the extent paragraph 78 of the Complaint makes representations as to the meaning of the Implied Warranty of Merchantability, this legal conclusion does not require a response.  BSH denies the remainder of the allegations in this paragraph.

79.     Paragraph 79 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

80.     Paragraph 80 of the Complaint relates to plaintiffs' claims for Breach of Express Warranty.  This claim was dismissed with prejudice by the Court on August 31, 2011.  Accordingly, this paragraph requires no response.

81.     BSH admits that it has consistently denied that its washing machines have defective parts.  BSH denies the remainder of the allegations contained in paragraph 81 of the Complaint.

82.     BSH admits that its customer service representatives have recommended that washing machine owners leave the door ajar after use of the washing machine to allow the inside to dry or to wipe the door gasket after use. BSH admits that its customer service representatives have recommended that

1    washing machine owners use a water and bleach mixture to wipe down the door

2    gasket.  BSH denies the remainder of the allegations in paragraph 82 of the

3    Complaint.

4          83.    BSH admits that it recommends that washing machine owners run

5    periodic wash cycles of hot water and bleach as part of the maintenance of the

6    washing machine.  BSH denies the remainder of the allegations contained in

7    paragraph 83 of the Complaint.

8          84.    BSH admits that it recommends that washing machine owners leave

9    the door ajar after using the washing machine to allow the inside of the machine to

10   dry.  As to the second sentence in paragraph 84 of the Complaint, BSH denies that

11   the washing machines have defective parts.  BSH denies the remainder of the

12   allegations contained in the second sentence of this paragraph.  BSH lacks

13   sufficient information and belief to admit the truth of the allegations contained in

14   the remainder of this paragraph and therefore denies the allegations and denies that

15   the allegations have any relevance to this litigation.

16         85.    BSH denies the allegations of paragraph 85 of the Complaint.

17         86.    BSH denies the allegations of paragraph 86 of the Complaint.

18         87.    BSH denies the allegations of paragraph 87 of the Complaint.

19         88.    BSH lacks sufficient information and belief as to the truth of the

20   allegations contained in paragraph 88 of the Complaint that relate to the plaintiffs'

21   expectations, conduct or actions and therefore denies the allegations.  BSH denies

22   the remainder of the allegations contained in this paragraph.

23         89.    BSH denies the allegations contained in paragraph 89 of the Complaint.

24         90.    BSH denies the allegations contained in paragraph 90 of the Complaint.

25         91.    BSH admits that Exhibit 7 was produced in discovery in this litigation

26   and the document speaks for itself.  BSH denies the remainder of the allegations

27   contained in paragraph 91 of the Complaint.

28

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 12 -

92.     BSH admits that the documents attached as Exhibit 8 were produced in discovery in this litigation but the documents speak for themselves.  BSH denies the remainder of the allegations contained in paragraph 92 of the Complaint.

93.     BSH admits that washing machine owners have made telephone calls to its customer service line stating that they have "mold" or foul odors in their washing machine.

94.     BSH denies that the washing machines it manufactured had defective parts.  With regard to plaintiffs' references in paragraph 94 of the Complaint to various statements found on the Internet, BSH lacks sufficient information and belief to admit the truth of the allegations and therefore denies the allegations.

95.     BSH lacks sufficient information or belief to admit the truth of the allegations in paragraph 95 of the Complaint and therefore denies the allegations.

96.     BSH denies the allegations contained in paragraph 96 of the Complaint.

97.     BSH denies the allegations contained in paragraph 97 of the Complaint.

98.     BSH denies the allegations contained in paragraph 98 of the Complaint.

99.     BSH denies that there are defective parts in the washing machines it has manufactured.  BSH denies the allegations contained in sub-paragraph a).  BSH denies the allegations contained in sub-paragraph b).   BSH denies that the washing machines it manufactured have defective parts or that it breached a duty to disclose any information regarding the subject washing machines.  BSH admits that washing machines it has manufactured have included labels such as "High Efficiency" and "High Care."  BSH denies the allegations contained in sub-paragraph e).  BSH denies the allegations contained in sub-paragraph f).  The Complaint fails to explain what is meant by the term "washing machine failure" as referenced in sub-paragraph g).  BSH denies that there are defective parts or that there is defective

workmanship that results in an integrated defective finished product.  BSH denies that it breached a duty to disclose information to washing machine owners as alleged in sub-paragraph i).  BSH denies that it breached a duty to recall the washing machines that it manufactured as a result of the allegations contained in the Complaint.   BSH denies the remainder of the allegations contained in paragraph 99 of the Complaint.

100.   BSH denies the allegations contained in paragraph 100 of the Complaint.

101.   BSH lacks sufficient information to form a belief as to the truth of the allegations regarding the plaintiffs' thought process and therefore denies the allegations.  BSH denies the remainder of the allegations contained in paragraph 101 of the Complaint.

102.   BSH admits that plaintiffs Gibson, Isabella, Demereckis, and Wentworth purport to bring this action as a class action under Federal Rule of Civil Procedure 23.  Plaintiff Sharon Cobb is not listed in the opening paragraph as a named plaintiff and therefore based on that information and belief, BSH denies the remainder of the allegations contained in this paragraph.  BSH further denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

103.   Paragraph 103 of the Complaint makes only a general statement and contains no factual allegations.  Notwithstanding, to the extent any response is required, BSH denies the allegations contained in this paragraph.

104.   Paragraph 104 of the Complaint cites legal authority relating to the definition of the plaintiffs' purported putative class and requires no response.  To the extent a response is required, BSH denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23 and denies the remainder of the allegations contained in this paragraph.

105.   BSH admits that plaintiff Wentworth purports to bring this action on behalf of a sub-class of California residents but BSH denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23. BSH denies the remainder of the allegations contained in paragraph 105 of the Complaint.

106.   BSH admits that plaintiff Demereckis purports to bring this action on behalf of a sub-class of Illinois residents but BSH denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23. BSH denies the remainder of the allegations contained in paragraph 106 of the Complaint, if any.

107.   BSH admits that plaintiff Gibson purports to bring this action on behalf of a sub-class of Maryland residents but BSH denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23. BSH denies the remainder of the allegations contained in this paragraph, if any.

108.   BSH admits that plaintiff Isabella purports to bring this action on behalf of a sub-class of New York residents but BSH denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23. BSH denies the remainder of the allegations contained in this paragraph, if any.

109.   Paragraph 109 of the Complaint sets forth the definition of the term "sub-classes" and provides no factual allegations.  Notwithstanding, to the extent a response is required, BSH denies the propriety of the purported sub-classes and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

110.   Paragraph 110 of the Complaint purports to define the persons excluded from the class definitions and provides no factual allegations. Notwithstanding, to the extent a response is required, BSH denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

111.   Paragraph 111 of the Complaint states plaintiffs' legal conclusions and requires no response.  To the extent a response is required, BSH denies the allegations contained in this paragraph.

112.   Paragraph 112 of the Complaint states plaintiffs' legal conclusions and requires no response.  To the extent a response is required, BSH denies the allegations contained in this paragraph.

113.   BSH admits that its corporate headquarters are located in California. BSH admits that it conducts business in California.  BSH denies the remainder of the allegations in paragraph 113 of the Complaint.

114.   BSH lacks sufficient information to form a belief as to the truth of the allegations as to where plaintiff Wentworth resides and therefore denies the allegations.   BSH denies that plaintiff Wentworth or any class members "were injured by virtue of the misconduct alleged herein."  BSH denies the remainder of the allegations in paragraph 114 of the Complaint.

115.   BSH admits that its corporate headquarters are located in California and that some marketing relating to washing machines occurred in California.  BSH admits that it has sales, marketing, finance, information technology, human resource, and customer support persons in California.  BSH admits that its customer service telephone number may be answered by employees in California, but not always.  BSH denies the remainder of the allegations contained in paragraph 115 of the Complaint.

116.   Paragraph 116 of the Complaint contains legal conclusions and requires no response.  To the extent a response is required, BSH denies the allegations in this paragraph.

117.   BSH admits that it manufactured washing machines that were purchased by more than 10,000 consumers in the United States.  Paragraph 117 of the Complaint contains legal conclusions to which no response is required or necessary.  To the extent the allegations require a response, BSH denies there is any

1    question of law or fact common to all of the putative class members or that any

2    common questions of law or fact predominate over questions involving individual

3    members of the putative class.  BSH denies that there is a well-defined community

4    of interest, that the proposed class is easily ascertainable, that the plaintiffs are

5    typical, that the class is ascertainable, that there is adequacy of representation,

6    and/or that a class action is superior.  BSH denies the remainder of the allegations

7    in this paragraph and its sub-paragraphs.

8         118.   The Complaint contains no Paragraph 118.

9         119.   The Complaint contains no Paragraph 119.

10        120.   BSH answers this paragraph by referring to and incorporating herein

11   by reference, its answers to Paragraphs 1 – 119 above.

12        121.   BSH denies the allegations of paragraph 121 of the Complaint.

13        122.   BSH admits that the plaintiffs purport to bring this cause of action on

14   behalf of themselves and others but deny denies that any class alleged in the

15   Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  BSH

16   denies the remainder of the allegations paragraph 122 of the Complaint.

17        123.   BSH denies the allegations in paragraph 123 of the Complaint.

18        124.   BSH denies the allegations in paragraph 124 of the Complaint.

19        125.   BSH denies the allegations in paragraph 125 of the Complaint.

20        126.   BSH denies the allegations in paragraph 126 of the Complaint.

21        127.   BSH denies the allegations in paragraph 127 of the Complaint.

22        128.   BSH denies the allegations in paragraph 128 of the Complaint.

23        129.   BSH denies the allegations in paragraph 129 of the Complaint.

24        130.   BSH admits that the plaintiffs seek remedies under Business and

25   Professions Code § 17200, et seq., but BSH denies the propriety of such claims and

26   such relief.

27        131.   BSH answers this paragraph by referring to, and incorporating herein

28   by reference, its answers to Paragraphs 1 – 130 above.

1    132.   Paragraph 132 of the Complaint contains a legal conclusion to which
2    no response is required.

3        133.   BSH denies the allegations in paragraph 133 of the Complaint.

4        134.   BSH denies the allegations in paragraph 134 of the Complaint.

5        135.   BSH denies the allegations in paragraph 135 of the Complaint.

6        136.   BSH denies the allegations in paragraph 136 of the Complaint.

7        137.   BSH denies the allegations in paragraph 137 of the Complaint.

8        138.   BSH admits that plaintiffs seek various remedies under Business and
9    Professions Code §§ 17203 and 17535 but BSH denies the propriety of such claims.
10   BSH denies the remainder of the allegations contained in paragraph 138 of the
11   Complaint.

12       139.   BSH answers this paragraph by referring to, and incorporating herein
13   by reference, its answers to Paragraphs 1-138 above.

14       140.   BSH admits that the plaintiffs seek to recover for themselves and on
15   behalf of others for claims based on the California Consumer Legal Remedies Act
16   but BSH denies the propriety of such claims and denies that any class alleged in the
17   Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  BSH
18   denies the remainder of the allegations contained in this paragraph.

19       141.   BSH lacks sufficient information to form a belief as to the truth of the
20   allegations of paragraph 141 of the Complaint and therefore denies the allegations.

21       142.   Paragraph 142 of the Complaint contains a legal conclusion to which
22   no response is required.

23       143.   Paragraph 143 of the Complaint contains a legal conclusion to which
24   no response is required.

25       144.   Paragraph 144 of the Complaint contains legal conclusions to which
26   no response is required.  BSH denies the remainder of the allegations contained in
27   this paragraph.

28

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 18 -

145.   Paragraph 145 of the Complaint contains a legal conclusion to which no response is required.

146.   Paragraph 146 of the Complaint contains legal conclusions to which no response is required.  To the extent that this paragraph purports to quote the California Civil Code, it is incomplete and the Civil Code speaks for itself.

147.   BSH denies the allegations of paragraph 147 of the Complaint.

148.   BSH denies the allegations of paragraph 148 of the Complaint.

149.   BSH denies the allegations of paragraph 149 of the Complaint.

150.   BSH denies the allegations of paragraph 150 of the Complaint.

151.   BSH denies the allegations of paragraph 151 of the Complaint.

152.   Paragraph 152 of the Complaint contains legal conclusions to which no response is required.  To the extent that this paragraph purports to quote the California Civil Code, it is incomplete and the Civil Code speaks for itself.  BSH denies the remainder of the allegations of this paragraph, if any.

153.   BSH admits that the letter dated December 15, 2009 which is attached to the Complaint as Exhibit 9 was received by BSH.  BSH denies the remainder of the allegations of this paragraph.

154.   BSH answers paragraph 154 of the Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1-153 above.

155.   Paragraph 155 of the Complaint relates to the plaintiffs' claim for Breach of Express Warranty which was dismissed with prejudice by the Court pursuant to Order dated August 31, 2011 and accordingly no response is required.

156.   Paragraph 156 of the Complaint relates to the plaintiffs' claim for Breach of Express Warranty which was dismissed with prejudice by the Court pursuant to Order dated August 31, 2011 and accordingly no response is required.

157.   Paragraph 157 of the Complaint relates to the plaintiffs' claim for Breach of Express Warranty which was dismissed with prejudice by the Court pursuant to Order dated August 31, 2011 and accordingly no response is required.

158.   Paragraph 158 of the Complaint relates to the plaintiffs' claim for Breach of Express Warranty which was dismissed with prejudice by the Court pursuant to Order dated August 31, 2011 and accordingly no response is required.

159.   Paragraph 159 of the Complaint relates to the plaintiffs' claim for Breach of Express Warranty which was dismissed with prejudice by the Court pursuant to Order dated August 31, 2011 and accordingly no response is required.

160.   Paragraph 160 of the Complaint relates to the plaintiffs' claim for Breach of Express Warranty which was dismissed with prejudice by the Court pursuant to Order dated August 31, 2011 and accordingly no response is required.

161.   BSH answers paragraph 161 of the Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1-160 above.

162.   BSH admits that plaintiffs Wentworth and Isabella seek to recover on behalf of subclasses arising out of allegations based on a Breach of the Implied Warranty of Merchantability but denies the propriety of such allegations and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  BSH denies the remainder of the allegations of paragraph 162 of the Complaint.

163.   Paragraph 163 of the Complaint contains legal conclusions to which no response is required.

164.   The first sentence of paragraph 164 of the Complaint refers to a legal conclusion with regard to a "thing of danger" exception to the privity requirement in New York and therefore requires no response.  BSH denies the remainder of the allegations contained in this paragraph.

165.   Paragraph 165 of the Complaint contains legal conclusions to which no response is required.

166.   Paragraph 166 of the Complaint contains legal conclusions to which no response is required.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

167.   BSH lacks sufficient information to form a belief as to the truth of the allegations of paragraph 167 of the Complaint and therefore denies the allegations.

168.   BSH objects to the allegations in paragraph 168 of the Complaint because they are vague as to time.  BSH admits that it manufactured washing machines in the United States but denies that it currently does so.  BSH lacks sufficient information to form a belief as to the truth of the remainder of the allegations of this paragraph and therefore denies the allegations.

169.   Paragraph 169 of the Complaint contains legal conclusions to which no response is required.

170.   BSH denies the allegations of paragraph 170 of the Complaint.

171.   BSH denies the allegations of paragraph 171 of the Complaint.

172.   BSH denies the allegations of paragraph 172 of the Complaint.

173.   BSH denies the allegations of paragraph 173 of the Complaint.

174.   BSH denies the allegations of paragraph 174 of the Complaint.

175.   BSH denies the allegations of paragraph 175 of the Complaint.

176.   BSH denies the allegations of paragraph 176 of the Complaint.

177.   BSH denies the allegations of paragraph 177 of the Complaint.

178.   BSH denies the allegations of paragraph 178 of the Complaint.

179.   BSH denies the allegations of paragraph 179 of the Complaint.

180.   BSH denies the allegations of paragraph 180 of the Complaint.

181.   BSH denies the allegations of paragraph 181 of the Complaint.

182.   Plaintiffs' claims for Breach of Express Warranty have been dismissed with prejudice pursuant to Order of the Court and therefore no response is required. To the extent a response is required, BSH denies the allegations of paragraph 182 of the Complaint.

183.   BSH denies the allegations of paragraph 183 of the Complaint.

184.   BSH answers paragraph 184 of the Complaint by referring to, and incorporating herein by reference, its answers to paragraphs 1 – 183 above.

185. Paragraph 185 of the Complaint contains legal conclusions to which no response is required.

186. Paragraph 186 of the Complaint contains a legal conclusion to which no response is required. BSH lacks sufficient information to form a belief as to the truth of the allegations regarding how plaintiffs and class members utilized the machines and therefore denies those allegations.

187. Paragraph 187 of the Complaint contains legal conclusions to which no response is required.

188. Paragraph 188 of the Complaint contains legal conclusions to which no response is required.

189. Paragraph 189 of the Complaint contains legal conclusions to which no response is required. To the extent these allegations require a response, BSH denies the allegations in this paragraph.

190. Paragraph 190 of the Complaint contains legal conclusion and requires no response.

191. BSH denies the allegations of paragraph 191 of the Complaint.

192. BSH denies the allegations of paragraph 192 of the Complaint.

193. BSH denies the allegations of paragraph 193 of the Complaint.

194. BSH answers paragraph 194 of the Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 – 193 above.

195. Paragraph 195 of the Complaint contains legal conclusions to which no response is required.

196. BSH lacks sufficient information to form a belief as of the truth of the allegations of paragraph 196 of the Complaint and therefore denies the allegations.

197. BSH denies that the washing machines it manufactured or sold have defective parts and, accordingly, BSH denies the allegations of paragraph 197 of the Complaint.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 22 -

198.   BSH admits that during the past five years it has developed, manufactured, marketed and sold front-loading washing machines in the United States.  BSH denies the remainder of the allegations contained in paragraph 198 of the Complaint.

199.   BSH denies the allegations of paragraph 199 of the Complaint.

200.   BSH denies the allegations of paragraph 200 of the Complaint.

201.   BSH denies the allegations of paragraph 201 of the Complaint.

202.   BSH denies the allegations of paragraph 202 of the Complaint.

203.   BSH denies the allegations of paragraph 203 of the Complaint.

204.   BSH denies the allegations of paragraph 204 of the Complaint.

205.   BSH denies the allegations of paragraph 205 of the Complaint.

206.   BSH denies the allegations of paragraph 206 of the Complaint.

207.   Paragraph 207 of the Complaint contains legal conclusion and requires no response.

208.   BSH denies the allegations of paragraph 208 of the Complaint.

209.   BSH answers paragraph 209 of the Complaint by referring to, and incorporating herein by reference, its answers to Paragraphs 1 – 208 above.

210.   Paragraph 210 of the Complaint contains legal conclusion and requires no response.

211.   Paragraph 211 of the Complaint contains legal conclusion and requires no response.

212.   Paragraph 212 of the Complaint contains legal conclusion and requires no response.

213.   Paragraph 213 of the Complaint contains legal conclusion and requires no response.

214.   Paragraph 214 of the Complaint contains legal conclusion and requires no response.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 23 -

215.   BSH denies the allegations contained in paragraph 215 of the Complaint.

216.   BSH denies the allegations contained in paragraph 216 of the Complaint.

217.   BSH denies the allegations contained in paragraph 217 of the Complaint.

218.   BSH denies the allegations contained in paragraph 218 of the Complaint.

219.   BSH denies the allegations contained in paragraph 219 of the Complaint.

220.   BSH denies the allegations contained in paragraph 220 of the Complaint.

221.   BSH denies the allegations contained in paragraph 221 of the Complaint.

222.   BSH denies the allegations contained in paragraph 222 of the Complaint.

223.   BSH admits that the plaintiffs seek various remedies under Maryland law, but BSH denies the propriety of such claims or that such claims have merit and denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

224.   BSH answers paragraph 224 by referring to, and incorporating herein by reference, its answers to Paragraphs 1 – 223 above.

225.   Paragraph 225 of the Complaint contains legal conclusions to which no response is required.

226.   BSH admits that plaintiff Isabella purports to bring this action on behalf of other residents of New York, but denies that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.  BSH

1    lacks sufficient information to form a belief as to the truth of the remaining

2    allegations in this paragraph and therefore denies the allegations.

3            227.   BSH denies the allegations of paragraph 227 of the Complaint.

4            228.   BSH denies the allegations of paragraph 228 of the Complaint.

5            229.   BSH admits that plaintiff Isabella seeks various remedies under New

6    York General Business Law § 349 but denies the propriety of such claims and

7    denies that Section 349 has been violated.  BSH also denies that any class alleged in

8    the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

9    BSH denies the remainder of the allegations in this paragraph.

10           230.   BSH answers paragraph 230 of the Complaint by referring to, and

11   incorporating herein by reference, its answers to Paragraphs 1 – 229 above.

12           231.   Paragraph 231 of the Complaint contains a legal conclusion to which

13   no response is required.

14           232.   BSH denies the allegations of paragraph 232 of the Complaint.

15           233.   BSH denies the allegations of paragraph 233 of the Complaint.

16           234.   BSH denies the allegations of paragraph 234 of the Complaint.

17           235.   BSH denies the allegations of paragraph 235 of the Complaint.

18           236.   BSH admits that plaintiff Isabella seeks various remedies under New

19   York General Business Law § 350 but BSH denies the propriety of such claims

20   and/or that New York General Business Law § 350 has been violated or that it

21   applies to this action.  BSH also denies that any class alleged in the Complaint

22   satisfies the requirements of Federal Rule of Civil Procedure 23.

23                      **PLAINTIFFS' PRAYER FOR RELIEF**

24           BSH denies that plaintiffs are entitled any of the relief that the plaintiffs

25   requested at pages 74 and 75 of the Complaint.

26   / / /

27   / / /

28   / / /

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 25 -

**AFFIRMATIVE DEFENSES**

BSH alleges these affirmative defenses on information and belief.  By stating these affirmative defenses, BSH does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to the plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiffs' Complaint and each and every cause of action contained within it fail to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

At least some of Plaintiffs' claims are untimely and barred in whole or in part under applicable statutes of limitations or repose.

**THIRD AFFIRMATIVE DEFENSE**

**(Inability to Meet Requirements to Maintain Class Action)**

Plaintiffs cannot maintain a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

**FOURTH AFFIRMATIVE DEFENSE**

**(Misuse)**

Any damages suffered by plaintiffs were proximately caused, and occasioned by the misuse, abuse, or improper use of the washers in question and therefore plaintiffs' claims are barred.

**FIFTH AFFIRMATIVE DEFENSE**

**(Improper Installation)**

Any damages suffered by plaintiffs were proximately caused, and occasioned by the improper installation of the washers in question and therefore plaintiffs' claims are barred.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 26 -

## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Notice Under Consumer Protection Statutes)

Plaintiffs' Complaint is barred because of plaintiffs' failure to provide the requisite notice and demand required by the consumer protection statutes alleged to have been violated and failed to do so at the time required by the statute.

## SEVENTH AFFIRMATIVE DEFENSE

### (Independent, Intervening or Superseding Acts)

Upon information and belief, any damages sustained by plaintiffs were proximately caused and occasioned by the actions and omissions of plaintiffs or others, and these acts and omissions were the sole causes of plaintiffs' alleged damages.  Therefore, BSH pleads independent, intervening or superseding acts and omissions of plaintiffs and others as a complete bar to this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Compliance with Applicable Law)

Plaintiffs' Complaint fails to state a claim for unlawful conduct under Business & Professions Code §§ 17200 and 17500, because BSH completely complied with applicable law.  BSH's business and advertising practices alleged in the Complaint are not unfair, unlawful, or deceptive, or otherwise within the meaning of Business and Professions Code §§ 17200 et seq. and 17500 et seq., in that the practices, if any, were justified because they were made in a good faith effort to protect BSH's legitimate business interests.

## NINTH AFFIRMATIVE DEFENSE

### (No Claim for Misleading or Unfair Advertising)

Plaintiffs' Complaint fails to state a claim for misleading or unfair advertising under the Consumer Protection statutes because BSH's advertising and marketing was not misleading or deceptive.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 27 -

## TENTH AFFIRMATIVE DEFENSE

### (Statutes Insufficiently Definite)

Plaintiffs' claims are barred in whole or in part because the applicable statutes are insufficiently definite to provide adequate or fair notice of the conduct proscribed in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality / Due Process)

To the extent that plaintiffs seek to extrapolate liability, causation, or damages on a class-wide basis without requiring each putative class member to prove liability, causation and damages to establish each individual's claims, plaintiffs' class claims are barred, in whole or in part, by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, as well as the Seventh Amendment's guarantee of a jury trial.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs failed to exercise reasonable care and diligence to avoid loss and minimize damages and therefore they may not recover for losses which could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made; therefore their recovery, if any, should be reduced by the failure of them to mitigate their damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Knowledge of Plaintiffs)

At the time plaintiffs purchased BSH's products as alleged in the Complaint, they had actual or constructive knowledge of facts alleged in the Complaint and of facts concerning the subject matter of the alleged untruths and omissions upon which liability is asserted in this action, and made the purchases despite this knowledge.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 28 -

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages Unavailable)

The damages sought in plaintiffs' Complaint are not available as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Violation of First Amendment)

The relief plaintiffs seek is unconstitutional in that it would violate BSH's First Amendment rights as guaranteed by the Constitutions of the United States of America and the State of California. Plaintiffs' claims are barred in whole or in part because the commercial speech of BSH was not false or misleading and is protected under the First Amendment of the United States Constitution and the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiffs' claims of alleged damage or harm were not caused by BSH.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Written Warranty as Bar to Claims)

The product in question was covered by an express written warranty that plaintiffs accepted at the time of purchase of their washers, and that written warranty is limited in scope and time and does not cover the acts, omissions, and other matters complained of by plaintiffs. Plaintiffs accepted that limited warranty in lieu of any other warranty or representation express or implied. Therefore BSH pleads that the written warranty is a complete bar to plaintiffs' claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

The Complaint and each of its causes of action are barred, limited or plaintiffs' recovery should be reduced by plaintiffs' negligence or other fault, pursuant to the doctrine of comparative fault.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 29 -

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Injury)

To the extent that any plaintiff or putative class member has not experienced any problem as alleged in the Complaint, BSH is not liable.  To the extent that any plaintiff or putative class member once experienced the problems alleged in the Complaint and that alleged problem is gone, has been fixed, or otherwise no longer exists, BSH is not liable.  To the extent that any plaintiff or putative class member once experienced a problem as alleged in the Complaint and that plaintiffs accepted compensation (whether in the form of money, a refund, repair, a new machine, new parts, or otherwise) from BSH or paid for by BSH, with respect to that alleged problem, BSH is not liable.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' Complaint and the purported causes of action within it are barred by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs have engaged in conduct and activities with respect to the subject of the Complaint that estop them from asserting any claim for damages or seeking other relief.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any claims set forth in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' unreasonable delay in bringing this action has prejudiced BSH such that any claim plaintiffs may have is barred by the doctrine of laches.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 30 -

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Give Notice)**

Plaintiffs failed to give BSH adequate notice of the alleged Breach of Express or Implied Warranties under applicable law and failed to give an adequate and reasonable opportunity to cure the alleged Breach of Express or Implied Warranties.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Reliance)**

Plaintiffs did not rely on any representations, statements, omissions, marketing or advertising by BSH.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

To the extent that any misstatements or omissions occurred as alleged by plaintiffs, and BSH denies that any such misstatements or omissions occurred, BSH at all times acted in good faith and did not directly or indirectly induce the making of any alleged misstatement or omission.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Consent)**

The facts alleged in plaintiffs' Complaint and each and every purported cause of action therein, if true (which BSH denies), were consented to, ratified, accepted and confirmed by plaintiffs.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 31 -

12

<b><u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u></b>

<b>(No Claim for Fees, Costs and Interest)</b>

Plaintiffs' Complaint fails to state a claim against BSH upon which relief may be granted as to costs, attorneys' fees, expenses, pre-judgment interest, post-judgment interest, disgorgement and restitution.

<b><u>THIRTIETH AFFIRMATIVE DEFENSE</u></b>

<b>(Proposition 64)</b>

The passage of Proposition 64 bars each of the claims alleged in plaintiffs' Complaint.

<b><u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u></b>

<b>(State of the Art)</b>

Plaintiffs cannot recover under the Complaint because the products at issue were made in accordance with the state of the art at the time it was manufactured.

<b><u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u></b>

<b>(No Practical Alternative)</b>

At the time the products at issue were manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the products.

<b><u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u></b>

<b>(Accord and Satisfaction)</b>

Some plaintiffs' claims may be barred by the doctrine of accord and satisfaction.

<b><u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u></b>

<b>(Reservation)</b>

BSH has insufficient knowledge or information upon which to form a belief whether it may have additional affirmative defenses.  BSH reserves the right to assert additional defenses in the event discovery indicates such additional affirmative defenses are appropriate.

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 32 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

**WHEREFORE**, BSH prays for the following relief:

1.      That plaintiffs take nothing by reason of their Complaint, that judgment be rendered in favor of BSH;

2.      That BSH be awarded its costs of suit and attorneys' fees incurred in defense of this action, and any other relief to which it may be entitled;

3.      For such other relief as the Court deems proper.

## JURY DEMAND

BSH demands a trial by jury on all issues so triable.


DATED:  September 30, 2013          JONES DAY


                                    By:   /S/ *Erik K. Swanholt*
                                          Erik K. Swanholt

                                    Attorneys for Defendant
                                    BSH HOME APPLIANCES
                                    CORPORATION

LAI-3200043

Answer to Third Consol. Amended Complaint
Case No. SACV10-711 DOC (ANx)

- 33 -