1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SHARON COBB, et al., individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation,<br><br>　　　　　Defendant. | Case No.  SACV10-711 DOC (ANx)<br><br>~~[PROPOSED]~~ **FINAL JUDGMENT**<br><br>Judge:　　Hon. David O. Carter |

228703

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.     This Judgment incorporates by reference the definitions in the Settlement Agreement and Release fully executed on December 12, 2014 (Dkt. 363-1) ("Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.  The terms of the Settlement Agreement are fully incorporated in this Judgment as if set forth fully here.

2.     On February 27, 2015, Plaintiffs filed two motions in this action, *Cobb, et al. v. BSH Home Appliances Corp.*, Case No. SACV10-711-DOC (ANX) ("the Action"):  a) Motion for Final Approval of Class Action Settlement (Dkt. 373); and b) Plaintiffs' Motion for Attorney's Fees and Reimbursement of Expenses, and Plaintiffs' Request for Service Awards (Dkt. 372) ("Motions").  The Motions duly came on for hearing on June 8, 2015.  On July 27, 2015, the Court issued its Order Granting the Motions (Dkt. 401) ("Final Approval Order").

3.     For the reasons stated in the Final Approval Order, judgment is entered in accordance therewith.

4.     The Settlement Class, as defined in the Settlement Agreement is certified.

5.     The objections of Bobby Ameen, Charles Moore, Roger Kerr, Jeffrey Rudy, Robert and Robin Munoz and Joseph McLaughlin are overruled for the reasons stated in the Final Approval Order.  In addition, Joseph McLaughlin's objection is overruled for being untimely.

6.     Eppsteiner & Fiorica Attorneys, LLP; Lieff Cabraser, Heimann and Bernstein; and Levin, Fishbein, Sedran and Berman are confirmed as Class Counsel.

7.      Beverly Gibson, Dennis Demereckis, Trisha Isabella, and Nancy Wentworth are confirmed as the Class Representatives for the Settlement Class.

8.      The settlement proposed by Plaintiffs is Finally Approved.  The Final Approval Order is incorporated herein by reference.

9.      Defendant shall timely pay all Class Members that have filed timely and valid claims, pursuant to the terms and conditions of the Settlement Agreement.

10.     The list of persons excluded from the Settlement Class because they submitted valid requests for exclusion ("Exclusions"), was filed as Exhibit 1A to Plaintiffs' Reply In Support of Motions for Final Approval Of Class Action Settlement, Attorneys' Fees and Costs, and Class Representative Service Awards. (Dkt. 379-1).  Persons who submitted timely, completed Exclusions are not bound by this Final Judgment.  However, such persons are not entitled to any rights or benefits provided to the Settlement Class by the terms of the approved settlement or this Final Judgment.

11.     All Settlement Class members, which excludes those persons who have timely and validly filed exclusions, are bound by this Judgment and by the terms of the Settlement Agreement, including the scope of the Released Claims described in Section VIII of the Settlement Agreement.

12.     Class Counsel's application for an award of attorneys' fees in the amount of $4,188,981.61, reimbursement of expenses in the amount of $2,311,018.39, and incentive awards in the amount of $5,000.00 for each Class representative is GRANTED.  Class Counsel's attorneys' fees, reimbursement of expenses, and the Plaintiffs' incentive awards shall be paid in accordance with the schedules set forth in Sections VI and VII of the Settlement Agreement and Exhibit 2, thereto.

13.     The awarded attorneys' fees and costs shall be transferred into an account or accounts as designated by Class Counsel for the benefit of Class Counsel pursuant to the terms, conditions and obligations of the Settlement Agreement.

14.     The awarded fees and expenses shall be paid to Class Counsel for distribution in a manner that reflects each law firm's relative contribution to the prosecution of this litigation.  The Court authorizes the firms of Eppsteiner & Fiorica Attorneys, LLP and Lieff Cabraser Heimann & Bernstein, LLP to allocate the fee award among the Class Counsel firms.

15.     The Released Claims, as that phrase is defined in Section VIII of the Settlement Agreement, are released.

16.     Without affecting the finality of the Final Approval Order or this Final Judgment, the Court reserves exclusive jurisdiction as to all matters related to administration, consummation, enforcement, and interpretation of the Settlement, the Settlement Agreement, the Final Approval Order and this Final Judgment, including, without limitation, for the purpose of:

    a.  enforcing the terms and conditions of the Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement, the Settlement Agreement, the Final Approval Order or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to the Action are or are not barred or released by this Final Approval Order or this Final Judgment and the Settlement);

    b.  entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Settlement, the Settlement Agreement, the Final Approval Order or this Final Judgment, or to

ensure the fair and orderly administration of the Settlement;

c. entering any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction; and

d. ordering any additional discovery regarding objections to the Settlement and presiding over any motions for appeal bonds;

17.     The Action is hereby dismissed with prejudice in its entirety, except to the extent that this Court retains continuing jurisdiction as stated above.  Except as expressly set forth in the Settlement Agreement, or as granted by the Final Approval Order or this Final Judgment, it is adjudged that Plaintiffs and all Class Members take only those moneys and benefits as provided in the Settlement Agreement, and their claims, as asserted in this lawsuit, are hereby dismissed with prejudice.  There is no just cause to delay appeal or enforcement of the Final Approval Order or this Final Judgment.

**IT IS SO ORDERED.**

Dated:     August 4, 2015

HON. DAVID O. CARTER
U.S. DISTRICT COURT JUDGE

NAI-1500464407v1
1:41 PM