Stuart M. Eppsteiner (SBN 098973)
sme@eppsteiner.com
Andrew J. Kubik (SBN 246902)
ajk@eppsteiner.com
EPPSTEINER & FIORICA ATTORNEYS, LLP
12555 High Bluff Dr., Ste. 155
San Diego, CA  92130
858.350.1500

Jason L. Lichtman, *pro hac vice*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
212.355.9500

*Attorneys for Plaintiffs and the Settlement Class*
*(Additional counsel Listed on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SHARON COBB, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No.  SACV10-711 DOC (ANx)<br><br>**CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPEAL BOND**<br><br>Date:  October 19, 2015<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br><br>Judge:         Hon. David O. Carter |

## **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 19, 2015 at 8:30 a.m., in the Courtroom of the Honorable David. O. Carter, United States District Judge for the Central District of California, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701-4516, Plaintiffs Dennis Demereckis, Beverly Gibson, Trish Isabella, and Nancy Wentworth (collectively "Plaintiffs") and their counsel, Eppsteiner & Fiorica Attorneys, LLP, Lieff Cabraser Heimann & Bernstein, LLP, and Levin Fishbein Sedran & Berman ("Class Counsel") will and hereby do move the Court, pursuant to Federal Rule of Appellate Procedure 7, for an order that Bobby Ameen file an appeal bond.

This Motion is based on the accompanying Memorandum of Points and Authorities and all exhibits thereto, the Declaration of Stuart M. Eppsteiner, any supplemental papers filed in reply, the argument of Class Counsel, and all papers and records on file in this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 31, 2015. See Declaration of Stuart M. Eppsteiner in Support of Motion for Appeal Bond ("SME Decl.").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 27, 2015, after conducting a full fairness hearing and reviewing Class Counsel's detailed time records, this Court approved the class action settlement, and awarded attorneys fees, reimbursement of expenses, and class representative service awards. *Tait v. BSH Home Appliances Corp.*, No. SACV100711DOCANX, 2015 WL 4537463, at *1 (C.D. Cal. July 27, 2015) ("Final Approval Order"). In so ruling, this Court considered and expressly rejected all objections to the settlement asserted by the objectors and held the settlement to be fair adequate and reasonable. *Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, at *9, *15.

Now, having never appeared in this case during its pendency, and having filed boilerplate, and meritless objections to its settlement, one objector, Bobby Ameen ("Ameen"), and his professional objector counsel, Scott Kron, noticed a last-minute appeal of this Court's Final Approval Order. Ameen's appeal will delay distribution of over $1 million dollars in settlement funds to over 19,000 class members who submitted timely claims and are awaiting settlement money. Moreover, Ameen's appeal is not motivated by the interests of the Class, but solely by the financial self interests of his high school classmate and professional objector counsel, Scott Kron. Plaintiffs' respectfully request this Court order Objector Ameen to post a bond in the amount of $20,000.[1]

## II. PROCEDURAL BACKGROUND

On February 27, 2015, Plaintiffs filed their Motion for Attorneys' Fees and Reimbursement of Expenses, and Plaintiffs' Request for Service Awards (ECF# 372) and Motion for Final Approval of Class Action Settlement (ECF# 373) ("Motions"). While the class has approximately 650,000 members, only three of

---

[1] Plaintiffs reserve the right to seek costs on appeal in excess of this requested bond amount.

them timely objected to the Settlement, including Objector Ameen who filed his objection with the Court on April 30, 2015. ECF# 374. On May 7, 2015, Plaintiffs sought *ex parte* relief to depose Objector Ameen (ECF# 375) which the court granted on May 11, 2015 (ECF# 377). Plaintiffs deposed Objector Ameen on May 20, 2015. On May 22, 2015, Plaintiffs filed a single reply brief (ECF# 379) in support of their Motions. On June 8, 2015, the Court held a Fairness Hearing and took the Motions under submission. On June 11, 2015, the Court ordered Class Counsel to submit their detailed time records (ECF# 388) which were duly submitted under seal on June 17, 2015 (ECF## 391-397). On July 27, 2015 the Court granted the Motions (ECF # 401), and entered judgment in the case on August 8, 2015 (ECF# 403). On August 24, 2015, Objector Ameen, through his counsel Scott Kron, filed a Notice of Appeal. ECF# 404.

The Settlement provided for cash payments of $55 to qualifying claimants. Following the claims deadline of May 28, 2015, the claims administrator had received a total of 19,469 claims totaling $1,070,795.

## III. APPELLANT SHOULD BE REQUIRED TO POST A BOND AS A CONDITION OF PROSECUTING HIS APPEAL

Pursuant to Federal Rule of Appellate Procedure 39, an appellant in a civil case must pay "costs on appeal" to appellees in the event the appeal is dismissed or if the judgment is affirmed. If there is a finding by the appellate court that the appeal is frivolous, the appellate court can order the appellant to pay damages, plus single or double costs. Fed. R. Civ. P. 38; *see also* 28 U.S.C. § 1912. Federal Rule of Appellate Procedure 7 allows the district court to "ensure payment" of these costs by "requir[ing] an appellant to file a bond or provide other security in any form and amount necessary." Fed. R. App. P. 7 ("Rule 7").

The purpose of an appellate cost bond is "to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, (N.D. Cal. Aug. 27, 2012), at *1 (quoting

*Fleury v. Richemont N. Am., Inc.*, No C-05-4522 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008)). In class action cases, an appeal bond is "necessary to provide some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals." *In re Nutella Mktg. & Sales Practices*, CIV. A. No. 11-1086 FLW, 2012 WL 6013276 (D.N.J. Nov. 20, 2012). *See also Barnes v. FleetBoston Fin. Corp.*, 2006 U.S.Dist. LEXIS 71072, *4 (D. Mass. Aug. 22, 2006) ("[B]y requiring objectors to post a bond that would cover the costs of losing the appeal, the burden of litigating frivolous appeals shifts to them instead of to the class. Posting a bond sufficient to ensure that the class can recoup the costs of appeal provides the class with an appropriate incentive to litigate the appeals and establish their lack of merit. And if the appeal turns out not to be frivolous despite initially appearing so, the objectors will get almost the entirety of their bond back.").

The authority to impose a bond and to determine its amount falls squarely within the district court's discretion. *A&M Records, Inc., v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); *see also* ("Rule 7"). This Court retains jurisdiction "during the pendency of an appeal" to order appeal bonds. *See In Re Advanced Elecs., Inc.*, 283 F. App'x 959, 963 (3rd Cir. 2008) (*quoting Venen v. Sweet*, 758 F.2d 117, 120-21 (3rd Cir. 1985)); *see also* ECF#403 ("Final Judgment")("the Court reserves exclusive jurisdiction as to all matters related to administration, consummation, enforcement, and interpretation of the Settlement, the Settlement Agreement, the Final Approval Order and this Final Judgment, including, without limitation, for the purpose of… (d) ordering any additional discovey regarding objections to the Settlement and presiding over any motions for appeal bonds."). Moreover, "a district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Adsani v. Miller*, 139 F. 3d 67, 79 (2d Cir. 1998) (citation omitted).

### A.     Relevant Factors Support Requiring A Bond

When determining whether a bond should be posted, district courts in the Ninth Circuit consider: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellees' costs if the appeal loses; and (3) the merits of the appeal. *Azizian v. Federated Dep't Stores, Inc*., 499 F.3d 950, 961 (9th Cir. 2007). Here, two factors weigh heavily in favor of imposing a bond, while one factor is neutral.[2]

#### 1.     Objector Ameen Can Afford to Post the Bond

Under the first factor, there is nothing to suggest that Objector Ameen and/or his counsel are financially unable to post the bond requested. Objector Ameen owns a successful business in Orange County. SME Decl. Ex. 1 (Ameen Dep. at 76:8-11; 85:22-86:4). Ameen also owns at least one single-family home in Orange County located at 24771 Tabuenca, Mission Viejo, CA (Ameen Dep. at 13:17-22; 85:3-7) with an estimated value of over $600,000 and for which Ameen paid $420,000[3]. In the absence of evidence submitted with an opposition brief, this factor weighs in favor of imposing a bond. *Miletak*, 2012 U.S. Dist. LEXIS 125426 at *5 (absence of objector financial records demonstrating inability to pay bond "weighs in favor of imposing an appeal bond"); *Fleury*, 2008 U.S. Dist. LEXIS 88166 at *21 (imposing appeal bond where objector "submitted no financial information to indicate that she is financially unable to post a bond"); *see also In re Initial Pub. Offering Sec. Litig*., 728 F. Supp. 2d at 293 (ability to pay bond is "presumed" where objectors do not present evidence that they lack financial ability to post bond).

---

[2] Because both Objector Ameen and his counsel reside within this district, this factor is neutral. *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012)(finding second factor neutral based on objector's California domicile, but imposing $60,000 bond based on remaining factors).

[3] See http://www.zillow.com/homedetails/24771-Tabuenca-Mission-Viejo-CA-92692/25612691_zpid/ (last visited 9/3/15)

## 2. Objector Ameen's Appeal is Meritless

Under the third factor, the appeal is meritless. The standard of review of a district court's approval of a class action settlement is for clear abuse of discretion. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 973 (9th Cir. 2009). Such review is "extremely limited" and the court will "affirm if the district judge applies the proper legal standard and his findings of fact are not clearly erroneous." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The same standards apply with respect to the district court's award of fees and costs to Class counsel. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1046 (9th Cir. 2002).

Objector Ameen objected, *inter alia*, that the attorneys' fees were too high, that the $55 settlement payment was insufficient, and that the representative plaintiff service awards were too high. ECF# 374. Plaintiffs responded in detail to each of Objector Ameen's objections (ECF#381) and this Court agreed with Plaintiffs, approving the settlement and awarding the request fees, costs, and service awards. *Tait v. BSH Home Appliances Corp.*, No. SACV100711DOCANX, 2015 WL 4537463, at *15 (C.D. Cal. July 27, 2015). Specifically, this Court undertook a comprehensive analysis of all relevant factors and objections and stated that "in light of the significant risks Plaintiffs would face going forward, the Court finds that the settlement is fair, adequate, and reasonable." *Tait*, 2015 WL 4537463, at *9. As to attorneys' fees, the Court held:

> The Court believes the requested fee of $4,188,981.61, which is a negative multiplier of approximately 0.5 of the unadjusted lodestar, adequately takes into account the results achieved for the class. In light of the circumstances of this case - which can fairly be described as hotly contested litigation, spanning five years, including an appeal to the Ninth Circuit and petition for review in the Supreme Court, as

> well as the policy underlying fee statutes, the Court finds the requested amount of attorneys' fees ($4,188,981.61) is reasonable.

*Tait*, at *14.

In addition to lacking any meritorious argument on appeal, Objector Ameen lacks standing to appeal this Court's order awarding attorneys' fees and costs because the settlement benefit will not be impacted in any way by the attorneys' fee award. Article III requires "some actual or threatened injury as a result of the putatively illegal conduct of the defendant … likely to be redressed by a favorable decision." *Wolford v. Gaekle* (*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*), 33 F.3d 29, 30 (9th Cir. 1994) (finding that these same criteria apply in determining the question of standing on appeal). Objectors lack standing to file a federal appeal unless he can show (i) that he was injured (ii) how the injury could "likely be redressed by a favorable decision" by the federal court. *Id.*, at 30. Indeed, the Ninth Circuit has routinely held that where an objection merely challenges the fee award but does not show how granting the requested relief would benefit the objector, then there is no standing to object. *See id.*; *see also Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) (finding lack of standing because objector could not demonstrate how vacating fee award would benefit objector). Moreover, conjectural allegations that a fee award might be collusive or that reducing it might have resulted in a better outcome for the objector cannot meet the constitutional requirement that the injury be "concrete and particularized." *Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1089 (9th Cir. 2011).

Compounding the lack of merit is the dismal track record, and financial motivation of serial-objector counsel Scott Kron. As detailed in Plaintiffs' Response to the Objection of Bobby Ameen (ECF# 381), Kron routinely represents his friends, family, law partner, pre-existing business clients or himself as objectors to class action settlements. *Id.* at 2. By his own admission, Kron's objector practice has been largely unsuccessful. ECF# 376-1. Given the absence of facts or

authority provided by Ameen's objection and his counsel's abysmal track record, the likelihood of defeat is an almost certainty and an appeal bond is warranted. *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) (requiring serial objectors to post appeal bond in part because "professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients"); *In re Wal-Mart Wage & Hour Empl. Practices Litig.*, 2010 U.S. Dist. LEXIS 21466, *17 (D. Nev. Mar. 8, 2010) (requiring appeal bond after noting that "Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class").

Lastly, neither Objector Ameen nor his counsel appeared at the fairness hearing, an additional indication that the objections are not meritorious but are instead a thinly veiled attempt to extract funds from Class Counsel. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 278 (D. Mass. 2007) (observing that "[n]either the objector nor her counsel appeared at the hearing to explain the objection" and concluding objector arguments were meritless and that an appeal bond of $61,000 was appropriate).

### B. The Amount Requested Is Appropriate

If an appeal is filed and ultimately unsuccessful, Plaintiffs will be entitled to the cost of opposing the appeal. Costs identified in Rule 39(e) of the Federal Rules of Appellate Procedure[4] "are among, but not necessarily the only, costs available on appeal." *Azizian*, 499 F. 3d at 958. In the context of appellate bonds imposed on objectors to class actions settlements, district courts in this Circuit have found that

---

[4] Costs identified include: (1) the preparation and transmission of the record; (2) reporter's transcripts; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. Fed. R. App. P. 39(e).

both post-judgment interest on the cash component of the settlement, as mandated 28 U.S.C. Section 1961, and administrative costs incurred "to continue to service and respond to class members' needs pending the appeal" may properly be included when calculating the appropriate amount for an appellate bond. *See Miletak*, 2012 WL 3686785, at *2 (ordering bond of $60,000 to cover Rule 39(e) costs and administrative costs); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 2:06-cv-00225-PMP-PAL, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2010) (ordering each objector to post a $500,000 bond to cover administrative costs and interest, in addition to costs incurred under Rule 39(e)); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 WL 6916834, at *3 (D. Mass. Aug. 22, 2006) (including anticipated interest on cash fund while on appeal in appellate bond calculation).

Rule 7 does not require plaintiffs to make "delineated showing of costs for a bond motion." *In re Ins. Brokerage Antitrust Litig., MDL No.* 1663, 2007 WL 1963063, at *3-5 (D.N.J. Jul. 2, 2007). Instead, in ordering appellate bonds, district courts determine whether the requested amount is sufficient to cover anticipated costs without posing a substantial financial hardship on the appellant. *See In re Initial Public Offering Sec. Litig.*, 721 F. Supp. 2d 210, 214-17 (S.D.N.Y. 2010). Applying this analysis, district courts in this Circuit have routinely determined that for Rule 39(e) costs alone requested amounts between $5,000 and $25,000 are appropriate, absent a specific showing of financial hardship by the objector. *See In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, No. 5:09-md-02015-JF (PSG), 2011 WL 3648508, at *2 (ordering bond for $15,000 for Rule 39(e) costs); *Miletak*, 2012 WL 3686785, at *2 (ordering bond including $10,000 for Rule 39(e) costs and $50,000 for administrative costs); *In re Magsafe Apple Power Adapter Litig.*, 2012 WL 2339721, at *2 (finding that a bond of $25,000 per objector sufficient to cover plaintiffs' costs on appeal; reducing amount to $15,000 in light of substantial hardship showing); *Fleury*, 2008 WL 4680033, at

*6-7 (granting a request for a $5,000 appellate bond). The estimate of $15,000 for Rule 39(e) costs is also consistent with the experience of counsel in other appeals. SME Decl. ¶ 11.

Other costs that Plaintiffs will seek when they prevail on appeal include interest on the settlement cash fund due to Class claimants. A reasonable method for calculating the estimated interest on the $1,070,795 million in cash slated for disbursement in this case would be to use the current applicable interest rate of 0.332%[5] for 24 months, which is a conservative estimate of the length of time it will take to resolve a class action appeal.[6] This calculation yields estimated interest of $7,110.[7]

Thus, while Plaintiffs would be justified in seeking a bond in excess of $22,000, Plaintiffs seek only a very modest bond of $20,000. This amount is sufficient to cover Plaintiffs' hard costs associated with the appeal, is supported by all relevant and controlling case law and should be granted.

## IV. CONCLUSION

For the reasons set for above, Plaintiffs respectfully request this Court grant Plaintiffs' motion requiring Objector Ameen to post an appellate bond of at least $20,000.

---

[5] The applicable interest rate is equal to "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. According to the Federal Reserve's website, for the week ended July 31, 2015, this rate was 0.332%. See http://www.federalreserve.gov/releases/h15/data.htm.

[6] The Frequently Asked Questions section of the Ninth Circuit's website indicates that decisions on appeals are usually rendered between 15-32 months from when the appeal is filed. See http://www.ca9.uscourts.gov/content/faq.php (Question Nos. 17 and 18).

[7] $1,070,795 x .00332 x 24/12 = $7,110

232868 - 10 - CASE NO. SACV10-711 DOC (ANX)
NOTICE OF MOTION AND
MOTION FOR APPEAL BOND

Dated: September 9, 2015   Respectfully submitted,

EPPSTEINER & FIORICA ATTORNEYS, LLP

/s/ *Stuart M. Eppsteiner*
_____
By: Stuart M. Eppsteiner (SBN 098973)
Andrew J. Kubik (SBN 246902)
EPPSTEINER & FIORICA ATTORNEYS, LLP
12555 High Bluff Dr., Ste. 155
San Diego, CA 92130
858.350.1500

Nimish R. Desai (SBN 244953)
ndesai@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Daniel C Levin, *pro hac vice*
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street Suite 500
Philadelphia, PA 19106
215.592.1500

*Attorneys for the Class*