| | |
|---|---|
| 1 | Stuart M. Eppsteiner (SBN 098973)<br>sme@eppsteiner.com |
| 2 | Andrew J. Kubik (SBN 246902)<br>ajk@eppsteiner.com |
| 3 | EPPSTEINER & FIORICA<br> ATTORNEYS, LLP |
| 4 | 12555 High Bluff Dr., Ste. 155<br>San Diego, CA  92130 |
| 5 | 858.350.1500 |
| 6 | Jason L. Lichtman, *pro hac vice*<br>LIEFF CABRASER HEIMANN & |
| 7 | BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor |
| 8 | New York, NY  10013-1413<br>212.355.9500 |
| 9 | *Attorneys for Plaintiffs and the Settlement Class* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SHARON COBB, et al., individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>BSH HOME APPLIANCES CORPORATION, a Delaware Corporation, | Case No.  SACV10-711 DOC (ANx)<br><br>**DECLARATION OF STUART M. EPPSTEINER IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR APPEAL BOND**<br><br>Date:  October 19, 2015<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br><br> Judge:     David O. Carter |

232645

I, Stuart M. Eppsteiner, declare as follows:

1. I am an attorney at law and a member in good standing of the State Bars of California and Colorado. I am admitted to practice in the United States District Courts for the Northern, Central, Eastern and Southern Districts of California, and of the United States Court of Appeals for the Ninth Circuit.[1] I am a partner at Eppsteiner & Fiorica Attorneys, LLP, lead counsel for Plaintiffs and the Class in the above-captioned matter. I submit this Declaration in support of Class Plaintiffs' Motion for Appeal Bond. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. On August 31, 2015, I spoke with Objector Bobby Ameen's counsel, Scott Kron ("Kron"). I told him I was calling to meet and confer with him about a motion to have Objector Bobby Ameen post an appeal bond.

3. I described to Kron that Objector Ameen's appeal is without merit, and that Mr. Ameen has an active construction business and owns property that should enable him to pay the bond.

4. Kron challenged Ameen's ability to pay; stating that just because he Ameen owns a business, does not mean he makes a lot of money, but Kron did not provide any details or offer to prove Ameen's inability to pay through the production of financial statements.

5. I asked Kron to address why he thought his client's appeal was meritorious. He told me he had nothing to add beyond the reasons stated in his client's objection.

6. I told Kron that the settlement was fair and reasonable because after spending $2 million to investigate the claims, and prepare and pay for liability and damage experts, Plaintiff assessed that prevailing on the merits and damages was

---

[1] Additional information about my background, experience and qualifications is stated in my declaration submitted in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Dkt. 363-4.

uncertain. I also explained that our most likely per-class member recover was around $113 per machine and the settlement paid almost 50% to qualifying claimants.

7. I told him our fee and cost application was fair and reasonable because after the Court considered our individual billing records it reduced them by a very minor amount, nothing approaching the 55% reduction Class Counsel had been awarded.

8. Kron stated he had no explanation as to why Class Counsel's fee award was unreasonable other than what was stated in Ameen's original objection.

9. I told Kron that Plaintiffs would seek a $20,000 appeal bond. Kron stated he would oppose the motion.

10. It is my experience that Rule 39(e) costs on an appeal can be in the range of $15,000 - $20,000.

11. Attached hereto as **Exhibit 1** are true and correct copies of transcript excerpts from the May 20, 2015 deposition of Bobby Ameen which I attended.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Diego, California on September 9, 2015.

Stuart M. Eppsteiner, Esq.

# EXHIBIT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

SHARON COBB, et al.,
individually and on behalf
of all others similarly
situated,

        Plaintiffs,

vs.

BSH HOME APPLIANCES
CORPORATION, a Delaware
Corporation,

        Defendants.

Case No. 8:10-cv-00711-DOC-AN

VIDEOTAPED DEPOSITION OF BOBBY AMEEN

Wednesday, May 20, 2015

9:04 a.m.

575 Anton Boulevard, Suite 400

Costa Mesa, California

REPORTED BY:

Becky J. Parker

CSR No. 8504, RPR

Bobby Ameen
May 20, 2015

```
 1    APPEARANCES:

 2

 3        For Plaintiffs:

 4            KRISTEN LAW SAGAFI
              LIEFF CABRASER HEIMANN & BERNSTEIN
 5            275 Battery Street, 29th Floor
              San Francisco, California 94111
 6            415.956.1000
              ksagafi@lchb.com
 7

 8            STUART M. EPPSTEINER
              EPPSTEINER & FIORICA ATTORNEYS, LLP
 9            12555 High Bluff Drive, Suite 155
              San Diego, California 92130
10            858.350.1500
              sme@eppsteiner.com
11

12        For Defendants:

13            SARAH CONWAY
              JONES DAY
14            555 South Flower Street, Fiftieth Floor
              Los Angeles, California 90071
15            213.489.3939
              sgconway@jonesday.com
16

17        For the Objector:

18            SCOTT A. KRON
              KRON & CARD LLP
19            23421 South Pointe Drive, Suite 280
              Laguna Hills, California 92653
20            949.367.0520
              scott@kronandcard.com
21

22        Also Present:

23            CHRISTOPHER VASI, Videographer

24

25
                                                          2
```

Bobby Ameen
May 20, 2015

```
 1                    INDEX TO EXAMINATION
 2
 3              WITNESS:   BOBBY AMEEN
 4  EXAMINATION
                                                    PAGE
 5
    By Ms. Sagafi                                      6
 6
    By Ms. Conway                                    115
 7
 8
 9
10
11          WITNESS INSTRUCTED NOT TO ANSWER
12              Page       Line
13               71         17
14
15
16
17
18
19
20
21
22
23
24
25
                                                        3
```

INDEX TO EXHIBITS

BOBBY AMEEN

Sharon Cobb, et al., vs. BSH Home Appliances Corporation

Wednesday, May 20, 2015

Becky J. Parker, CSR No. 8504, RPR

| MARKED | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Objections to Proposed Class Action Settlement | 76 |
| Exhibit 2 | Settlement Agreement and Release | 98 |
| Exhibit 3 | Template Postcard Notice | 100 |
| Exhibit 4 | Template Email Notice | 101 |
| Exhibit 5 | Template Postcard Notice | 101 |
| Exhibit 6 | Publication Notice from National Geographic Magazine | 102 |
| Exhibit 7 | Long Form Notice of Proposed Settlement | 103 |

4

Bobby Ameen
May 20, 2015

```
 1     A.    And before the end of the year.
 2     Q.    You said you bought it at Lowe's?
 3     A.    Uh-huh.
 4     Q.    Was anyone with you when you went to look at
 5  it?
 6     A.    No.  Just the Lowe -- Lowe's pro services rep.
 7     Q.    But you didn't take a family member or a
 8  friend?
 9     A.    No.
10     Q.    Who paid for it?
11     A.    I did.
12     Q.    By what means?
13     A.    Probably credit card or check.
14     Q.    Do you have a record of that purchase?
15     A.    I probably do.  I did look for it.  Didn't find
16  it.  But I can find it.
17     Q.    What is the property address where the washer
18  is currently located?
19     A.    24771 Tabuenca, T-A-B-U-E-N-C-A, Mission Viejo,
20  92692.
21     Q.    Is that where you live?
22     A.    Yes.
23     Q.    Have you lived at that address during the
24  entire time that the BSH washer has been installed
25  there?
```

13

Bobby Ameen
May 20, 2015

1  any experience representing consumers as plaintiffs in
2  class action?
3           MR. KRON:  Objection.  Calls for speculation.
4           THE WITNESS:  I don't.
5  BY MS. SAGAFI:
6       Q.   You don't know?
7       A.   I don't know.
8       Q.   Do you have any legal training yourself?
9       A.   No, but I've read enough contracts.  As a
10 business owner, you sign a lot of things throughout the
11 day.  So I constantly have to read what I'm signing.
12      Q.   Let's take a look at a document here.  Where is
13 it?  Let's mark this as Exhibit 1, please.
14          (Exhibit 1 marked)
15          MS. SAGAFI:  I should have copies for you guys.
16 I'm working with the objections.
17          MR. EPPSTEINER:  I have one.
18          MR. KRON:  Here's your copy.
19 BY MS. SAGAFI:
20      Q.   Mr. Ameen, take a look at the document that's
21 been marked as Exhibit 1 to your deposition.
22          Do you recognize it?
23      A.   Yes.
24      Q.   What is it?
25      A.   It's my objection to the settlement.

76

```
 1        Q.    How many times?

 2        A.    I think it was 2010 once.

 3        Q.    What was the occasion?

 4        A.    I bought a house.  I was soliciting free help

 5   from probably about two dozen friends, and my lawyer

 6   shows up, my business partner shows up, my twin brother

 7   shows up.

 8        Q.    Has Mr. Kron ever represented you in

 9   litigation?

10        A.    In legal matters.  I don't think we've ever had

11   to litigate a matter.

12        Q.    What sorts of legal matters has he represented

13   you in before?

14        A.    Business matters.  Personal matters.

15   Trademark, I believe.  Somebody using our trademark.

16        Q.    What were the sorts of business matters that he

17   represented you in?

18        A.    Collections.  Contracts.  Construction.

19   Business dealings with other business owners.

20   Negotiations.  Lease negotiations.  I don't know.  So

21   many.

22        Q.    And I think you told me, but remind me, please,

23   if you would, when you first engaged Mr. Kron as your

24   lawyer on an ongoing basis.

25              MR. KRON:  Objection.  Asked and answered.
```

85

```
1         THE WITNESS:  I think it was '06, '07.  Maybe
2    '07, '08.  Pretty much when my business started, we
3    needed to lawyer up for an issue with -- I think a
4    mechanic's lien was the first issue.
5    BY MS. SAGAFI:
6         Q.   And what was the time frame of that issue?
7         A.   One of those years.  It's so long ago, I don't
8    know what specific year we formally said we need to lien
9    a property that wasn't paying.
10        Q.   I see.  That's fine.  And you said that he's
11   represented you in the past in personal matters?
12        A.   Uh-huh.
13        Q.   What did you mean by that?
14        A.   Telling me my will was not right.
15        Q.   Anything else?
16        A.   Probably other things.  I'm just not recalling.
17        Q.   You mentioned a trademark dispute?
18        A.   Uh-huh.
19        Q.   Mr. Kron represented you in a trademark
20   dispute?
21        A.   Uh-huh.  Yes.
22        Q.   Do you recall the time frame of that?
23        A.   Probably in those years, '06, '07, '08.
24        Q.   Do you have a criminal record?
25        A.   I was arrested once in Lake Havasu for underage
```

86

Bobby Ameen
May 20, 2015

```
 1   STATE OF CALIFORNIA    )
                            )
 2   COUNTY OF ORANGE       )

 3

 4           I, Becky J. Parker, a Certified Shorthand

 5   Reporter, do hereby certify:

 6           That prior to being examined, the witness in

 7   the foregoing proceedings was by me duly sworn to

 8   testify to the truth, the whole truth, and nothing but

 9   the truth;

10           That said proceedings were taken before me at

11   the time and place therein set forth and were taken down

12   by me in shorthand and thereafter transcribed into

13   typewriting under my direction and supervision;

14           I further certify that I am neither counsel

15   for, nor related to, any party to said proceedings, nor

16   in any way interested in the outcome thereof.

17           In witness whereof, I have hereunto subscribed

18   my name.

19

20   Dated:  May 21, 2015

21

22           _____

23           Becky J. Parker
             CSR No. 8504, RPR
24

25

                                                         167
```